UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER OF
FORESTERS,

    Defendant.
_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Digna Vinas ("Vinas"), pursuant to Fed. R. Civ. P. 15(a)(2) and S.D. Fla. L.R. 15.1, hereby moves to amend her Complaint. A copy of the prepared Amended Complaint is annexed hereto as Exhibit "A". In support of Vinas' Unopposed Motion for Leave to Amend Complaint, Vinas states as follows:

### INTRODUCTION AND ARGUMENT

1. The gravamen of the instant complaint (D.E. 1) is an action for Defendant's breach of the life insurance policy ("subject policy") which Defendant issued to Rigoberto Vinas and a declaratory judgment action seeking a declaration that the subject policy was in full force and effect and Digna Vinas is entitled to be paid the death benefits as the sole beneficiary of the subject policy.

2. Vinas seeks leave to file an Amended Complaint to add a claim for consequential damages. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party, and the court "should

freely give leave" to amend a complaint "when justice so requires." Moreover, "timely motions to amend are held to a very liberal standard." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1318 (M.D. Fla. 2010). This Court noted that its discretion to deny a motion to amend is "severely circumscribed. . . [and] limited by the principle embodied in Federal Rule of Civil Procedure 15(a) that leave shall be freely given. . . and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Yamashita v. Merck and Company, Inc., 2012 WL 488030 at *1 (S.D. Fla. Feb. 14, 2012); Forman v. Davis, 371 U.S. 178 (1962).

3. In Forman v. Davis, the Supreme Court indicated that a court should deny leave to amend a pleading only when:

> (1) amendment would be prejudicial to the opposing party,
> (2) there has been bad faith or undue delay on the part of the moving party or
> (3) the amendment would be futile.

Id. at 182. Justice requires permitting Vinas to amend her complaint because she has and continues to suffer consequential damages caused by Defendant's failure to pay Vinas the full amount of life insurance benefits under the subject life insurance policy. Vinas is now facing defense of collection actions against her as well as accruing interest on debts she would have been able to timely pay but for Defendant not paying the death benefits under the subject policy.

4. Here, the Amended Complaint is not filed in a dilatory fashion. This is the first time Vinas has sought to amend the Complaint (D.E. 1) and the requested amendment is timely in accordance with this Court's Scheduling Order. (D.E. 21). Discovery has not been been completed and allowing Vinas to add a claim for consequential damages will not

2

prejudice the Defendant. Furthermore, granting leave to include the claim for consequential damages also serves the general policy behind Rule 15(a) favoring resolution of cases on their merits.

## CONCLUSION

For the foregoing reasons, Plaintiff, Digna Vinas, respectfully requests this Honorable Court to grant this Motion for Leave to file her First Amended Complaint.

### S.D. Fla. L.R. 7.1(a)(3) Certificate

Undersigned counsel certifies that counsel for Defendant has been contacted with respect to the relief requested herein and is authorized to represent that the Defendant does not oppose the relief requested herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2019, the undersigned certifies that the foregoing document is being served this date to Kristina B. Pett, Esq., Riley F. Kennedy, Esq., McDowell Hetherington LLP, 2101 N.W. Corporate Blvd. Suite 316, Boca Raton, FL 33431, kristina.pett@mhllp.com, riley.kennedy@mhllp.com.

    KRAMER, GREEN, ZUCKERMAN,
    GREENE & BUCHSBAUM, P.A.
    Co-Counsel for Plaintiff
    4000 Hollywood Blvd., Suite 485-S
    Hollywood, FL 33021
    (954)966-2112 – phone; (954)981-1605- fax

By:     /s/ Craig M. Greene
    Craig M. Greene, Esq.
    Fla. Bar No. 618421
    cgreene@kramergreen.com

3

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com

4

KRAMER, GREEN, ZUCKERMAN, GREENE & BUCHSBAUM, P.A.
PRESIDENTIAL CIRCLE • 4000 HOLLYWOOD BOULEVARD • SUITE 485 SOUTH • HOLLYWOOD, FL 33021 • BROWARD 954 / 966-2112 • MIAMI-DADE 305 / 374-4382 • FAX 954 / 981-1605