UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER OF
FORESTERS,

    Defendant.
_____/

**PLAINTIFF/COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Plaintiff/Counter-Defendant, Digna Vinas ("Plaintiff" or "Vinas"), by and through her undersigned counsel, and hereby files her Answer and Affirmative Defenses to Defendant/Counter-Plaintiff, The Independent Order of Foresters' ("Defendant" or "Foresters") Counterclaim (D.E. 34) in response to Plaintiff's Amended Complaint (D.E. 33) and states:

**Answer to Counterclaim in Response to Plaintiff's Amended Complaint**

Plaintiff denies all allegations of Foresters' Counterclaim other than the allegations contained in the following paragraphs, which Plaintiff specifically admits: 2, 3, 7, 12–14, and 16.

### Affirmative Defenses to Counterclaim in Response to Plaintiff's Amended Complaint

### First Affirmative Defense

1. "Where an insurer is on notice that it must itself make further inquiries about an insured's health, it is bound by what a reasonable investigation would have showed." Cox v. Am. Pioneer Life Ins. Co., 626 So. 2d 342, 246 (Fla. 5th DCA 1993). On or about January 12, 2015, Rigoberto Vinas ("Decedent") submitted to Defendant an application for life insurance. Immediately thereafter, Defendant made further inquiry about Decedent's health. Defendant is therefore bound by what a reasonable investigation would have showed. As a reasonable investigation would have revealed whatever Defendant claims was "misrepresented," no such misrepresentation took place.

### Second Affirmative Defense

2. "Where an insurer is on notice that it must itself make further inquiries about an insured's health, it is bound by what a reasonable investigation would have showed." On or about January 12, 2015, Rigoberto Vinas ("Decedent") submitted to Defendant an application for life insurance. Immediately thereafter, Defendant made further inquiry about decedent's health. Defendant is therefore bound by what a reasonable investigation would have showed. By approving the Application with the knowledge of Decedent's medical history that a reasonable investigation would have revealed and subsequently accepting the payment of premiums, Defendant waived the right to rescind the policy.

**Third Affirmative Defense**

3. The standard for truthfulness as to the application at issue is whether Decedent answered the questions to the best of his knowledge and belief. Decedent's answers met this standard of truthfulness and as such do not constitute misstatements within the meaning of section 627.409, Florida Statutes (1993), and therefore cannot provide the grounds for an insurer's rescission of an insurance policy.

WHEREFORE, Plaintiff/Counter-Defendant, Digna Vinas, seeks the following:

a) Payment of the full amount of life insurance benefits due under the Policy.

b) A Declaration that Rigoberto Vinas' Policy was in full force and effect and is valid and enforceable.

c) A Declaratory Decree by the Court interpreting those portions of the Policy in which the parties have an actual dispute.

d) Attorney's fees, costs and other such relief as this Court deems just and proper under Fla. Stat. §627.428 or other Florida Statute providing for attorney's fees.

e) Pre and Post-judgment interest on the total damages including the Insurance Policy benefits and attorney's fees at the present statutory rate from the date Rigoberto Vinas died through the date this Court enters Judgment.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2019, the undersigned electronically filed the foregoing document with the clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this date to Kristina B. Pett, Riley

Kennedy, Esq., McDowell Hetherington LLP, 2101 N.W. Corporate Blvd. Suite 316, Boca Raton, FL 33431, kristina.pett@mhllp.com, riley.kennedy@mhllp.com.

        KRAMER, GREEN, ZUCKERMAN,
        GREENE & BUCHSBAUM, P.A.
        Co-Counsel for Plaintiff
        4000 Hollywood Blvd., Suite 485-S
        Hollywood, FL  33021
        (954) 966-2112 – phone
        (954) 981-1605 - fax

By:     /s/ Craig M. Greene
        Craig M. Greene, Esq.
        Fla. Bar No. 618421
        cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com