UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER OF
FORESTERS,

    Defendant.
_____/

### PLAINTIFF'S RULE 12(f) MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Digna Vinas ("Vinas"), by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves to strike Defendant, The Independent Order of Foresters' ("Defendant") affirmative defenses (D.E. 34) filed along with its Answer to the Amended Complaint (D.E. 33) and in support states as follows:

### Introduction and Summary of Argument

The gravamen of the Amended Complaint is an action for Defendant's breach of a life insurance policy ("Subject Policy") which Defendant issued to Rigoberto Vinas and a declaratory judgment action seeking a declaration that the Subject Policy was in full force and effect. In response to Vinas' Amended Complaint, Defendant has filed numerous putative affirmative defenses. This Motion is filed because the affirmative defenses are not so and are instead either a series of denials and legal conclusions/theories without sufficient (and in some cases any) factual support tying them to the present case, or are just a repetition of

Defendant's Counterclaim. Both deficiencies call for the Affirmative Defenses to be stricken or declared by this Court to be mere denials.

## Legal Standard

Rule 12(f) "permits a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" The Macknight Food Grp., Inc. v. The Santa Barbara Smokehouse, Inc., No. 15-21179-CIV, 2015 WL 6380644, at *1 (S.D. Fla. Oct. 22, 2015) (Cooke, J.) (quoting FED. R. CIV. P. 12(f)). "A court has 'broad discretion' when it considers a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure." Id. (quoting Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005)). "[W]eeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues [that] can be seen to have no bearing on the outcome." Allen v. Goard, No. 14-61147-CIV, 2014 WL 11776965, at *2 (S.D. Fla. Sept. 5, 2014) (citation omitted).

It is further appropriate to "weed out" an affirmative defense if it is "insufficient as a matter of law." Id. (citation omitted.) "A defense is insufficient as a matter of law if, on the face of the pleadings, if it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citation omitted). The standard that a defendant must satisfy when a litigant challenges the sufficiency of an affirmative defense is the same that a plaintiff must satisfy to withstand a Rule 12(b)(6) motion to dismiss. See, e.g., In re Checking Account Overdraft Litig., 307 F.R.D. 630, 650 (S.D. Fla. 2015) ("Affirmative defenses must meet the pleading standards in Iqbal and Twombly."); Cortes v. Am. Airlines, Inc., No. 1:11-24244-CIV, 2012 WL 12865845, at *3 (S.D. Fla. July 2, 2012) (Turnoff, M.J., referred by Cooke, J.) (holding that

2

the factual allegations of an affirmative defense "must be enough to raise a right of relief above the speculative level").

Even without reference to a technical "standard" it is clear that "[t]hreadbare recitals of the elements of an affirmative defense, supported by mere conclusory statements, do not suffice." Palms of Pembroke Condo. Ass'n, Inc. v. Glencoe Ins., Ltd., No. 13-62202-CV-KAM, 2014 WL 11706422, at *1 (S.D. Fla. Sept. 2, 2014) (internal quotation marks and brackets omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "To state an affirmative defense, a defendant cannot rely on naked assertions devoid of further factual enhancement." Id. (internal quotation marks and brackets omitted) (quoting Iqbal, 556 U.S. at 678).

"Although an affirmative defense does not require detailed factual allegations, the defendant must give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests." Id. (citation omitted). "An affirmative defense that is no more than a bare bones conclusory allegation . . . must be stricken." Id. (internal quotation marks and brackets omitted) (quoting Losada v. Norwegian (Bahamas) Ltd., 296 F.R.D. 688, 690 (S.D. Fla. 2013)). In other words, the law requires sufficient facts that the Plaintiff is not guessing at how the affirmative defense applies to the specifics of the case/claim, at hand.

### Argument

### The Court Should Strike the Sixth and Eighth Affirmative Defenses Because the Defenses are Conclusory Allegations without Sufficient/Any Facts.

Defendant plead the following Sixth and Eighth affirmative defenses:

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of merger and the terms of the Application and Diabetes Questionnaire and the Certificate.

### Eighth Affirmative Defense

Plaintiff's alleged losses are subject to and barred by all terms and conditions of the Certificate, including the Diabetes Questionnaire.

(D.E. 34, p. 5).

The Defendant failed to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the standards set forth above because it has not alleged the requisite facts to support the elements of the defenses. "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations, an excuse, justification, or other negating matter." Watkins Underwriters at Lloyd's Syndicate, 457 v. Blue Illusions Limited, No. 17-202-civ-Graham, 16-25024-civ-Graham, 2017 WL 7792604, at *2 (S.D. Fla. July 17, 2017) (citation omitted). Both of the above defenses allege that Plaintiff's claims are barred by the terms and conditions of the "Certificate, Application and Diabetes Questionnaire"; however, simply referencing these insurance policy documents does not meet the necessary pleading standards. ". . .[C]onclusory allegations that do not assert sufficient factual basis for their allegations . . . are therefore insufficient as a matter of law." MPSA Claims 1, LLC v. Infinity Auto Insurance Company, No. 15-21504-Civ-King/Torres, 2017 WL 10402992, at *4 (S.D. Fla. August 9, 2017).

In Watkins Underwriters, the court properly struck similar affirmative defenses which consisted of conclusory allegations based on the terms of an insurance policy. Id. at *3. There, the insurer's deficient defense asserted that the "counterclaim is barred by the clear

4

and unambiguous terms of the policy." Id. The affirmative defense language found to be lacking in Watkins appears remarkably similar to the Defendant's eighth affirmative defense claiming that Plaintiff's losses are "…barred by all the terms and conditions of the Certificate, including the Application and Diabetes Questionnaire". (D.E. 34, p. 5).

The sixth affirmative defense alleges that the Plaintiff's claims are barred by the "Doctrine of Merger". This bare legal conclusion does not provide sufficient/any facts to support its conclusory allegations. Instead, Defendant simply couches the conclusory allegations with vague references to the "terms and conditions" of the policy documents (D.E. 34, p. 5) without referring to how the defense applies to the facts of case. Simply mentioning the terms and conditions of the policy documents without any more specificity is not sufficient.

In Palms of Pembroke Condominium Association, Inc., discussed *supra*, the court struck an affirmative defense which failed to "provide fair notice of the particular terms, conditions ... of the policy that apply." Id. at *2. (Emphasis added). There, the court rejected the defendant's argument that it identified the relevant policy provisions in the counterclaim portion of its answer [because] copying contractual language into another portion of a pleading does not satisfy Fed. R. Civ. P. 8(a)." Moreover, the above general defenses do not identify which specific count of the Amended Complaint the defenses are addressing. See Tsavaris v. Pfizer, Inc. 310 F.R.D. 678, 682 ("A court must not tolerate shotgun pleading or affirmative defenses and should *strike vague and ambiguous defenses which do not respond to any particular count. . .*") (quoting Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp.2d 1314,1318 (S.D. Fla. 2005) (Emphasis added). Accordingly, the sixth and eighth affirmative defenses should be stricken for failing to provide the required factual allegations.

## The Defendant's Fifth, Ninth and Tenth Affirmative Defenses are Denials and Not Legitimate Affirmative Defenses.

The Defendant pled the following Fifth, Ninth and Tenth affirmative defenses:

### Fifth Affirmative Defense

Defendants deny that it or any of its agents breached any duty or obligation allegedly owed to plaintiff.

### Ninth Affirmative Defense

While plaintiff is not entitled to any relief in this action, plaintiff is additionally not entitled to declaratory or other equitable relief because the declaratory relief claims are duplicative of the breach of contract action.

### Tenth Affirmative Defense

While plaintiff is not entitled to any relief in this action, plaintiff is additionally not entitled to consequential damages because plaintiff has not, and cannot, prove that the alleged consequential damages were within contemplation of the parties at time the plaintiff alleges that a contract was formed.

(D.E. 34, p. 5).

The fifth affirmative defense is unequivocally a mere denial that the Defendant breached any duty. The defense plainly states, "Defendants *deny* that it or any of its agents breached any duty. . . " (D.E. 34, p. 5) (Emphasis added). "Affirmative defenses that simply deny the complaint's allegations are not affirmative defenses." Id. at *2. Furthermore, the fifth affirmative defense is also redundant because the Defendant denied the Amended Complaint allegations as to the Defendant's breach of duty in its Answer to the Amended Complaint. (D.E. 34, ¶14). Accordingly, it simply is not an affirmative defense and should properly be stricken.

The ninth and tenth affirmative defenses are also denials which state that the Plaintiff "is <u>not entitled to any relief</u> in this action. . . ." (D.E. 34., p. 6). (Emphasis added). While Defendant's ninth affirmative defense is not terribly clear, Defendant appears to be challenging the elements of the declaratory relief count. Challenging the pleading of the Amended Complaint is proper on a motion to dismiss; however, it is not a proper affirmative defense. See <u>MSPA Claims 1, LLC v. Infinity Auto Insurance Company</u>, at *4, discussed <u>infra</u>. There, the district court reasoned that an affirmative defense which "... attacks the Plaintiff's prima facie case rather than alleging facts or raising new argument is not a true affirmative defense."

The tenth affirmative defense is also a redundant general denial and a challenge to evidence wherein the Defendant alleges that "... plaintiff <u>has not, and cannot, prove</u> that the alleged consequential damages were within contemplation of the parties at time the plaintiff alleges that a contract was formed." (D.E. 34, p.6). (Emphasis added). "A defense that simply points out a <u>defect or lack of evidence</u> in the plaintiff's case is not an affirmative defense. " <u>Adams v. Jump Start Wireless Corporation</u>, 294 F.R.D. 668, 671 (S.D. Fla. 2013). As such, the tenth affirmative defense is <u>not</u> an affirmative defense and should be stricken.

Moreover, like the fifth defense the Defendant's denials as stated in their ninth and tenth affirmative defense are redundant because the denials of the claims were already asserted in the Answer to the Amended Complaint (D.E 34, p. 5). In <u>Palms of Pembroke</u>, the court reasoned that an affirmative defense which is a specific denial can also be stricken as redundant under Rule 12(f) if the complaint allegations addressed in the affirmative defense were already denied in the answer. <u>Id.</u> at *2. Here, the allegations denied in the affirmative

7

defenses are included in the Defendant's Answer. Accordingly, the fifth, ninth and tenth are not affirmative defenses and should be treated as denials and stricken.

<b><u>The Seventh Affirmative Defense Should Be Stricken<br>Because it is Invalid as a Matter of Law and Unsupported by any<br>Factual Allegations Making it Applicable to this Case</u></b>

Defendant pled the following Seventh affirmative defense:

> Plaintiff's claims are barred, in whole or in part, by the parol evidence rule because the written terms of the Certificate, Application and Diabetes Questionnaire control.

(D.E. 34, p. 5).

This affirmative defense should be stricken for two separate reasons. First, "[a] defense is insufficient as a matter of law if, on the face of the pleadings, it is either patently frivolous, or if it is <u>clearly invalid as a matter of law</u>." <u>V/G Investment, Inc. v. M/V Pacific II</u>, No. 12-20543-Civ-, 2012 WL 3064097 at *1 (S.D. Fla. July 27, 2012) (quoting <u>Romero v. S. Waste Sys., LLC</u> 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (internal quotation marks and citations omitted) (Emphasis added). In the seventh affirmative defense Defendant alleges that the Plaintiff's claims are barred by the "parol evidence rule because the written terms of the Certificate, Application and Diabetes Questionnaire control". (D.E. 34, p. 5). Accordingly, the Defendant relies on the application documents of the present life insurance policy to support its parol evidence rule defense. Under substantive Florida law[1], however, the parol evidence <u>rule does not apply to insurance applications</u>.

---

[1] Despite its name the parol evidence rule is a matter of Florida substantive law. <u>MCC-Marble Ceramic Ctr., Inc., v. Ceramica Nuova d'Agostino, S.p.A.</u>, 144 F.3d 1384, 1388–89 (11th Cir. 1998).

In Beneby v. Midland Nat. Life Ins. Co., 402 So. 2d 1193 (Fla. 3d DCA 1981), the Third District Court of Appeal analyzed the application of the parol evidence rule in a case with strikingly similar facts to the instant case. There, the plaintiff spouse sued the life insurer for denying him death benefits based on the insurer's claim of material misrepresentations on the life insurance application. Id. The appellate court reversed the summary judgment entered in favor of the life insurer and reasoned,

> [w]e commence our analysis of this decision by observing that the parol evidence rule does not apply to insurance applications. 18A Fla.Jur. Insurance s 1010. The trial judge was apparently led into error because this principle was not brought to his attention.

Id. at 1194. (Emphasis added). As the parol evidence rule is legally inapplicable to insurance applications, the seventh affirmative defense is legally insufficient and must be stricken with prejudice as a matter of law. [2]

### This Court Should Strike Defendant's Second, Third and Fourth Affirmative Defenses Because They are Denials which Simply Restate the Various Allegations in its Counterclaim.

The Defendant pled the following Second, Third and Fourth affirmative defenses:

### Second Affirmative Defense

> Plaintiff's claims raised in the amended complaint are barred because Rigoberto Vinas made material misrepresentations in the Application and/or Diabetes Questionnaire for the Certificate which renders Certificate null and void and of no force and effect and Forrester's properly and timely contested and rescinded the Certificate.

---

[2] In addition to the above primary basis for striking this affirmative defense, like with so many of the Defendant's other defenses, the Defendant has again failed to include sufficient facts within to explain to put Plaintiff or this Court on notice of how Plaintiff supposedly violated the parol evidence rule, even if it were legally applicable to this insurance application.

### Third Affirmative Defense

   Forester's timely and properly contested the Certificate with respect to the material misrepresentations and/or omissions made by Rigoberto Vinas and Forresters tendered to plaintiff a refund check in the amount of $11,448.00 for premiums paid under the certificate and, therefore, plaintiff is not entitled to benefits under the Certificate as the Certificate is null and void.

### Fourth Affirmative Defense

   Plaintiff has suffered no damages as a result of the matters alleged in the Amended Complaint as the Certificate was void <u>ab initio</u> a due to the material misrepresentations in the Application and/or Diabetes Questionnaire made by Plaintiff.

(D.E. 34, pp. 4, 5).

A party may move to strike any affirmative defense which is "an insufficient defense or any **redundant**, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). (Emphasis added). The second, third and fourth affirmative defenses are simply not affirmative defenses at all. They are instead allegations taken almost verbatim from Defendant's Counterclaim which make up various elements of their rescission cause of action. These defenses should properly be stricken as being either redundant, denials or redundant denials. Indeed, all three of these purported defenses deny the Plaintiff's claims and <u>then</u> restate that Rigoberto Vinas made material misrepresentations. This is not an "affirmative defense." "An affirmative defense is an assertion by the defendant raising new facts and arguments that, if true, will defeat the plaintiff's claim, even if all allegations in the complaint are true." <u>MSPA Claims 1, LLC</u> at *2. Here, the Defendant is not raising new facts but is simply denying Plaintiff's allegations and restating Defendant's claim that Rigoberto Vinas "made material misrepresentations in the Application and/or Diabetes Questionnaire." (D.E. 34, p. 4).

10

In the second affirmative defense Defendant asserts that "Plaintiff's claims are barred because …Vinas made material misrepresentations." (D.E. 34, p. 4). The language in the second affirmative defense is taken directly from the first affirmative defense. Accordingly, the allegations contained in the second affirmative defense is unquestionably redundant and should be stricken. The same allegations regarding misrepresentations appear in the third affirmative defense as well. There, the Defendant once again alleges that Plaintiff "<u>is not entitled to benefits</u>" due to material misrepresentations. (D.E. 34, p. 5). (Emphasis added). Accordingly, the third affirmative defense is a denial along with a redundant recital of the Defendant's misrepresentation claim and should properly be stricken.

In the fourth affirmative defense, the Defendant alleges, "Plaintiff has suffered <u>no damages as a result of the matters alleged in the Amended Complaint.</u>" (D.E. 34, p. 5). (Emphasis added). The fourth defense is again merely a denial of the Amended Complaint allegations and like the preceding defenses, a recital of the misrepresentation claim which appears in the first four affirmative defenses. The restatement of the misrepresentation claim in the second, third and fourth affirmative defenses renders all three impermissibly redundant and subject to striking under the plain language of Fed. R. Civ. P. 12(f).

### Conclusion

Pursuant to Federal Rule of Civil Procedure 12(f) and the case law interpreting it, Plaintiff respectfully requests the Court to grant this Motion to Strike Defendant's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses and award any and all further relief this Court deems just and proper.

**CERTIFICATE OF COMPLIANCE WITH S.D. Fla. L.R. 7.1(a)(3)**

Undersigned counsel certifies that counsel for Defendant has been contacted with respect to the relief requested herein and is authorized to represent that the Defendant opposes the relief requested herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15th, 2019, the undersigned certifies that the foregoing document is being served this date to Kristina B. Pett, Esq., Riley F. Kennedy, Esq., McDowell Hetherington LLP, 2101 N.W. Corporate Blvd. Suite 316, Boca Raton, FL 33431, kristina.pett@mhllp.com, riley.kennedy@mhllp.com.

KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL  33021
(954) 966-2112 – phone
(954) 981-1605 - fax

By:    /s/ Craig M. Greene
Craig M. Greene, Esq.
Fla. Bar No. 618421
cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com