UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

        Plaintiff/Counter Defendant,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

        Defendant/Counter Plaintiff/

**DEFENDANT'S MOTION TO OVERRULE PLAINTIFF'S SUBPOENA OBJECTIONS AND RESPONSES TO DEFENDANT'S WRITTEN DISCOVERY**

Defendant, The Independent Order of Foresters ("Foresters"), pursuant to the Court's Order (Doc. 58), moves to compel responses to non-party subpoenas and responses to its Request for Production ("RFPs") 1, 4-6, 10, 17-18, 21, and Interrogatories ("ROGs") 5-6, 13, 15-17, 20-22. In support Foresters states:

This is a straightforward rescission action due to the Rigoberto Vinas's[1] ("Mr. Vinas") misrepresentations on a life insurance contract. Simply put, Foresters seeks information regarding Mr. Vinas's medical history and his knowledge of his own medical issue, which Plaintiff has objected to. The seminal issue is whether Mr. Vinas made material misrepresentations during the application process, which requires discovery of his medical history and the extent of his knowledge of his medical condition. Foresters has propounded ROGS (**Ex. 1**) and RFPs (**Ex. 2**), and served non-party subpoenas[2] (**Ex. 3**) to various entities, including Mr. Vinas' treating

---

[1] Mr. Vinas is Plaintiff's late husband.
[2] Specifically, Foresters issued subpoenas to: (1) Hershman Medical Center ("Hershman); (2) Humana Inc. ("Humana"); (3) Kendall Regional Medical Center ("Kendall"); (4) LabCorp Tampa ("LabCorp"); (5) Quest Diagnostics Incorporated ("Quest"); and (6) South Florida

physician Dr. Hershman[3] and the laboratories who conducted blood tests as well as United States Life who sold Mr. Vinas a policy in 2012 and whose medical examiner told Mr. Vinas that he had diabetes.

As a brief history, Mr. Vinas applied for life insurance coverage and represented that he had not been diagnosed with, or treated for diabetes, and never had kidney or sensory problems associated with diabetes. Foresters issued the Certificate in reliance on these representations. Mr. Vinas died within two years of the Certificate's issuance. After Plaintiff submitted a claim, Foresters reviewed Mr. Vinas' medical records that were provided to Forester by Plaintiff and found that Mr. Vinas had an extensive history of treatment for diabetes and attendant sensory and kidney issues which was not disclosed. Foresters denied Plaintiff's claim and rescinded the Certificate expressly reserving "all claims and defen[s]es that it may have or further discover." (**Ex. 6**). This action for death benefits under the Certificate followed. See Am. Compl. (Doc. 33). Foresters counter-claimed for rescission of the Certificate. See Answer and Counterclaim (Doc. 34).

The purpose of this discovery is to obtain relevant information concerning the seminal issue in this case, information regarding Mr. Vinas's medical history and his knowledge. See e.g. Standard Insurance Co. v. Charles J. Adelson, Case No. 0:17-cv-62056-WPD, Doc. 37 (March 1, 2019) (order granting motion to compel, inter alia, medical information in rescission of disability policy action). Plaintiff claims that any information which Foresters did not obtain when it denied Plaintiff's claim is irrelevant. **See** Emails (**Ex. 4**) and Written Discovery Communications (**Ex. 5**).

---

Diagnostic Imaging ("S. Florida"). Foresters served Kendall and S. Florida. It is holding the remainder of the subpoenas.
  [3] Plaintiff identified Dr. Hershman in her Rule 26 Disclosures (**Ex. 7**), which underscores the relevance of his records.

Essentially, Plaintiff objects to any discovery about Mr. Vinas' medical history, including the complete records of Dr. Hershman. Instead of moving for a protective order, Plaintiff unilaterally instructed the non-party entities not to comply with the subpoenas, and provided insufficient responses to the written discovery, relying on boilerplate objections and inapplicable case law. Plaintiff has failed to satisfy her burden of establishing that the discovery is irrelevant. Haiser v. MSC Cruises, S.A., 2019 WL 1388641, at *2 (S.D. Fla. Jan. 31, 2019).

Foresters subpoenaed six third-party medical entities and seeks Mr. Vinas's medical files, including but not limited to intake forms, examinations, test results, prescription logs, and office visit notes. These documents bear directly on the accuracy of Mr. Vinas's application responses, and his knowledge of these conditions. That is, whether Mr. Vinas made misrepresentations during the application process, whether Foresters' rescission was appropriate, and whether Foresters breached the Certificate.

In addition to the subpoenas, Foresters seeks all documents that identify or refer to Mr. Vinas's medications (**RFP 4**), health care providers since 2005 (**RFP 5**), and health since 2005 (**RFP 6**). Similarly, Foresters seeks information identifying Mr. Vinas's medications, treatments, and pharmacies (**ROG 5**), medical conditions (**ROG 6**), and whether Mr. Vinas ever applied for disability benefits (**ROG 15**).[4] Not only did Plaintiff object to these requests on the grounds of relevance, but she also incorrectly claims that she is not required to provide Foresters with documents that she previously submitted during the claims process. A party, however is required to produce responsive documents, regardless of whether she provided those documents during an

---

[4] Ordinarily, undersigned would quote verbatim each interrogatory and request for production, the grounds assigned for the objection, and the reasons assigned for supporting the motion in accordance with L.R. 26.1(g). Due to the number of issues in this motion and the page limitations, the discovery requests/interrogatories and objections are attached as exhibits.

underlying claim process. United States v. Kaman Precision Prods., Inc., 2010 WL 11626637 (M.D. Fla. Aug. 13, 2010) ("Discovery produced prior to this lawsuit is irrelevant. Thus, to the extent Defendant relies on the production pursuant to the administrative subpoena, Defendant's response is insufficient and Defendant is directed to fully respond to the request for production in this case."). Further, during the claim process, Plaintiff did not provide all of Dr. Hershman's records, as there are lab reports missing. This raised a question of whether Plaintiff removed records before sending them to Foresters or whether Dr. Hershman provided her with incomplete records.[5] The answer to this question is certainly relevant along with the missing records.

Mr. Vinas's other life insurance applications are also relevant.(**RFP 10**), as they contain information about his medical treatment and knowledge of his medical conditions

Additionally, Plaintiff should be required to explain the basis of her factual allegation that Mr. Vinas answered the application questions to the best of his knowledge (**ROG 20**), that Mr. Vinas's misrepresentations were not material to Foresters' decision to issue the Certificate (**ROG 21**), and that Foresters "improperly interpreted Florida law" (**ROG 22**). Instead of responding, Plaintiff points Foresters to its own claim and underwriting file and deposition transcripts. In fact, Plaintiff has failed to produce a single document. It is impermissible to direct a party to documents, without providing specific citations or additional explanation. Rodriguez v. Whitestone Grp., Inc., 2013 WL 12064494 (S.D. Fla. Mar. 22, 2013) ("The answers provided referencing, without any specific citation or reference, general documents produced in discovery is clearly insufficient. Rule 33(d) is not intended to be used as a 'procedural device' for avoiding

---

[5] For example, on November 10, 2015, Dr. Hershman referred Mr. Vinas for lab work. Additionally, on August 19, 2014, Dr. Hershman indicated that Mr. Vinas is there to review lab tests. However, there are no corresponding lab results in the records Plaintiff provided. **See** Medical Records (**Ex. 8).**

the duty to give information."). Plaintiff also objects to these requests on the grounds of work product. However, Foresters is not asking Plaintiff to divulge her litigation strategy. Rather, Foresters is asking Plaintiff to state, in non-legalese, the factual basis of her allegations.

Plaintiff also provided insufficient responses to **ROGs 16** and **17**. Foresters asked Plaintiff to describe the communications that either she or Mr. Vinas had with Foresters regarding the Application, including communications with Dr. Hershman, who provided a letter on Mr. Vinas's behalf during the application process. Communications with Dr. Hershman are relevant to Mr. Vinas's knowledge of his medical condition. Plaintiff failed to provide any of the requested information in her responses, but simply states that Foresters should be able to infer this from the limited information she provided. Asking a party propounding discovery to figure it out themselves is not responsive. McGinn v. G&K Aluminum, Inc., 2009 WL 10668685 (S.D. Fla. Dec. 17, 2009) (entering an order compelling complete, detailed discovery responses).

Additionally, pleadings, motions, transcripts and depositions, in other lawsuits from 2010 to the present in which Plaintiff or Mr. Vinas was a party (**RFP 17**) are relevant, as are statements that Plaintiff and Mr. Vinas made under oath from period 2005 forward (**RFP 18**). Not only could these documents contain information relevant to this action, this information will shed light on the credibility of Plaintiff and Mr. Vinas

Finally, Foresters seeks discovery concerning Plaintiff's applications for benefits under any other policy insuring Mr. Vinas, as it bears on Plaintiff's alleged damages (**ROG 13**), including her claim for consequential damages, (**RFP 21**) and her efforts to mitigate such damages.

Ultimately, Plaintiff's objections to discovery should be overruled. Accordingly, this Court should enter an Order overruling Plaintiff's objections to Foresters' subpoenas, and compelling better responses to RFPs 1, 4-6, 10, 17-18, 21, and ROGs 5-6, 13, 15-17, 20-22.

**Local Rule 7.1 Certification**

Foresters conferred with Plaintiff's counsel who opposes the relief sought in this Motion.

Dated: March 24, 2020

MCDOWELL HETHERINGTON LLP
Attorneys for Defendant/Counter Plaintiff
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax

By: ___s/Kristina B. Pett
KRISTINA B. PETT
Fla. Bar No. 0973688
kristina.pett@mhllp.com
DANIELLE E. SHURE
Fla Bar No. 118911
danielle.shure@mhllp.com

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com
*Counsel for Plaintiff/Counter Defendant*

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com
*Co-Counsel for Plaintiff/Counter Defendant*

s/Kristina B. Pett
Kristina B. Pett