# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

        Plaintiff/Counter Defendant,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

        Defendant/Counter Plaintiff.

_____/

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, DIGNA VINAS, by and through undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby gives notice that she has served Responses and Objections to Defendant's, THE INDEPENDENT ORDER OF FORESTERS, First Request Set of Interrogatories.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 13, 2020, the undersigned electronically served this date to Kristina B. Pett, Esq., Danielle E. Shure, Esq., McDowell Hetherington LLP, 2101 N.W. Corporate Blvd. Suite 316, Boca Raton, FL 33431, kristina.pett@mhllp.com, Danielle.shure@mhllp.com.

        KRAMER, GREEN, ZUCKERMAN,
        GREENE & BUCHSBAUM, P.A.
        Co-Counsel for Plaintiff
        4000 Hollywood Blvd., Suite 485-S
        Hollywood, FL  33021
        (954) 966-2112 – phone
        (954) 981-1605 - fax

        By:      /s/ Craig M. Greene
        Craig M. Greene, Esq.
        Fla. Bar No. 618421
        cgreene@kramergreen.com

1

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

1.   Describe with particularity your knowledge of any diagnosis, treatment, testing, or consultation with a health care provider of the Decedent relating to diabetes, and secondary kidney or sensory problems.

**ANSWER:   Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  Without waiving said objection Plaintiff states:**

**I am unaware of Rigo ever being diagnosed with, or being treated for, diabetes or any kidney or sensory problems related to diabetes.  The only thing even vaguely related to this topic is when I believe Rigoberto applied for insurance (in around 2012) and had an exam. The examiner for the insurance company told Rigo he had diabetes. Rigo followed up with Dr. Kenneth Hershman, who performed some testing, and told Rigo he did not have diabetes.  At no time prior to my husband's death, am I aware that he was ever told by a medical provider that he had diabetes or secondary kidney or sensory problems.  Further, he was never treated for any such condition by way of medication or insulin for diabetes.  In fact, I understand Dr. Hershman told him he didn't have diabetes.**

2.   For the 10 years preceding January 12, 2015, identify all instances in which the Decedent was diagnosed with, or received treatment or medication, tested positive or had been given medical advice for diabetes of which you are aware.  For each identified instance, please specify the: (a) date; (b) the name of the provider; and (c) the provider's address.

**ANSWER: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:**

**I am unaware of Rigo ever being diagnosed with, or being treated for, diabetes or any kidney or sensory problems related to diabetes.  The only thing even vaguely related to this topic is when I believe Rigoberto applied for insurance (in around 2012) and had an exam. The**

3

examiner for the insurance company told Rigo he had diabetes. Rigo followed up with Dr. Kenneth Hershman, who performed some testing, and told Rigo he did not have diabetes. At no time prior to my husband's death, am I aware that he was ever told by a medical provider that he had diabetes or secondary kidney or sensory problems.  Further, he was never treated for any such condition by way of medication or insulin for diabetes.  In fact, I understand Dr. Hershman told him he didn't have diabetes.

3.    For the 10 years preceding January 12, 2015, identify all instances in which the Decedent was diagnosed with, or received treatment or medication, tested positive or had been given medical advice for kidney problems secondary to diabetes of which you are aware. For each identified instance, please specify the: (a) date; (b) the name of the provider; and (c) the provider's address.

**ANSWER**: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

I am unaware of Rigo ever being diagnosed with, or being treated for, diabetes or any kidney or sensory problems related to diabetes.  The only thing even vaguely related to this topic is when I believe Rigoberto applied for insurance (in around 2012) and had an exam. The examiner for the insurance company told Rigo he had diabetes. Rigo followed up with Dr. Kenneth Hershman, who performed some testing, and told Rigo he did not have diabetes. At no time prior to my husband's death, am I aware that he was ever told by a medical provider that he had diabetes or secondary kidney or sensory problems.  Further, he was never treated for any such condition by way of medication or insulin for diabetes.  In fact, I understand Dr. Hershman told him he didn't have diabetes.

4.    For the 10 years preceding January 12, 2015, identify all instances in which the Decedent was diagnosed with, or received treatment or medication, tested positive or had been given medical advice for sensory problems secondary to diabetes of which you are aware. For each identified instance, please specify the: (a) date; (b) the name of the provider; and (c) the

4

provider's address.

**ANSWER**: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

I am unaware of Rigo ever being diagnosed with, or being treated for, diabetes or any kidney or sensory problems related to diabetes.  The only thing even vaguely related to this topic is when I believe Rigoberto applied for insurance (in around 2012) and had exam. The examiner for the insurance company told Rigo he had diabetes. Rigo followed up with Dr. Kenneth Hershman, who performed some testing, and told Rigo he did not have diabetes.  At no time prior to my husband's death, am I aware that he was ever told by a medical provider that he had diabetes or secondary kidney or sensory problems.  Further, he was never treated for any such condition by way of medication or insulin for diabetes.   In fact, I understand Dr. Hershman told him he didn't have diabetes.

5. For the 10 years preceding January 12, 2015, identify all medications, supplements, or natural or herbal treatments used by the Decedent of which you are aware, and any pharmacies from which the Decedent obtained them. For each item identified, please specify: (a) the name; (b) the time period(s) Decedent used the medication, supplement, and/or natural or herbal treatments; and (c) the reason(s) for the Decedent using the medication, supplement, and/or natural or herbal treatment

**ANSWER**: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present interrogatory which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

Without waiving, and consistent with, the above objections, I am unaware of my husband taking any medications, supplements, natural or herbal treatments related to diabetes or secondary kidney/sensory problems as Rigo was never told he had such conditions.

6.      For the 10 years preceding January 12, 2015, identify any and all medical conditions of which you are aware for which the Decedent was diagnosed, received treatment, or consulted a medical professional or health care provider. For each identified instance, please specify (a) the time period(s) the Decedent suffered from the condition; (b) the name of the provider; and (c) the provider's address.

ANSWER: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

The present interrogatory seeks information related to medical conditions totally unrelated to diabetes or kidney/sensory problems secondary to a diabetes.  As such, it is wholly irrelevant to the claims and defenses in the case and not proportional to the present litigation.

Without waiving, and consistent with, the above objections, I am unaware of my husband being diagnosed with, receiving treatment for, or consulting a medical professional or health care provider about, any specific medical condition other than as addressed in answer to interrogatory number one above.

7.      For the 10 years preceding January 12, 2015, identify all doctors, physicians, therapists, or other health care providers with whom the Decedent consulted of which you are aware. For each individual identified, include: (a) the date(s) the Decedent saw, consulted with, or was treated by the health care professional; (b) the reason for the treatment or consultation; and (c) the health care professional's address.

ANSWER: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag

**Products Liability Litigation**, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (**Foresters Answer Defenses and Counterclaim** D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See **Glatter v. MCS Cruises**, *S.A.*, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); **Viking Yacht Co. v. Affiliated FM Ins. Co.**, 2008 WL 8715540 (S.D. Fla. 2008) citing **F**ood Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting **Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.**, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

The present interrogatory seeks information related to medical conditions totally unrelated to diabetes or kidney/sensory problems secondary to a diabetes.  As such, it is wholly irrelevant to the claims and defenses in the case and not proportional to the present litigation.

Without waiving, and consistent with, the above objection, the only doctor I know Rigo went to was Dr. Kenneth Hershman for regular checkups. I cannot recall the exact dates that he saw Dr. Hershman.

Dr.  Hershman's name and address is: Kenneth Hershman, Hershman Medical Center, 13400 SW 120th St., #300a, Miami, FL 33186.

8.   For the 10 years preceding January 12, 2015, identify any and all occasions in which you accompanied the Decedent to any health care facility for diagnosis, treatment, testing, or consultation, including: (a) the date; (b) the name and address of the health care facility; (c) the name of the treating doctor; and (d) the symptoms resulting in the visit.

**ANSWER**: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See <u>Glatter v. MCS Cruises</u>, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL 8715540 (S.D. Fla. 2008) citing F<u>ood Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

The present interrogatory seeks information related to medical conditions totally unrelated to diabetes or kidney/sensory problems secondary to a diabetes.  As such, it is wholly irrelevant to the claims and defenses in the case and not proportional to the present litigation.

Without waiving, and consistent with, the above objection I did not go with Rigo to his appointments with Doctor Hershman.

9.    Please state, to the best of your knowledge, and in as much detail as possible, the

circumstances surrounding the letter dated January 22, 2015, prepared by Dr. Kenneth Hershman,

and sent to Foresters, indicating that the Decedent was in "good health" and was not taking any

diabetes medication.

**ANSWER**: The letter from Dr. Hershman was obtained at the recommendation of Jasmine, the agent that sold us the Forester policy.

10. Identify all policies of health insurance insuring the Decedent within the 10 years preceding January 12, 2015. For each policy identified, please provide: (a) the name of the insurer(s); (b) the policy number(s); (c) the date(s) of coverage; and (d) whether coverage was provided under a group employer program and, if so, the name of the group employer.

**ANSWER: Objection.** This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation. See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection, Plaintiff states:

Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (<u>Foresters Answer Defenses and Counterclaim</u> D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See <u>Glatter v. MCS Cruises</u>, *S.A.*, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL 8715540 (S.D. Fla. 2008) citing F<u>ood Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

**The present interrogatory asks Plaintiff to provide information totally unrelated to diabetes or kidney/sensory problems secondary to a diabetes.  As such, it is wholly irrelevant to the claims and defenses in the case and not proportional to the present litigation.**

**Without waiving, and consistent with, the above objection, I believe Rigo had a Humana Policy. I do not recall the policy number.**

11.    Identify all life insurance companies to which the Decedent or Plaintiff submitted any application for coverage on the Decedent's life since January 12, 2005. Your answer should include the following information: (a) insurer name and contract information; (b) date of application; (c) amount of life insurance requested; and (d) date of application acceptance or rejection (indicate which).

**ANSWER: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the**

11

claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

More specifically, what other life insurance carriers the Decedent applied to, when, the amount requested and whether the application was accepted or rejected is completely irrelevant to Defendant's denial of coverage here.

Without waiving, and consistent with, the above objection, I believe that sometime in 2012, Rigo applied for insurance. I believe the name of insurance carrier was United States Life Insurance. I cannot recall any additional details.

12.   If the Decedent ever applied for benefits under any life policy, under than the Certificate, please provide: (a) the date(s) of notice of each such claim or application for these benefits; (b) the results of each such claim or application; and (c) the sum(s) of money paid or award for each such claim or application.

**ANSWER: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter**

which does not presently appear germane on the theory that it might conceivably become so."); **Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

**More specifically, what other life insurance carriers the Decedent applied to, when, the amount requested and whether the application was accepted or rejected is completely irrelevant to Defendant's denial of coverage here.**

**Without waiving, and consistent with the above objection, none.**

13.   If You ever applied for benefits under any life policy, other than the Certificate, please provide: (a) the date(s) of notice of each such claim or application for these benefits; (b) the results of each such claim or application; and (c) the sum(s) of money paid or award for each such claim or application.

**ANSWER**: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts**

have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'"); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

More specifically, what other life insurance carriers Mrs. Vinas applied for/to, when, the amount requested and whether the application was accepted or rejected is completely irrelevant to Defendant's denial of coverage here.

14.     Identify all policies of disability insurance insuring the Decedent within the 10 years preceding January 12, 2015. For each policy identified, please provide: (a) the name of the insurer(s); (b) the policy number(s); (c) the date(s) of coverage; and (d) whether coverage was provided under a group employer program and, if so, the name of the group employer.

**ANSWER**: Objection.  This interrogatory is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present interrogatory, which inquires about all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015, is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not

so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

More specifically, what disability insurance the Decedent had is completely irrelevant to Defendant's denial of coverage here.

Without waiving the objection and subject thereto, my late husband had no disability insurance.

15. If the Decedent ever applied for benefits under any disability policy or other insurance policy insuring against disability such as mortgage, auto, or travel insurance; workers' compensation benefits; Social Security disability benefits; unemployment benefits; or pension or retirement benefits in connection with any alleged disability, please provide: (a) the date(s) of notice of each such claim or application for these benefits; (b) the results of each such claim or application; (c) the alleged disability for which each such claim was made; (d) the physician or other health care practitioner who certified each alleged disability; and (d) the sum(s) of money paid or award for each such claim or application.

**ANSWER: Objection. Asked and answered, see response to Interrogatory #14.**

16. Please identify and describe each and every communication, conversation, or meeting You or the Decedent had with Foresters regarding the Application or the Certificate. For each identified communication, please specify: (a) the type of communication; (b) date of each communication; (c) whether the communication was oral or written; (d) the substance of each communication; and whether any documents were exchanged during this communication.

**ANSWER: I spoke with Lisa Buckland who advised that our claim was being denied and that I would receive a letter explaining.**

17. Identify any and all communications and documents relating to or referencing the

Application, any questions and answers given in connection with the Application, or the

Certificate.

**ANSWER**: Objection. This request is overbroad, vague, unclear and confusing.  Further, the **interrogatory requests information that will clearly be protected by the attorney client privilege as I've discussed this matter with my lawyers in detail.**

**Without waiving the above objection and subject thereto, my late husband spoke with Jazmin Lightbourn, the insurance agent that sold us the policy.  She completed the application for individual life insurance. The application reflects what was discussed. Rigo again spoke with Ms. Lightbourn additional times about follow up information.  I spoke with Ms. Lightbourn after Rigo died.  She advised me to send his medical records to Foresters.**

18.   Please explain the factual basis for Your allegation that the You have sustained

"consequential damages, including but not limited to [Your] inability to pay necessary monthly

expenses." Please identify all documents which support Your allegation.

**ANSWER**: The life insurance policy was taken so that I could continue to live without **worrying about making basic ends meet should my husband pass before me. When the insurance company refused to pay on this valid claim for insurance benefits, it left me destitute to the point that I am having a hard time to pay my bills on time and for other basic necessities.  I had no money to bury my husband; needed to sell my own life policy; and was forced to sell my jewelry to pay for Rigo's headstone.  On July 22, 2019, Bank of America filed a collection lawsuit in relation to my failure to make payments. Case No. 2019-015946-CC-23 filed in Miami-Dade County. For privacy and confidentiality concerns, I will not provide my bank account information or other bills/credit card statements in this response.**

19.    Please explain the factual basis for Your allegation that "as a direct and proximate

result of Foresters' failure to timely pay the death benefit to Vinas, Vinas is suffering

consequential damages of unpaid debts, accruing interest, and defense costs in defense of the

county court collection and other expenses." Please identify all documents which support Your

allegation.

**ANSWER**: Objection. Asked and answered. See response to Interrogatory #18.

20.   Please explain the factual basis for Your allegation that the Decedent answered all

questions on the Application and Questionnaire by "providing information which was true and

complete . . . to the best of [his] knowledge." Please identify all documents which support Your

allegation.

**ANSWER**: Objection. Not only does this interrogatory not accurately reflect the application question, it does not make grammatical sense, as it is impossible to discern exactly what Defendant is seeking.  The interrogatory also mischaracterization the allegations in the Amended Complaint, because it fails to quote the Amended Complaint as drafted, but rather paraphrased cherry-picked words.  Finally, the interrogatory improperly seeks counsel's litigation strategies and thoughts, and thus, is protected by work product privilege.

Without waiving the objection and subject thereto, the factual basis for these allegations are contained within the deposition questions and answers of Forester's Corporate Representative and witnesses taken on March 4th and 5th 2020, the medical records of Doctor Hershman and the fact that Rigo was never told he had diabetes.  Since he was never told he had diabetes, he did not have, and obviously did not believe he had any conditions secondary to diabetes.  The documents supporting this allegation are the exhibits to those CR depositions and the exhibits to those depositions as well doctor Hershman's records.

Plaintiff reserves the right to amend this answer as discovery is on-going.

21.   Please explain the factual basis for Your allegation that "the information which Foresters claims was omitted was not 'material' to Foresters' determination of the risk, and Foresters would have issued the identical Policy." Please identify all documents which support Your allegation.

**ANSWER**: Objection. Improperly seeks counsel's litigation strategies and thoughts, and thus, is protected by work product privilege.

Without waiving the objection and subject thereto, the factual basis for these allegations are contained within the deposition questions and answers of Forester's Corporate Representative and witnesses taken on March 4th and 5th 2020 as well the medical records of Doctor Hershman.  The documents supporting this allegation are the exhibits to those CR depositions and the exhibits to those depositions as well doctor Hershman's records.

Plaintiff reserves the right to amend this answer as discovery is on-going.

22.    Please explain the factual basis for Your allegation that "Foresters improperly interpreted Florida law as applied to the facts of this case to require a higher threshold of accuracy than it requested in the original application for insurance and the Diabetes Questionnaire." Please identify all documents which support Your allegation.

**ANSWER**: Objection. Improperly seeks counsel's litigation strategies and thoughts, and thus, is protected by work product privilege.

Without waiving the objection and subject thereto, the factual basis for these allegations are contained within the deposition questions and answers of Forester's Corporate Representative and witnesses taken on March 4th and 5th 2020 as well the medical records of Doctor Hershman. The documents supporting this allegation are the exhibits to those CR depositions and the exhibits to those depositions as well doctor Hershman's records.

Plaintiff reserves the right to amend this answer as discovery is on-going.

_____
Digna Vinas

STATE OF FLORIDA                )
                                ) ss.:
COUNTY OF                       )

      Sworn to and subscribed before me, the undersigned authority, by DIGNA VINAS, who is personally known to me or who produced _____as identification, and who states that her responses to Defendant's First Set of Interrogatories Directed to Plaintiff are based on her personal knowledge and that the statements in these responses are true and correct.

_____
(Signature of Notary)

_____
(Printed Name of Notary)

_____
Commission Number)