# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

        Plaintiff/Counter Defendant,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

        Defendant/Counter Plaintiff.

_____/

## <u>NOTICE OF ISSUANCE OF NON-PARTY SUBPOENAS</u>

TO: Craig M. Greene, Esq.
    Kramer Green Zuckerman Greene & Buchsbaum, P.A.
    4000 Hollywood Blvd.
    Suite 485-S
    Hollywood, FL 33021

    Adrian Neiman Arkin, Esq.
    Mintz Truppman, P.A.
    1700 Sans Souci Blvd.
    North Miami, FL 33181

PLEASE TAKE NOTICE that the undersigned counsel has issued Subpoenas *to produce documents, information, or objects* pursuant to Federal Rule of Civil Procedure 45, true and correct copies which are attached, that command the production of documents and things described therein.  Said Subpoenas are being served upon:

    Hershman Medical Center
    c/o Records Custodian
    13400 SW 120th St., #300a
    Miami, FL  33186

    Humana Inc.

c/o Corporation Service Company, as Registered Agent
1201 Hays St.
Tallahassee, FL  32301-2525

Kendall Regional Medical Center
HIM Shared Services-Centralized Release of Information
6451 126th Ave. N.
Largo, FL  33773

South Florida Diagnostic Imaging
c/o Records Custodian
11801 SW 90 St., Suite 102
Miami, FL 33186

In accordance with the subpoenas, The Independent Order of Foresters has requested that the

above listed non-parties produce records as directed in the subpoenas.

Dated: February 18, 2020          MCDOWELL HETHERINGTON LLP
                                  Attorneys for Defendant/Counter Plaintiff
                                  2101 N.W. Corporate Blvd., Suite 316
                                  Boca Raton, FL 33431
                                  (561) 994-4311
                                  (561) 982-8985 fax

                                  By: s/Kristina B. Pett
                                  KRISTINA B. PETT
                                  Fla. Bar No. 0973688
                                  kristina.pett@mhllp.com

## **CERTIFICATE OF SERVICE**

I certify that on February 18, 2020, I served a copy of this document on the following:

> Craig M. Greene, Esq.
> Kramer Green Zuckerman Greene & Buchsbaum, P.A.
> 4000 Hollywood Blvd.
> Suite 485-S
> Hollywood, FL 33021
> cgreene@kramergreen.com
> *Counsel for Plaintiff/Counter Defendant*
>
> Adrian Neiman Arkin, Esq.
> Mintz Truppman, P.A.
> 1700 Sans Souci Blvd.
> North Miami, FL 33181
> adrian@mintztruppman.com
> *Co-Counsel for Plaintiff/Counter Defendant*

> s/Kristina B. Pett
> Kristina B. Pett

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DIGNA VINAS, | ) |
| | ) |
| *Plaintiff/Counter Defendant,* | ) |
| v. | ) Civil Action No. 18-cv-24100-COOKE/GOODMAN |
| | ) |
| THE INDEPENDENT ORDER | ) |
| OF FORESTERS, | ) |
| *Defendant/Counter Plaintiff.* | ) |
| | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  **Hershman Medical Center
c/o Records Custodian
13400 S.W. 120th St., #300a
Miami, FL  33186**

☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **SEE ATTACHED EXHIBITS A AND B**

| | |
|---|---|
| Place: 13400 S.W. 120th St., #300a<br>        Miami, FL 33186 | Date and Time: Wednesday, March 11, 2020 at 10:00am |

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or  other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party  may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

_____

The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c) relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ____2/19/2020_____

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | *s/ Kristina B. Pett* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

_____

  The name, address, e-mail, and telephone number of the attorney representing (*name party*) <u>The Independent Order of Foresters,</u> who issued or requested this subpoena, are:

> Kristina B. Pett, Esq, McDowell Hetherington, LLP
> 2385 N.W. Executive Center Drive
> Boca Raton, FL  33431; Kristina.Pettemhllp.com; (561) 994-4311

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-24100-COOKE/GOODMAN

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officer or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                                         *Server's signature*


                                                          _____

                                                                         *Printed name and title*


                                                          _____

                                                                         *Server's address*


Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if in person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resident, is employed, or regularly transacts business in person; and

**(B)** is commanded to attend a trial and would not incur substantial expense.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from

the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it..

3

## EXHIBIT A

Your **entire file** relating to **RIGOBERTO VINAS** (the "patient"), including but not limited to:

1.   Intake and/or new patient forms.

2.   Admissions and discharge summaries, medical histories, physical and mental examination records, operative reports, progress notes, notations by physicians, nurse notes, diagnoses reports, raw test data and results, laboratory reports, pathology slides, and tissue studies.

3.   Any and all records obtained or received from other health care practitioners relating to the patient.

4.   All actual tests including but not limited to X-ray films, imaging proofs, MRI, CAT scans, EKG studies, and EEG's.  (Please provide us with an estimate of your charges prior to copying films).

5.   Insurance claim forms and other documentation relating to insurance claims filed concerning treatment provided to the patient.

6.   Prescription logs.

7.   Telephone logs documenting conversations with the patient and/or other persons on the patient's behalf.

8.   Diaries or other records provided by the patient relating to the patient's condition and/or symptoms.

9.   Correspondence with the patient and/or someone on the patient's behalf relating to a claim for disability benefits.

10.   All correspondence sent or received concerning the patient.

11.   Any other records, reports, summaries, correspondence or written documentation relating in any way to the patient's mental, physical or emotional condition, health or medical treatment.

**MR. VINAS' SOCIAL SECURITY NUMBER
AND DATE OF BIRTH ARE PROVIDED
IN THE ATTACHED LETTER
(SEE EXHIBIT B FOR CONTACT INFORMATION)**

**PLEASE BE ADVISED** this subpoena conforms with the Standards for Privacy of Individually Identifiable Health Information and Health Insurance Portability and Accountability Act of 1996 (HIPAA) in that it provides written assurances pursuant to 45 C.F.R. Sec. 164.512(e).  By service of this Subpoena on **Plaintiff's** attorney, **Defendant** hereby makes reasonable efforts to give **Plaintiff** notice of this request and an opportunity to object. If **Plaintiff** makes no objection prior to the date of production and inspection identified herein, the covered entity subject to this Subpoena shall disclose the requested protected health information.

## <u>EXHIBIT B</u>

1.      Produce the information requested in the following manner:

      a.      Photocopy the described information and mail or E-mail it to:

            Brenda Kronzek, Paralegal
            McDowell Hetherington, LLP
            2385 NW Executive Center Drive
            Suite 400
            Boca Raton, FL 33431
            (561) 430-3023
            (561) 982-8985 (facsimile)
            Brenda.Kronzek@mhllp.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 19, 2020, a copy of this document was served via e-mail on:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com

s/ Kristina B. Pett
Kristina B. Pett
MCDOWELL HETHERINGTON, LLP
Attorneys for Defendant
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax



Brenda G. Kronzek, Paralegal
P: (561) 994-4311
F: (561) 982-8985
Brenda.Kronzek@mhllp.com

2385 N.W. Executive Center Drive
Suite 400
Boca Raton, FL 33431

February 19, 2020

## CONFIDENTIAL

Re:   Digna Vinas v. The Independent Order of Foresters
      Case No: 18-CV-24100-COOKE/GOODMAN

Dear Records Custodian,

Our firm represents The Independent Order of Foresters Inc. in the above-captioned matter which was filed in the United States District Court for the Southern District of Florida. Please be advised that pursuant to HIPAA we have made a good faith attempt to provide written notice to the spouse/Plaintiff of the deceased individual who is the subject of the health information. This notice included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise objections to the court.

The following information will help you identify the patient in order to produce records pursuant to the attached subpoena:

> **Patient's Name: Rigoberto Vinas**
> DOB: **REDACTED**
> SS No: REDACTED

Please contact me directly at (561) 430-3023 should you have any questions.

Very truly yours,

McDowell Hetherington LLP

*Brenda G. Kronzek*

Brenda G. Kronzek
Paralegal

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DIGNA VINAS, | ) |
| | ) |
| *Plaintiff/Counter Defendant,* | ) |
| v. | ) Civil Action No. 18-cv-24100-COOKE/GOODMAN |
| | ) |
| THE INDEPENDENT ORDER | ) |
| OF FORESTERS, | ) |
| *Defendant/Counter Plaintiff.* | ) |
| | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    **Humana Inc.**
       **c/o Corporation Service Company, as Registered Agent**
       **1201 Hays St.**
       **Tallahassee, FL 32301-2525**

☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **SEE ATTACHED EXHIBITS A AND B**

| Place: 1201 Hays St. Tallahassee, FL  32301-2525 | Date and Time: Wednesday, March 11, 2020 at 9:30am |
|---|---|

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or  other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party  may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

_____

     The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c) relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____2/19/2020_____

|  *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | *s/ Kristina B. Pett* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

_____

  The name, address, e-mail, and telephone number of the attorney representing (*name party*) <u>The Independent Order of Foresters,</u> who issued or requested this subpoena, are:
        Kristina B. Pett, Esq, McDowell Hetherington, LLP
        2385 N.W. Executive Center Drive
        Boca Raton, FL  33431; Kristina.Pettmhllp.com; (561) 994-4311

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-24100-COOKE/GOODMAN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officer or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____         _____

                                                                     *Server's signature*


                                                   _____

                                                                     *Printed name and title*


                                                   _____

                                                                     *Server's address*


Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if in person

   **(i)** is a party or a party's officer; or

   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:

 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resident, is employed, or regularly transacts business in person; and

 **(B)** is commanded to attend a trial and would not incur substantial expense.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from

the expert's study that was not requested by a party.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it..

## EXHIBIT A

Your **entire file** relating to **RIGOBERTO VINAS** (the "patient"), including but not limited to:

1. Any and all documents including, but not limited to, applications for insurance coverage, policies or benefits, underwriting files, claim files, benefit payments, all correspondence, medical and financial records and reports, notices, and other documents relating in any manner to applications by, insurance coverage for, or claims by the patient.

**MR. VINAS' SOCIAL SECURITY NUMBER
AND DATE OF BIRTH ARE PROVIDED
IN THE ATTACHED LETTER
(SEE EXHIBIT B FOR CONTACT INFORMATION)**

---

**PLEASE BE ADVISED** this subpoena conforms with the Standards for Privacy of Individually Identifiable Health Information and Health Insurance Portability and Accountability Act of 1996 (HIPAA) in that it provides written assurances pursuant to 45 C.F.R. Sec. 164.512(e). By service of this Subpoena on **Plaintiff's** attorney, **Defendant** hereby makes reasonable efforts to give **Plaintiff** notice of this request and an opportunity to object. If **Plaintiff** makes no objection prior to the date of production and inspection identified herein, the covered entity subject to this Subpoena shall disclose the requested protected health information.

## **EXHIBIT B**

1. Produce the information requested in the following manner:

  a. Photocopy the described information and mail or E-mail it to:

    Brenda Kronzek, Paralegal
    McDowell Hetherington, LLP
    2385 NW Executive Center Drive
    Suite 400
    Boca Raton, FL 33431
    (561) 430-3023
    (561) 982-8985 (facsimile)
    Brenda.Kronzek@mhllp.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 19, 2020, a copy of this document was served via e-mail on:

> Craig M. Greene, Esq.
> Kramer Green Zuckerman Greene & Buchsbaum, P.A.
> 4000 Hollywood Blvd.
> Suite 485-S
> Hollywood, FL 33021
> cgreene@kramergreen.com
>
> Adrian Neiman Arkin, Esq.
> Mintz Truppman, P.A.
> 1700 Sans Souci Blvd.
> North Miami, FL 33181
> adrian@mintztruppman.com

> <u>s/ Kristina B. Pett</u>
> Kristina B. Pett
> MCDOWELL HETHERINGTON, LLP
> Attorneys for Defendant
> 2385 N.W. Executive Center Drive, Suite 400
> Boca Raton, FL 33431
> (561) 994-4311
> (561) 982-8985 fax



Brenda G. Kronzek, Paralegal
P: (561) 994-4311
F: (561) 982-8985
Brenda.Kronzek@mhllp.com

2385 N.W. Executive Center Drive
Suite 400
Boca Raton, FL 33431

February 19, 2020

**<u>CONFIDENTIAL</u>**

Re:   Digna Vinas v. The Independent Order of Foresters
      Case No: 18-CV-24100-COOKE/GOODMAN

Dear Records Custodian,

Our firm represents The Independent Order of Foresters Inc. in the above-captioned matter which was filed in the United States District Court for the Southern District of Florida. Please be advised that pursuant to HIPAA we have made a good faith attempt to provide written notice to the spouse/Plaintiff of the deceased individual who is the subject of the health information. This notice included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise objections to the court.

The following information will help you identify the patient in order to produce records pursuant to the attached subpoena:

> **Patient's Name: Rigoberto Vinas**
> **DOB:** REDACTED
> **SS No:** REDACTED

Please contact me directly at (561) 430-3023 should you have any questions.

Very truly yours,

McDowell Hetherington LLP

*Brenda G. Kronzek*

Brenda G. Kronzek
Paralegal

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DIGNA VINAS, | ) |
| | ) |
| *Plaintiff/Counter Defendant,* | ) |
| v. | ) Civil Action No. 18-cv-24100-COOKE/GOODMAN |
| | ) |
| THE INDEPENDENT ORDER | ) |
| OF FORESTERS, | ) |
| *Defendant/Counter Plaintiff.* | ) |
| | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     **Kendall Regional Medical Center
HIM Shared Services-Centralized Release of Information
6451 126th Ave. N.
Largo, FL 33773**

☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **SEE ATTACHED EXHIBITS A AND B**

| Place: 6451 126th Ave. N.<br>        Largo, FL 33773 | Date and Time: Wednesday, March 11, 2020 at 10:30am |
|---|---|

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or  other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party  may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

_____

The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c) relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____2/19/2020_____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | *s/ Kristina B. Pett* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

_____

The name, address, e-mail, and telephone number of the attorney representing (*name party*) <u>The Independent Order of Foresters,</u> who issued or requested this subpoena, are:

Kristina B. Pett, Esq, McDowell Hetherington, LLP
2385 N.W. Executive Center Drive
Boca Raton, FL  33431; Kristina.Pettemhllp.com; (561) 994-4311

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-24100-COOKE/GOODMAN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officer or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                                    *Server's signature*


                                                   _____
                                                                    *Printed name and title*


                                                   _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if in person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resident, is employed, or regularly transacts business in person; and

  **(B)** is commanded to attend a trial and would not incur substantial expense.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from

the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it..

3

## EXHIBIT A

Your **entire file** relating to **RIGOBERTO VINAS** (the "patient"), including but not limited to:

1. Intake and/or new patient forms.

2. Admissions and discharge summaries, medical histories, physical and mental examination records, operative reports, progress notes, notations by physicians, nurse notes, diagnoses reports, raw test data and results, laboratory reports, pathology slides, and tissue studies.

3. Any and all records obtained or received from other health care practitioners relating to the patient.

4. All actual tests including but not limited to X-ray films, imaging proofs, MRI, CAT scans, EKG studies, and EEG's. (Please provide us with an estimate of your charges prior to copying films).

5. Insurance claim forms and other documentation relating to insurance claims filed concerning treatment provided to the patient.

6. Prescription logs.

7. Telephone logs documenting conversations with the patient and/or other persons on the patient's behalf.

8. Diaries or other records provided by the patient relating to the patient's condition and/or symptoms.

9. Correspondence with the patient and/or someone on the patient's behalf relating to a claim for disability benefits.

10. All correspondence sent or received concerning the patient.

11. Any other records, reports, summaries, correspondence or written documentation relating in any way to the patient's mental, physical or emotional condition, health or medical treatment.

**MR. VINAS' SOCIAL SECURITY NUMBER
AND DATE OF BIRTH ARE PROVIDED
IN THE ATTACHED LETTER
(SEE EXHIBIT B FOR CONTACT INFORMATION)**

---

**PLEASE BE ADVISED** this subpoena conforms with the Standards for Privacy of Individually Identifiable Health Information and Health Insurance Portability and Accountability Act of 1996 (HIPAA) in that it provides written assurances pursuant to 45 C.F.R. Sec. 164.512(e). By service of this Subpoena on **Plaintiff's** attorney, **Defendant** hereby makes reasonable efforts to give **Plaintiff** notice of this request and an opportunity to object. If **Plaintiff** makes no objection prior to the date of production and inspection identified herein, the covered entity subject to this Subpoena shall disclose the requested protected health information.

## <u>EXHIBIT B</u>

1.    Produce the information requested in the following manner:

    a.    Photocopy the described information and mail or E-mail it to:

        Brenda Kronzek, Paralegal
        McDowell Hetherington, LLP
        2385 NW Executive Center Drive
        Suite 400
        Boca Raton, FL 33431
        (561) 430-3023
        (561) 982-8985 (facsimile)
        Brenda.Kronzek@mhllp.com

## **CERTIFICATE OF SERVICE**

I certify that on February 19, 2020, a copy of this document was served via e-mail on:

> Craig M. Greene, Esq.
> Kramer Green Zuckerman Greene & Buchsbaum, P.A.
> 4000 Hollywood Blvd.
> Suite 485-S
> Hollywood, FL 33021
> cgreene@kramergreen.com
>
> Adrian Neiman Arkin, Esq.
> Mintz Truppman, P.A.
> 1700 Sans Souci Blvd.
> North Miami, FL 33181
> adrian@mintztruppman.com

> s/ Kristina B. Pett
> Kristina B. Pett
> MCDOWELL HETHERINGTON, LLP
> Attorneys for Defendant
> 2385 N.W. Executive Center Drive, Suite 400
> Boca Raton, FL 33431
> (561) 994-4311
> (561) 982-8985 fax



Brenda G. Kronzek, Paralegal
P: (561) 994-4311
F: (561) 982-8985
Brenda.Kronzek@mhllp.com

2385 N.W. Executive Center Drive
Suite 400
Boca Raton, FL 33431

February 19, 2020

## **CONFIDENTIAL**

Re:    Digna Vinas v. The Independent Order of Foresters
       Case No: 18-CV-24100-COOKE/GOODMAN

Dear Records Custodian,

Our firm represents The Independent Order of Foresters Inc. in the above-captioned matter which was filed in the United States District Court for the Southern District of Florida. Please be advised that pursuant to HIPAA we have made a good faith attempt to provide written notice to the spouse/Plaintiff of the deceased individual who is the subject of the health information. This notice included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise objections to the court.

The following information will help you identify the patient in order to produce records pursuant to the attached subpoena:

      **Patient's Name: Rigoberto Vinas**
      **DOB:** REDACTED
      **SS No:** REDACTED

Please contact me directly at (561) 430-3023 should you have any questions.

Very truly yours,

McDowell Hetherington LLP

*Brenda G. Kronzek*

Brenda G. Kronzek
Paralegal

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DIGNA VINAS, | ) |
| | ) |
| *Plaintiff/Counter Defendant,* | ) |
| v. | ) Civil Action No. 18-cv-24100-COOKE/GOODMAN |
| | ) |
| THE INDEPENDENT ORDER | ) |
| OF FORESTERS, | ) |
| *Defendant/Counter Plaintiff.* | ) |
| | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     **South Florida Diagnostic Imaging**
         **c/o Records Custodian**
         **11801 SW 90 St., Suite 102**
         **Miami, FL 33186**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED EXHIBITS A AND B**

| Place: 11801 SW 90 St., Suite 102<br>          Miami, FL  33186 | Date and Time: Wednesday, March 11, 2020 at 11:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

_____

The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c) relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     2/19/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | *s/ Kristina B. Pett* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

_____

The name, address, e-mail, and telephone number of the attorney representing (*name party*) <u>The Independent Order of Foresters,</u> who issued or requested this subpoena, are:
         Kristina B. Pett, Esq, McDowell Hetherington, LLP
         2385 N.W. Executive Center Drive
         Boca Raton, FL  33431; Kristina.Pettemhllp.com; (561) 994-4311

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-24100-COOKE/GOODMAN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officer or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                                *Server's signature*


                                                    _____
                                                                                *Printed name and title*


                                                    _____
                                                                                *Server's address*


Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if in person

   **(i)** is a party or a party's officer; or

   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resident, is employed, or regularly transacts business in person; and

  **(B)** is commanded to attend a trial and would not incur substantial expense.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from

the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it..

3

## EXHIBIT A

Your **entire file** relating to **RIGOBERTO VINAS** (the "patient"), including but not limited to:

1.  Intake and/or new patient forms.

2.  Admissions and discharge summaries, medical histories, physical and mental examination records, operative reports, progress notes, notations by physicians, nurse notes, diagnoses reports, raw test data and results, laboratory reports, pathology slides, and tissue studies.

3.  Any and all records obtained or received from other health care practitioners relating to the patient.

4.  All actual tests including but not limited to X-ray films, imaging proofs, MRI, CAT scans, EKG studies, and EEG's.  (Please provide us with an estimate of your charges prior to copying films).

5.  Insurance claim forms and other documentation relating to insurance claims filed concerning treatment provided to the patient.

6.  Prescription logs.

7.  Telephone logs documenting conversations with the patient and/or other persons on the patient's behalf.

8.  Diaries or other records provided by the patient relating to the patient's condition and/or symptoms.

9.  Correspondence with the patient and/or someone on the patient's behalf relating to a claim for disability benefits.

10. All correspondence sent or received concerning the patient.

11. Any other records, reports, summaries, correspondence or written documentation relating in any way to the patient's mental, physical or emotional condition, health or medical treatment.


**MR. VINAS' SOCIAL SECURITY NUMBER
AND DATE OF BIRTH ARE PROVIDED
IN THE ATTACHED LETTER
(SEE EXHIBIT B FOR CONTACT INFORMATION)**

**PLEASE BE ADVISED** this subpoena conforms with the Standards for Privacy of Individually Identifiable Health Information and Health Insurance Portability and Accountability Act of 1996 (HIPAA) in that it provides written assurances pursuant to 45 C.F.R. Sec. 164.512(e).  By service of this Subpoena on **Plaintiff's** attorney, **Defendant** hereby makes reasonable efforts to give **Plaintiff** notice of this request and an opportunity to object. If **Plaintiff** makes no objection prior to the date of production and inspection identified herein, the covered entity subject to this Subpoena shall disclose the requested protected health information.

## **EXHIBIT B**

1.      Produce the information requested in the following manner:

    a.      Photocopy the described information and mail or E-mail it to:

         Brenda Kronzek, Paralegal
         McDowell Hetherington, LLP
         2385 NW Executive Center Drive
         Suite 400
         Boca Raton, FL 33431
         (561) 430-3023
         (561) 982-8985 (facsimile)
         Brenda.Kronzek@mhllp.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 19, 2020, a copy of this document was served via e-mail on:

> Craig M. Greene, Esq.
> Kramer Green Zuckerman Greene & Buchsbaum, P.A.
> 4000 Hollywood Blvd.
> Suite 485-S
> Hollywood, FL 33021
> <u>cgreene@kramergreen.com</u>
>
> Adrian Neiman Arkin, Esq.
> Mintz Truppman, P.A.
> 1700 Sans Souci Blvd.
> North Miami, FL 33181
> <u>adrian@mintztruppman.com</u>

> <u>s/ Kristina B. Pett</u>
> Kristina B. Pett
> MCDOWELL HETHERINGTON, LLP
> Attorneys for Defendant
> 2385 N.W. Executive Center Drive, Suite 400
> Boca Raton, FL 33431
> (561) 994-4311
> (561) 982-8985 fax



Brenda G. Kronzek, Paralegal
P: (561) 994-4311
F: (561) 982-8985
Brenda.Kronzek@mhllp.com

2385 N.W. Executive Center Drive
Suite 400
Boca Raton, FL 33431

February 19, 2020

**CONFIDENTIAL**

Re:   Digna Vinas v. The Independent Order of Foresters
      Case No: 18-CV-24100-COOKE/GOODMAN

Dear Records Custodian,

Our firm represents The Independent Order of Foresters Inc. in the above-captioned matter which was filed in the United States District Court for the Southern District of Florida. Please be advised that pursuant to HIPAA we have made a good faith attempt to provide written notice to the spouse/Plaintiff of the deceased individual who is the subject of the health information. This notice included sufficient information about the litigation in which the protected health information is requested to permit the individual to raise objections to the court.

The following information will help you identify the patient in order to produce records pursuant to the attached subpoena:

>       **Patient's Name: Rigoberto Vinas**
>       **DOB:** REDACTED
>       **SS No:** REDACTED

Please contact me directly at (561) 430-3023 should you have any questions.

Very truly yours,

McDowell Hetherington LLP

*Brenda G. Kronzek*

Brenda G. Kronzek
Paralegal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

        Plaintiff/Counter Defendant,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

        Defendant/Counter Plaintiff.
_____/

## NOTICE OF ISSUANCE OF NON-PARTY AMENDED SUBPOENA

TO: Craig M. Greene, Esq.
    Kramer Green Zuckerman Greene & Buchsbaum, P.A.
    4000 Hollywood Blvd.
    Suite 485-S
    Hollywood, FL 33021

    Adrian Neiman Arkin, Esq.
    Mintz Truppman, P.A.
    1700 Sans Souci Blvd.
    North Miami, FL 33181

PLEASE TAKE NOTICE that the undersigned counsel has issued an Amended Subpoena *to produce documents, information, or objects* pursuant to Federal Rule of Civil Procedure 45, true and correct copies which are attached, that command the production of documents and things described therein.  Said Subpoena is being served upon:

    Kendall Regional Medical Center
    Attn: Department Records Custodian
    11750 SW Bird Rd.
    Miami, FL 33175

In accordance with the subpoena, The Independent Order of Foresters has requested that the above listed non-parties produce records as directed in the subpoena.

Dated:  March 3, 2020.

MCDOWELL HETHERINGTON LLP
Attorneys for Defendant/Counter Plaintiff
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By: s/Kristina B. Pett
KRISTINA B. PETT
Fla. Bar No. 0973688
kristina.pett@mhllp.com

2

## **CERTIFICATE OF SERVICE**

I certify that on March 3, 2020, I served a copy of this document on the following:

        Craig M. Greene, Esq.
        Kramer Green Zuckerman Greene & Buchsbaum, P.A.
        4000 Hollywood Blvd.
        Suite 485-S
        Hollywood, FL 33021
        cgreene@kramergreen.com
        *Counsel for Plaintiff/Counter Defendant*

        Adrian Neiman Arkin, Esq.
        Mintz Truppman, P.A.
        1700 Sans Souci Blvd.
        North Miami, FL 33181
        adrian@mintztruppman.com
        *Co-Counsel for Plaintiff/Counter Defendant*


                s/Kristina B. Pett
                Kristina B. Pett

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DIGNA VINAS, | ) |
| | ) |
| *Plaintiff/Counter Defendant,* | ) |
| v. | ) Civil Action No. 18-cv-24100-COOKE/GOODMAN |
| | ) |
| THE INDEPENDENT ORDER | ) |
| OF FORESTERS, | ) |
| *Defendant/Counter Plaintiff.* | ) |
| | ) |

### AMENDED SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     **Kendall Regional Medical Center**
          **Attn: Department Records Custodian**
          **11750 SW Bird Rd.**
          **Miami, FL 33175**

☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED EXHIBITS A AND B**

| Place: 6451 126th Ave. N. Largo, FL 33773 | Date and Time: Wednesday, March 18, 2020 at 10:30am |
|---|---|

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

_____

The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c) relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          CLERK OF COURT                                    OR

          _____               _____
          *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

_____

The name, address, e-mail, and telephone number of the attorney representing (*name party*) The Independent Order of Foresters, who issued or requested this subpoena, are:
          Kristina B. Pett, Esq, McDowell Hetherington, LLP
          2385 N.W. Executive Center Drive
          Boca Raton, FL  33431; Kristina.Pett@mhllp.com; (561) 994-4311

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-24100-COOKE/GOODMAN

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

_____ on *(date)* _____.

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officer or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                       _____
                                                    *Printed name and title*

                                       _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if in person

   **(i)** is a party or a party's officer; or

   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resident, is employed, or regularly transacts business in person; and

  **(B)** is commanded to attend a trial and would not incur substantial expense.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from

the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it..

3

## EXHIBIT A

Your **entire file** relating to **RIGOBERTO VINAS** (the "patient"), **for the period of January 1, 2005 to present**, including but not limited to:

1.    Intake and/or new patient forms.

2.    Admissions and discharge summaries, medical histories, physical and mental examination records, operative reports, progress notes, notations by physicians, nurse notes, diagnoses reports, raw test data and results, laboratory reports, pathology slides, and tissue studies.

3.    Any and all records obtained or received from other health care practitioners relating to the patient.

4.    All actual tests including but not limited to X-ray films, imaging proofs, MRI, CAT scans, EKG studies, and EEG's.  (Please provide us with an estimate of your charges prior to copying films).

5.    Insurance claim forms and other documentation relating to insurance claims filed concerning treatment provided to the patient.

6.    Prescription logs.

7.    Telephone logs documenting conversations with the patient and/or other persons on the patient's behalf.

8.    Diaries or other records provided by the patient relating to the patient's condition and/or symptoms.

9.    Correspondence with the patient and/or someone on the patient's behalf relating to a claim for disability benefits.

10.    All correspondence sent or received concerning the patient.

11.    Any other records, reports, summaries, correspondence or written documentation relating in any way to the patient's mental, physical or emotional condition, health or medical treatment.

**MR. VINAS' SOCIAL SECURITY NUMBER**
**AND DATE OF BIRTH ARE PROVIDED**
**IN THE ATTACHED LETTER**
**(SEE EXHIBIT B FOR CONTACT INFORMATION)**

---

**PLEASE BE ADVISED** this subpoena conforms with the Standards for Privacy of Individually Identifiable Health Information and Health Insurance Portability and Accountability Act of 1996 (HIPAA) in that it provides written assurances pursuant to 45 C.F.R. Sec. 164.512(e).  By service of this Subpoena on **Plaintiff's** attorney, **Defendant** hereby makes reasonable efforts to give **Plaintiff** notice of this request and an opportunity to object. If **Plaintiff** makes no objection prior to the date of production and inspection identified herein, the covered entity subject to this Subpoena shall disclose the requested protected health information.

**EXHIBIT B**

1.     Produce the information requested in the following manner:

    a.    Photocopy the described information and mail or E-mail it to:

           Brenda Kronzek, Paralegal
           McDowell Hetherington, LLP
           2385 NW Executive Center Drive
           Suite 400
           Boca Raton, FL 33431
           (561) 430-3023
           (561) 982-8985 (facsimile)
           Brenda.Kronzek@mhllp.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 3, 2020, a copy of this document was served via e-mail on:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com


_____
Kristina B. Pett
MCDOWELL HETHERINGTON, LLP
Attorneys for Defendant
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

       Plaintiff/Counter Defendant,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

       Defendant/Counter Plaintiff.
_____/

## NOTICE OF ISSUANCE OF NON-PARTY SUBPOENAS

TO: Craig M. Greene, Esq.
    Kramer Green Zuckerman Greene & Buchsbaum, P.A.
    4000 Hollywood Blvd.
    Suite 485-S
    Hollywood, FL 33021

    Adrian Neiman Arkin, Esq.
    Mintz Truppman, P.A.
    1700 Sans Souci Blvd.
    North Miami, FL 33181

PLEASE TAKE NOTICE that the undersigned counsel has issued Subpoenas *to produce documents, information, or objects* pursuant to Federal Rule of Civil Procedure 45, true and correct copies which are attached, that command the production of documents and things described therein. Said Subpoenas are being served upon:

    LabCorp Tampa
    c/o Records Custodian
    5610 LaSalle St.
    Tampa, FL  33607-1770

Quest Diagnostics Incorporated
c/o Corporation Service Corporation, as Registered Agent
1201 Hays St.
Tallahassee, FL 32301-2525

In accordance with the subpoenas, The Independent Order of Foresters has requested that the

above listed non-parties produce records as directed in the subpoenas.

Dated: March 16, 2020                  MCDOWELL HETHERINGTON LLP
                                       Attorneys for Defendant/Counter Plaintiff
                                       2101 N.W. Corporate Blvd., Suite 316
                                       Boca Raton, FL 33431
                                       (561) 994-4311
                                       (561) 982-8985 fax

                                       By: s/Kristina B. Pett
                                       KRISTINA B. PETT
                                       Fla. Bar No. 0973688
                                       kristina.pett@mhllp.com

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 16, 2020, I served a copy of this document via Email on the following:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com
*Counsel for Plaintiff/Counter Defendant*

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com
*Co-Counsel for Plaintiff/Counter Defendant*

s/Kristina B. Pett
Kristina B. Pett

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DIGNA VINAS, | ) |
| | ) |
| *Plaintiff/Counter Defendant,* | ) |
| v. | ) Civil Action No. 18-cv-24100-COOKE/GOODMAN |
| | ) |
| THE INDEPENDENT ORDER | ) |
| OF FORESTERS, | ) |
| *Defendant/Counter Plaintiff.* | ) |
| | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: **LabCorp Tampa
c/o Records Custodian
5610 W. LaSalle Street
Tampa, FL 33607**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED EXHIBITS A AND B**

| Place: 5610 W. LaSalle Street, Tampa, FL  33607 | Date and Time: Friday, April 3, 2020 at 9:30am |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or  other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party  may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c) relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing (*name party*) <u>The Independent Order of Foresters,</u> who issued or requested this subpoena, are:

Kristina B. Pett, Esq, McDowell Hetherington, LLP
2385 N.W. Executive Center Drive
Boca Raton, FL  33431; Kristina.Pett@mhllp.com; (561) 994-4311

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-24100-COOKE/GOODMAN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officer or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if in person

   **(i)** is a party or a party's officer; or

   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resident, is employed, or regularly transacts business in person; and

  **(B)** is commanded to attend a trial and would not incur substantial expense.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from

the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it..

3

### EXHIBIT A

Your **entire file** relating to **RIGOBERTO VINAS** (the "patient"), including but not limited to:

1.  Intake and/or new patient forms.

2.  Admissions and discharge summaries, medical histories, physical and mental examination records, operative reports, progress notes, notations by physicians, nurse notes, diagnoses reports, raw test data and results, laboratory reports, pathology slides, and tissue studies.

3.  Any and all records obtained or received from other health care practitioners relating to the patient.

4.  All actual tests including but not limited to X-ray films, imaging proofs, MRI, CAT scans, EKG studies, and EEG's.  (Please provide us with an estimate of your charges prior to copying films or CD's).

5.  Insurance claim forms and other documentation relating to insurance claims filed concerning treatment provided to the patient.

6.  Prescription logs.

7.  Telephone logs documenting conversations with the patient and/or other persons on the patient's behalf.

8.  Diaries or other records provided by the patient relating to the patient's condition and/or symptoms.

9.  All correspondence sent or received concerning the patient.

10. Any other records, reports, summaries, correspondence or written documentation relating in any way to the patient's mental, physical or emotional condition, health or medical treatment.

**MR. VINAS' SOCIAL SECURITY NUMBER
AND DATE OF BIRTH ARE PROVIDED
IN THE ATTACHED LETTER
(SEE EXHIBIT B FOR CONTACT INFORMATION)**

---

**PLEASE BE ADVISED** this subpoena conforms with the Standards for Privacy of Individually Identifiable Health Information and Health Insurance Portability and Accountability Act of 1996 (HIPAA) in that it provides written assurances pursuant to 45 C.F.R. Sec. 164.512(e).  By service of this Subpoena on **Plaintiff's** attorney, **Defendant** hereby makes reasonable efforts to give **Plaintiff** notice of this request and an opportunity to object. If **Plaintiff** makes no objection prior to the date of production and inspection identified herein, the covered entity subject to this Subpoena shall disclose the requested protected health information.

## EXHIBIT B

1.      Produce the information requested in the following manner:

      a.      Photocopy the described information and mail or E-mail it to:

            Brenda Kronzek, Paralegal
            McDowell Hetherington, LLP
            2385 NW Executive Center Drive
            Suite 400
            Boca Raton, FL 33431
            (561) 430-3023
            (561) 982-8985 (facsimile)
            Brenda.Kronzek@mhllp.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 16, 2020, a copy of this document was served via e-mail on:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com

_____
Kristina B. Pett
MCDOWELL HETHERINGTON, LLP
Attorneys for Defendant
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DIGNA VINAS, | ) |
| | ) |
| *Plaintiff/Counter Defendant,* | ) |
| v. | ) Civil Action No. 18-cv-24100-COOKE/GOODMAN |
| | ) |
| THE INDEPENDENT ORDER | ) |
| OF FORESTERS, | ) |
| *Defendant/Counter Plaintiff.* | ) |
| | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     **Quest Diagnostics Incorporated
c/o Corporation Service Company, as Registered Agent
1201 Hays St.
Tallahassee, FL  32301**

☒ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **SEE ATTACHED EXHIBITS A AND B**

| Place: 1201 Hays St., Tallahassee, FL  32301 | Date and Time: Friday, April 3, 2020 at 10:00am |
|---|---|
| | |

☐ *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or  other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party  may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached- Rule 45(c) relating to the place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing (*name party*) The Independent Order of Foresters, who issued or requested this subpoena, are:

Kristina B. Pett, Esq, McDowell Hetherington, LLP
2385 N.W. Executive Center Drive
Boca Raton, FL  33431; Kristina.Pett@mhllp.com; (561) 994-4311

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-24100-COOKE/GOODMAN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officer or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*


                                    _____
                                                        *Printed name and title*


                                    _____
                                                        *Server's address*


Additional information regarding attempted service, etc:

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if in person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resident, is employed, or regularly transacts business in person; and

**(B)** is commanded to attend a trial and would not incur substantial expense.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from

the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it..

3

## EXHIBIT A

Your **entire file** relating to **RIGOBERTO VINAS** (the "patient"), including but not limited to:

1.  Intake and/or new patient forms.

2.  Admissions and discharge summaries, medical histories, physical and mental examination records, operative reports, progress notes, notations by physicians, nurse notes, diagnoses reports, raw test data and results, laboratory reports, pathology slides, and tissue studies.

3.  Any and all records obtained or received from other health care practitioners relating to the patient.

4.  All actual tests including but not limited to X-ray films, imaging proofs, MRI, CAT scans, EKG studies, and EEG's.  (Please provide us with an estimate of your charges prior to copying films or CD's).

5.  Insurance claim forms and other documentation relating to insurance claims filed concerning treatment provided to the patient.

6.  Prescription logs.

7.  Telephone logs documenting conversations with the patient and/or other persons on the patient's behalf.

8.  Diaries or other records provided by the patient relating to the patient's condition and/or symptoms.

9.  All correspondence sent or received concerning the patient.

10. Any other records, reports, summaries, correspondence or written documentation relating in any way to the patient's mental, physical or emotional condition, health or medical treatment.

**MR. VINAS' SOCIAL SECURITY NUMBER
AND DATE OF BIRTH ARE PROVIDED
IN THE ATTACHED LETTER
(SEE EXHIBIT B FOR CONTACT INFORMATION)**

**PLEASE BE ADVISED** this subpoena conforms with the Standards for Privacy of Individually Identifiable Health Information and Health Insurance Portability and Accountability Act of 1996 (HIPAA) in that it provides written assurances pursuant to 45 C.F.R. Sec. 164.512(e).  By service of this Subpoena on **Plaintiff's** attorney, **Defendant** hereby makes reasonable efforts to give **Plaintiff** notice of this request and an opportunity to object. If **Plaintiff** makes no objection prior to the date of production and inspection identified herein, the covered entity subject to this Subpoena shall disclose the requested protected health information.

**EXHIBIT B**

1.      Produce the information requested in the following manner:

      a.      Photocopy the described information and mail or E-mail it to:

            Brenda Kronzek, Paralegal
            McDowell Hetherington, LLP
            2385 NW Executive Center Drive
            Suite 400
            Boca Raton, FL 33431
            (561) 430-3023
            (561) 982-8985 (facsimile)
            Brenda.Kronzek@mhllp.com

## CERTIFICATE OF SERVICE

I certify that on March 16, 2020, a copy of this document was served via e-mail on:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com

_____
Kristina B. Pett
MCDOWELL HETHERINGTON, LLP
Attorneys for Defendant
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax