# EXHIBIT 5

| | |
|---|---|
| **From:** | Marcia Lamarque on behalf of Kristina Pett |
| **To:** | "Craig Greene"; dbirchall@kramergreen.com; Joanne Napoli; Jeanette Bellon |
| **Cc:** | Danielle Shure; Marcia Lamarque |
| **Subject:** | Digna Vinas v. Foresters |
| **Date:** | Friday, March 20, 2020 10:27:39 AM |
| **Attachments:** | image006.png |
| | image001.png |
| | image004.png |

Hi Craig, our responses are below in red text, highlighted in green. We tried to clarify which issues were relevant to your specific responses:

We are writing to confer regarding your written discovery responses, which are largely non-responsive and insufficient.

An issue that seems to pervade all of your responses is the appropriate scope of discovery. You appear to contend that Mr. Vinas's medical history, besides diabetes and kidney/sensory issues secondary to diabetes, are not relevant and that Foresters is not entitled to such information/documents. None of your cases address this issue. If you have a case that expressly holds that in a rescission action, discovery is limited to documents pertaining the specific condition which was misrepresented, please share and we will review. Otherwise, Florida law does not limit discovery in the manner you suggest. This is especially true where, as here, the rescission letter reserves the right to consider the accuracy of all representations in the application based on information Foresters discovers at a later date. Because there is no contrary authority, we ask that you revise all of your responses based on the understanding that we are not limited to information regarding Mr. Vinas's diabetes and secondary symptoms/conditions. This general issue pervades all of your responses, including ROGS 5 and 6, RFP 4, 5, 6.

Our objections are based upon the scope of the claims and defenses presently plead as applied to Federal law. We cited you the authority we rely upon. Do you have any authority that says you are entitled to go beyond what your CR testified was sufficient for Foresters to make its decision? If so, please advise and I will immediately consider it. As the party objecting to our discovery request, you have the initial burden of substantiating your objection. Haiser v. MSC Cruises, S.A., No. 18-60964-CIV-DIMITROULEAS/SNOW, 2019 WL 1388641 (S.D. Fla. Jan. 31, 2019) ("The discovery respondent bears the burden of **establishing** lack of relevancy or some other basis for resisting production. **After a properly stated objection is presented**," the proponent must prove relevance) (emphasis added).

To the extent you denied our requests for admission regarding the questions in the application based on what Mr. Vinas was "told," you have not answered the questions. We asked about diagnoses – not what Mr. Vinas was told. Also, Plaintiff claims that she did not go

to a single appointment with Mr. Vinas, yet simultaneously claims she knows everything he was told.  These answers are inconsistent.

The problem is that you do not explain what you mean by "diagnosed."  As far as Mrs. Vinas is concerned, her husband was not diagnosed with the conditions you asked about as he was never told about any such conditions.  As such, she answered the RA by denying it appropriately and provided an explanation as required by the rules.  From our discussions at the deposition, however, I think I know the point you are trying to get at.  If you would like to clarify the request to ask Mrs. Vinas to admit that Dr. Hershman's medical records contain several Billing Codes that reference the conditions you asked about under the heading of "Assessment" I will check with her to be certain, but feel confident that would be unopposed.  We disagree.  "Diagnosed" is an unambiguous term that does not require further explanation.  This also applies to RFP 8, RFA 1, 3, 4, and 5.

Additionally, your answers to RFAS 2, 6, and 7 do not appear to be correct.  Your responses denying that Mr. Vinas answered application questions negatively are belied by the face of the application.

Further, we ask that you revise your response to ROG 21 regarding your allegation that Mr. Vinas's misrepresentations were not material, and ROG 22 regarding the basis of your allegation that Foresters misapplied Florida law.  Simply pointing us to documents and deposition transcripts, without any further clarification, is non-responsive.

We disagree.  Despite the fact your interrogatory expressly asks us to explain our legal strategy by explaining why you are legally wrong and therefore violates the WP privilege, we provided you an answer.  Specifically, I directed you to the several hours of questioning with your CR going through the various reasons the alleged misrepresentations were not material both factually and under Florida law.  You were there when your CR explained how the guidelines applied to Mr. Vinas' medical records and concluded that but for one condition (that Mr. Vinas did not have), this policy should have been issues as "standard" and the claim paid.  It was powerful testimony that directly responded to this interrogatory.  I cannot espouse it any better than he did.  As for 22, we objected in that you are expressly asking for our interpretation of the law as applied to these facts.  Nothing could more directly request WP strategy.  Nonetheless, I provided you the courtesy of an answer in that I went over this issue with your CR in detail.  This also applies for RFP 17, 18, and 19. We are not asking for your legal theory.  We are asking for the basis of the specified allegations.  Generally pointing us to various documents and transcripts, without providing specific citations or additional explanation, is insufficient.   Rodriguez v. Whitestone Grp., Inc., No. 12-23974-CIV-UNGARO/TORRES, 2013 WL 12064494 (S.D. Fla. Mar. 22, 2013) ("[T]he answers provided referencing, without any specific citation or reference, general documents produced in discovery is clearly insufficient.  Rule 33(d) is not intended to be used as a 'procedural device

for avoiding the duty to give information.'").

Your response to ROG 15 is also insufficient.  Plaintiff stated that Mr. Vinas did not have a disability policy, but ROG 15 asks whether Mr. Vinas applied for disability benefits with various institutions, including the SSA, and is not limited to insurance benefits.

Answer 15 expressly adopted 14 and is clear that Mr. Vinas did not have SS disability.  To the extent it will resolve the matter, however, I will ask Mrs. Vinas to expressly state that Mr. Vinas did not apply for or receive SSA Disability insurance.  Please advise if that will clarify it sufficiently for you.  Yes, please clarify that Mr. Vinas did not receive disability benefits of any kind, including all types referenced in the question, not just SS.

Additionally, we disagree with your objections to our requests regarding life insurance policies issued which covered Mr. Vinas's life.  Plaintiff does not identify any policies, yet through the discovery process, we learned that US Life issued a life insurance policy insuring Mr. Vinas's life.  Plaintiff's responses do not appear to be accurate.

While you did not specify which interrogatories you are referring to, I re-read the answers to Interrogatories 11-13. If those are the interrogatories you are referring to, the objections and answers are accurate. We disagree with your objection that ROG 13 regarding whether Plaintiff applied for other life insurance benefits is irrelevant.  It goes directly to her claim for consequential damages.  We ask that you provide a response.  Also with respect to RFPs 10 and 11, we ask for copies of the Decedent's application for life coverage, and any claim Plaintiff made.

With respect to RFP 21 for all documents supporting your claim for consequential damages, we are not asking for your legal strategy.  We are asking for documents that support your claim.  For example, mortgage statements, notices from creditor, etc.  The same holds true for RFP 22 (documents supporting Plaintiff's claim).

We disagree with your objection to our requests regarding prior court documents and statements that Plaintiff and the Decedent made under oath (RFPs 17, 18, and 19).  Not only do we believe these documents will have information relevant to the issues in this case, but to the extent Plaintiff made statements under oath, this could serve as impeachment evidence at trial.

We disagree.  Other than the fact that your client is now fishing for new reasons to justify its actions after we established its denial was completely wrong, as phrased, your request has no limit on years, topic, subject matter or otherwise.  A response to the RP as phrased would need to include a traffic hearing transcript from 25 years ago.  All of this is apart from the compete irrelevance of the request as well as that fact you haven't even identified any such

proceedings even exists.  We stand by our response.  We agree to narrow these requests to 2010.  However, we do not agree to limit in terms in terms of subject matter because we intend to use this information for impeachment in addition to fact gathering.

Further, your responses to ROG 16 and 17 are insufficient.  We asked you to describe and identify the communications Plaintiff or the Decedent had regarding the Application or the claim.  Your responses do not identify the type of communication, the form of communication, the date or whether any documents were exchanged.

I reviewed the responses.  They are clear as to what communications were spoken and what was written.  The question asks for specific dates, to the extent Plaintiff remembers.  Further, with respect to ROG 16, you state that Lisa Buckland told Plaintiff she would get a letter.  Please clarify whether you got such a letter and provide the date.  Additionally, please identify any communications with Dr. Hershman regarding the letter he sent, and to or from the agent during the application process.

Additionally, to the extent that you object to our discovery requests based on privilege, the Federal Rules require you to provide a privilege log.  We request that you provide one as soon as possible, and certainly by the end of this week.

As stated in the objections the WP objection is not based upon a particular document or documents.  It is based upon the fact that you are asking us to reveal our mental strategy by identifying specific testimony, law, and evidence that we will use to prove our case.  There is no privilege log to prepare.  We are not seeking your legal strategy in any of our requests.  That is, we are not asking you to apply specific facts to the law and make argument.  In any event, if you are not withholding documents on this basis, there is no need to provide a log.

I just responded individually to each of your specific concerns above,  Now you just lumped a bunch of other discovery responses in one batch (green highlighted) with the intro "Specifically we take issue …"  There is nothing specific about your description above, and we cannot respond to your general statement that you "take issue" with the responses.  We attempted to specifically state our issues with your responses above.

We also ask that you provide responsive documents, as none were produced with your responses.  Notably, there appear to be records missing from the documents Plaintiff provided Foresters during the claim process.  We ask that she provide all of the records she obtained from Dr. Hershman, including those she previously provided to Foresters.

I checked with Mrs. Vinas before the filing the response.  She provided you whatever the doctor put in the envelope that was mailed to your client.  She has nothing else to provide and the response is therefore accurate.  Obviously, we are not re-producing to you, documents

that you provided to us.  The law in this Circuit requires you to produce responsive documents, regardless of whether those documents were provided during the administrative process.  United States v. Kaman Precision Prods., Inc., No. 6:09-cv-1911-Orl-18GJK, 2010 WL 11626637 (M.D. Fla. Aug. 13, 2010) ("[D]iscovery produced prior to this lawsuit is irrelevant. Thus, to the extent Defendant relies on the production pursuant to the administrative subpoena, Defendant's response is insufficient and Defendant is directed to fully respond to the request for production in this case.").  If Plaintiff destroyed those documents, then you need to state as much in your response.

We also request that you have Plaintiff complete the notarization form attached to the Interrogatories.

Since we are required to confer under the Local Rules, let me know when you are available to discuss. I assume based on our most recent conversation that you are going to stand by your objections. If I am incorrect, please let me know. Otherwise, I plan to add these issues to the discovery hearing- assuming, of course, that we will still have a hearing in some fashion on March 27.

Finally, Dr. Hershman advised us that he does not want to proceed with his deposition on March 25 due to the COVID-19 pandemic. He wants to reschedule the deposition to sometime in May which beyond the discovery deadline. Let us know your position as to continuing the deposition for a later date beyond the discovery deadline.

I responded to the above three paragraphs on Tuesday.

**Kristina B. Pett**
**Partner**

# MH

**McDowell Hetherington** LLP
2385 N.W. Executive Center Drive
Suite 400
Boca Raton, FL 33431
P: 561-430-3021 F: 561-982-8985
www.mhllp.com

**CONFIDENTIALITY NOTICE**
The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and its attachments, if any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system.

**From:** Craig Greene <cgreene@kramergreen.com>

**Sent:** Thursday, March 19, 2020 10:17 AM
**To:** Kristina Pett <kristina.pett@mhllp.com>; Dana Birchall <dbirchall@kramergreen.com>; Joanne Napoli <JNapoli@kramergreen.com>
**Cc:** Danielle Shure <danielle.shure@mhllp.com>; Marcia Lamarque <marcia.lamarque@mhllp.com>; Jeanette Bellon <jbellon@kramergreen.com>
**Subject:** RE: Digna Vinas v. Foresters

Hi Tina,

See highlight below for a point by point response.

Naturally, if you have any questions, please feel free to contact me.

*Craig*



| | **Craig M. Greene, Esq.** |
|---|---|
| KRAMER, GREEN, ZUCKERMAN, GREENE & BUCHSBAUM, P.A. ATTORNEYS AT LAW | CGreene@KramerGreen.com |
| WWW.KRAMERGREEN.COM | Office 954-966-2112 |
| | Direct 954-362-3060 |
| Martindale-Hubbell AV PREEMINENT 2019 | Cell 954-290-4848 Fax 954-981-1605 |
| | Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A. |
| PREEMINENT PEER RATING MARTINDALE-HUBBELL | 4000 Hollywood Blvd. • Suite 485 South Hollywood, Florida 33021 |

THIS E-MAIL MESSAGE MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT(S), OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERY OF THIS MESSAGE TO THE INTENDED RECIPIENT(S), YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS E-MAIL MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER AND DELETE THIS E-MAIL MESSAGE FROM YOUR COMPUTER.

**From:** Marcia Lamarque <marcia.lamarque@mhllp.com> **On Behalf Of** Kristina Pett
**Sent:** Tuesday, March 17, 2020 10:44 AM
**To:** Craig Greene <cgreene@kramergreen.com>; Dana Birchall <dbirchall@kramergreen.com>
**Cc:** Danielle Shure <danielle.shure@mhllp.com>; Marcia Lamarque <marcia.lamarque@mhllp.com>
**Subject:** Digna Vinas v. Foresters

Hi Craig,

We are writing to confer regarding your written discovery responses, which are largely non-responsive and insufficient.

An issue that seems to pervade all of your responses is the appropriate scope of discovery. You appear to contend that Mr. Vinas's medical history, besides diabetes and kidney/sensory issues secondary to diabetes, are not relevant and that Foresters is not entitled to such

information/documents.  None of your cases address this issue.  If you have a case that expressly holds that in a rescission action, discovery is limited to documents pertaining the specific condition which was misrepresented, please share and we will review.  Otherwise, Florida law does not limit discovery in the manner you suggest.  This is especially true where, as here, the rescission letter reserves the right to consider the accuracy of all representations in the application based on information Foresters discovers at a later date.  Because there is no contrary authority, we ask that you revise all of your responses based on the understanding that we are not limited to information regarding Mr. Vinas's diabetes and secondary symptoms/conditions.  This general issue pervades all of your responses.

Our objections are based upon the scope of the claims and defenses presently plead as applied to Federal law. We cited you the authority we rely upon.  Do you have any authority that says you are entitled to go beyond what your CR testified was sufficient for Foresters to make its decision?  If so, please advise and I will immediately consider it.

To the extent you denied our requests for admission regarding the questions in the application based on what Mr. Vinas was "told," you have not answered the questions.  We asked about diagnoses – not what Mr. Vinas was told.  Also, Plaintiff claims that she did not go to a single appointment with Mr. Vinas, yet simultaneously claims she knows everything he was told.  These answers are inconsistent.

The problem is that you do not explain what you mean by "diagnosed."  As far as Mrs. Vinas is concerned, her husband was not diagnosed with the conditions you asked about as he was never told about any such conditions.  As such, she answered the RA by denying it appropriately and provided an explanation as required by the rules.  From our discussions at the deposition, however, I think I know the point you are trying to get at.  If you would like to clarify the request to ask Mrs. Vinas to admit that Dr. Hershman's medical records contain several Billing Codes that reference the conditions you asked about under the heading of "Assessment" I will check with her to be certain, but feel confident that would be unopposed.

Further, we ask that you revise your response to ROG 21 regarding your allegation that Mr. Vinas's misrepresentations were not material, and ROG 22 regarding the basis of your allegation that Foresters misapplied Florida law.  Simply pointing us to documents and deposition transcripts, without any further clarification, is non-responsive.

We disagree.  Despite the fact your interrogatory expressly asks us to explain our legal strategy by explaining why you are legally wrong and therefore violates the WP privilege, we provided you an answer.  Specifically, I directed you to the several hours of questioning with your CR going through the various reasons the alleged misrepresentations were not material both factually and under Florida law.  You were there when your CR explained how the guidelines applied to Mr. Vinas' medical records and concluded that but for one condition (that Mr. Vinas did not have), this policy should have been issues as "standard" and the claim paid.  It was powerful testimony that directly responded to this interrogatory.  I cannot

espouse it any better than he did.  As for 22, we objected in that you are expressly asking for our interpretation of the law as applied to these facts.  Nothing could more directly request WP strategy.  Nonetheless, I provided you the courtesy of an answer in that I went over this issue with your CR in detail.

Your response to ROG 15 is also insufficient.  Plaintiff stated that Mr. Vinas did not have a disability policy, but ROG 15 asks whether Mr. Vinas applied for disability benefits with various institutions, including the SSA, and is not limited to insurance benefits.

Answer 15 expressly adopted 14 and is clear that Mr. Vinas did not have SS disability.  To the extent it will resolve the matter, however, I will ask Mrs. Vinas to expressly state that Mr. Vinas did not apply for or receive SSA Disability insurance.  Please advise if that will clarify it sufficiently for you.

Additionally, we disagree with your objections to our requests regarding life insurance policies issued which covered Mr. Vinas's life.  Plaintiff does not identify any policies, yet through the discovery process, we learned that US Life issued a life insurance policy insuring Mr. Vinas's life.  Plaintiff's responses do not appear to be accurate.

While you did not specify which interrogatories you are referring to, I re-read the answers to Interrogatories 11-13. If those are the interrogatories you are referring to, the objections and answers are accurate.

We disagree with your objection to our requests regarding prior court documents and statements that Plaintiff and the Decedent made under oath (RFPs 17, 18, and 19).  Not only do we believe these documents will have information relevant to the issues in this case, but to the extent Plaintiff made statements under oath, this could serve as impeachment evidence at trial.

We disagree.  Other than the fact that your client is now fishing for new reasons to justify its actions after we established its denial was completely wrong, as phrased, your request has no limit on years, topic, subject matter or otherwise.  A response to the RP as phrased would need to include a traffic hearing transcript from 25 years ago.  All of this is apart from the compete irrelevance of the request as well as that fact you haven't even identified any such proceedings even exists.  We stand by our response.

Further, your responses to ROG 16 and 17 are insufficient.  We asked you to describe and identify the communications Plaintiff or the Decedent had regarding the Application or the claim.  Your responses do not identify the type of communication, the form of communication, the date or whether any documents were exchanged.

I reviewed the responses.  They are clear as to what communications were spoken and what was written.

Additionally, to the extent that you object to our discovery requests based on privilege, the Federal Rules require you to provide a privilege log. We request that you provide one as soon as possible, and certainly by the end of this week.

As stated in the objections the WP objection is not based upon a particular document or documents. It is based upon the fact that you are asking us to reveal our mental strategy by identifying specific testimony, law, and evidence that we will use to prove our case. There is no privilege log to prepare.

Specifically, we take issue with the following responses:

RFPs 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23.

RFAs 1 – 7.

ROGs 5, 6, 8, 11, 12, 13, 15, 16, 17, 21, 22.

We expect you to revise, answer or supplement.

I just responded individually to each of your specific concerns above, Now you just lumped a bunch of other discovery responses in one batch (green highlighted) with the intro "Specifically we take issue …" There is nothing specific about your description above, and we cannot respond to your general statement that you "take issue" with the responses.

We also ask that you provide responsive documents, as none were produced with your responses. Notably, there appear to be records missing from the documents Plaintiff provided Foresters during the claim process. We ask that she provide all of the records she obtained from Dr. Hershman, including those she previously provided to Foresters.

I checked with Mrs. Vinas before the filing the response. She provided you whatever the doctor put in the envelope that was mailed to your client. She has nothing else to provide and the response is therefore accurate. Obviously, we are not re-producing to you, documents that you provided to us.

We also request that you have Plaintiff complete the notarization form attached to the Interrogatories.

Since we are required to confer under the Local Rules, let me know when you are available to discuss. I assume based on our most recent conversation that you are going to stand by your objections. If I am incorrect, please let me know. Otherwise, I plan to add these issues to the discovery hearing- assuming, of course, that we will still have a hearing in some fashion on March 27.

Finally, Dr. Hershman advised us that he does not want to proceed with his deposition on March 25 due to the COVID-19 pandemic. He wants to reschedule the deposition to sometime in May which

beyond the discovery deadline. Let us know your position as to continuing the deposition for a later date beyond the discovery deadline.

==I responded to the above three paragraphs on Tuesday.==

**Kristina B. Pett**
**Partner**

McDowell Hetherington LLP

2385 N.W. Executive Center Dr., Suite 400
Boca Raton, FL 33431
P: 561-994-4311   F: 561-982-8985
Direct: 561-430-3021
kristina.pett@mhllp.com
www.mhllp.com

**CONFIDENTIALITY NOTICE**
The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail and its attachments, if any, or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and delete this e-mail from your system.