UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24100-COOKE/
GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER OF
FORESTERS,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO OVERRULE PLAINTIFF'S SUBPOENA OBJECTIONS AND
RESPONSES TO DEFENDANT'S WRITTEN DISCOVERY**

Plaintiff, Digna Vinas ("Vinas"), hereby files her Response to the Independent Order of Foresters' ("Foresters") Motion to Overrule Plaintiff's Subpoena Objections and Responses to Defendant's Written Discovery (D.E. 61) and states:

**PRELIMINARY STATEMENT**

The present Motion which seeks only that Plaintiff's Objections be overruled, is completely unnecessary. Specifically, as the Court reviews each of the Plaintiff's <u>actual</u> responses to the discovery at issue (as opposed to Defendant's inaccurate summary of those responses), the Court will find that while Plaintiff interposed objections for the reasons set forth therein[1], immediately after the objection, Plaintiff provided substantive, definitive and binding responses to each of the interrogatories and requests for production at issue; a fact somehow omitted from Foresters' Motion. (See highlighted portions of Exhibits A and B to

---

[1] Contrary to Defendant's assertion of being "boilerplate objections", each objection provided a detailed basis for the objection as well as a case and rule citation.

this Response, respectively).  Indeed, though disfavored by some courts, after preserving objections, Plaintiff provided responses to the discovery for the express purpose of **avoiding** unnecessary motion (or hearing) practice to address the objections.  This seemed reasonable where, as here, the Plaintiff either didn't have requested documents or was willing to answer interrogatories after preserving valid objections. In fact, apart from RP 21 and 22 and Rog 13, Vinas provided a substantive response to every Interrogatory and RP. Nonetheless, Plaintiff provides the following individual responses to Defendant's Motion to Overrule Objections.

## ARGUMENT AND MEMO OF LAW
### Subpoenas

This Breach of Contract case was filed on Oct. 4, 2018 as the result of Foresters' April 5, 2017 denial of Vinas' claim for life insurance benefits following the death of her husband, Rigoberto.[DE 1, Ex. C]. That denial was based solely on Foresters' review of medical records from Mr. Vinas' physician, Kenneth Hershman in which Foresters claimed Mr. Vinas lied on his application for insurance. The Court's Order Setting Trial Date and Pretrial Deadlines set April 3, 2020 as fact discovery cutoff. [DE 21 at 2]. Defendant propounded no discovery for over 17 months. Then, on February 18, 2020, March 9, 2020, and March 16, 2020 (45, 35 and 16 days respectively) before the discovery cutoff, Foresters threw out a proverbial discovery dragnet, including proposing subpoenas to six entities (Kendall Reg. Med Center, Humana Ins. Comp., S. Flor. Diag. Imaging, Quest Diagnostics, LabCorp, and U.S. Life Ins. Comp.). Incredibly, none of these entities had anything to do with the basis for the insurer's denial, its affirmative defenses, or even its own Counterclaim. [Ex. C, DE 34 at 4, 5, 8-10].

In an example of the epitome of insurance claim irony, Foresters claims it was justified in denying Plaintiff's claim in April 2017 based solely on Dr. Hershman's records, yet, now

tries to justify subpoenaing <u>totally unrelated decades-old</u> records from sources the carrier <u>never even considered</u> when it denied the claim and the breach of contract occurred. Such discovery goes well beyond relevant discovery related to "the present claims and defenses".

"The rule change signals to the court that it has the authority to confine discovery to the <u>claims and defenses asserted in the pleadings</u>, and signals to the parties that they <u>have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings</u>." See Adv. Comm. Notes to 2000 Amendments to Rule 26(b)(1). The amendment is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." <u>State Farm Mutual Auto. Ins. Co. v. Fayda</u>, 2015 WL 7871037, at *2 (S.D.N.Y. 2015). Foresters' last-minute subpoenas and service of interrogatories and RPs, that go well beyond the claims and defenses raised in the pleadings (as well as its own denial letter), is nothing more than a desperate attempt to find some justification for its denial. That is not what discovery is for!

### Interrogatories and Requests for Production

Regarding Vinas' responses to Foresters' RFP's 4, 5, and 6 and Rogs 5, 6, and 15, the carrier's argument is that Vinas cannot rely on documents Vinas had produced during the underlying claims [DE 61 at 3-4]. Plaintiff must respectfully ask if Foresters even read Plaintiff's responses. In RFP's 4, 5, and 6, after stating her objection, Vinas expressly responded, and stated: <u>she was not in possession of any documents responsive to the request and added that if any such documents did exist, they would be contained within the documents listed in RFP 1</u>. In turn, Vinas' response to RFP 1 <u>specifically</u> lists documents that either Vinas or Foresters produced, <u>not</u> during the claims process, but **during the litigation**

3

**itself**!! [Ex. B at 1-2]. So, in addition to filing a motion to overrule an objection where an answer has been provided, Foresters is further wasting the Court's time seeking to have Vinas <u>re-produce</u> to Foresters, documents Foresters itself had already produced to Vinas <u>in this litigation</u>. To make matters worse, undersigned expressly explained this to Foresters during the good faith attempt to resolve the issue when undersigned wrote: "… She [Ms. Vinas] has nothing else to provide and the response is therefore accurate. Obviously, we are not re-producing to you, **documents that you provided to us**." (DE 61-5 at 4-5) (Emph. Supp.).

Rogs 5 and 6 asked Vinas to list medications Mr. Vinas took and medical conditions he had. After objecting, Mrs. Vinas <u>expressly answered</u> the question and stated she was unaware of any medications her husband took for diabetes or any medical condition other than as explained in answer to Rog 1. In Rog 1, Vinas answered that an insurance examiner years before had incorrectly advised Mr. Vinas he had diabetes. Mr. Vinas checked with Dr. Hershman who expressly advised Mr. Vinas <u>did not</u> have diabetes. (Ex. A 3-4). As such, not only does Foresters' Rog go far beyond the pleadings that claim a misrepresentation relating to diabetes, the Rog has also been <u>expressly</u> answered. There is simply nothing for the Court to order … and no reason to overrule an objection to a question that has been answered.

Rog 15 asks if Mr. Vinas ever applied for benefits under a disability policy. Vinas' response, "asked and answered" referred to her answer to Rog 14 which expressly stated; "my late husband had no disability insurance." (Ex. A14-15). Obviously, if Mr. Vinas did not have disability insurance, he could not apply for benefits under a disability policy he didn't have!

RFP 10 asks for other life insurance applications made by Mr. Vinas. While Vinas objected for the reasons stated above, she again responded that she was not in possession of any such documents. (Ex. B at 6-7). Mrs. Vinas cannot produce documents she doesn't have.

4

Defendant's characterization of Vinas' Response to Rogs 16 and 17 is <u>completely false</u>! In her answer to Rog 16, Mrs. Vinas expressly stated: "I spoke with Lisa Buckland who advised that our claim was being denied and that I would receive a letter explaining." Vinas provided an even more detailed six sentence completely responsive answer to Rog 17. (Ex. A at 15-16). Both questions were answered in detail. Again, there is nothing for the Court to order … and no reason to overrule an objection to questions that have been answered.

Foresters wastes more time arguing the documents requested in RFP 17 and 18 are relevant [DE 61 at 5]. While Vinas disagrees for the reasons stated, Ms. Vinas stated she had no such documents. (Ex. B at 10-12). Foresters further argues that Rog 13, which asks if Vinas ever applied for benefits under any life policy, other than the Certificate, is relevant to Vinas' damages. [DE 61 at 5]. Vinas properly objected to Rog 13, as it is irrelevant to the claims and defenses that have been pled in this case. (Ex. A at 13-14).

Finally, with regards to Rogs 20, 21, and 22, each interrogatory asks Plaintiff for the "factual basis" for various allegations in Plaintiff's Complaint. Plaintiff responded by referring Foresters to the deposition of its corporate representatives taken on March 4 and 5, 2020 as well as the medical records of Dr. Hershman and the 20+ exhibits attached to the CR's depositions. (Ex. A at 16-18). In those depositions, Plaintiff spent approximately 3½ hours the first day establishing the facts that Mr. Vinas <u>did not</u> have diabetes and was therefore never told he <u>did</u> have diabetes or any secondary conditions. All the questions and answers, back and forth, over that approximately 3½ hour time period including the attached documents, provided "the factual basis" for Plaintiff's allegations. Similarly, on March 5th, another Foresters' representative provided detailed factual testimony clearly establishing that, applying Foresters' underwriting guidelines to Vinas' medical history, Foresters would have

issued a standard life insurance policy <u>and the claim should have been paid</u>. Foresters' counsel was sitting next to the witness during the two days of devastating testimony which unquestionably provided the factual basis Foresters inquired about in interrogatories 21-23.

  I HEREBY CERTIFY that on March 26, 2020, the foregoing document was served via the CM/ECF system to Kristina B. Pett, Esq., Danielle Shure, Esq., McDowell Hetherington LLP, Attorneys for Defendant, 2101 N.W. Corporate Blvd. Suite 316, Boca Raton, FL 33431, kristina.pett@mhllp.com, Danielle.shure@mhllp.com .

              KRAMER, GREEN, ZUCKERMAN,
              GREENE & BUCHSBAUM, P.A.
              Co-Counsel for Plaintiff
              4000 Hollywood Blvd., Suite 485-S
              Hollywood, FL  33021
              (954) 966-2112 – phone
              (954) 981-1605 – fax

              By:   /s/ Craig M. Greene
                  Craig M. Greene, Esq.
                  Fla. Bar No. 618421
                  cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrian@mintztruppman.com