UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-
COOKE/GOODMAN

DIGNA VINAS,

    Plaintiff/Counter Defendant,

v.

THE INDEPENDENT
ORDER OF
FORESTERS,

    Defendant/Counter Plaintiff.
_____/

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Plaintiff, DIGNA VINAS, by and through undersigned counsel and pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby give notice that she has served Objections and Responses to Defendant, THE INDEPENDENT ORDER OF FORESTERS, First Request for Production and states:

1. All documents You relied upon in answering each Interrogatory.

   **RESPONSE:** **While Plaintiff may not have "relied" on any particular document or documents, documents referred to or considered in the Answers to Interrogatories were:**
   - **Documents listed in Plaintiff's Initial Disclosures;**
   - **All document sin Defendant's claim file;**
   - **All documents attached to Foresters corporate representative's and witnesses' depositions;**
   - **Dr. Hershman's medical records;**

   **All the documents referenced above have been provided to or actually obtained from**

1

**EXHIBIT "B"**

**and are presently equally available to Foresters.  As such, Plaintiff will not be producing another set of these documents.**

2.      All documents You were asked to identify, or identified, in response to Foresters' First Set of Interrogatories.

**RESPONSE:   See Response to Request for Production no. 1.**

3.      All documents and communications between You, the Decedent, and/or Foresters relating to the Application, Questionnaire or the Certificate.

**RESPONSE:   Any documents responsive to request for production no. 3, as phrased, are contained within the documents listed in response to request for production no. 1.**

4.      All documents that refer or relate to any medications, supplements, or natural or herbal treatments used by the Decedent since January 2005.

**RESPONSE**: **Objection.  This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015.  The request for production is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See <u>Glatter v. MCS Cruises, S.A.</u>, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL**

2

**8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of any documents responsive to request for production no. 4, as phrased. If any such documents exist, they would be contained within the documents identified in Plaintiff's Response to Request for Production no. 1.**

5.     All documents that refer to, reflect or otherwise provide the identities of any doctors, physicians, therapists, or other health care providers with whom the Decedent consulted or by whom the Decedent was seen or treated since January 2005.

RESPONSE:    **Objection. This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation. See Archer v. City of Winter Haven, 2017 WL 3840435 \*2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015. The present request for production asks for documents that "refer to, reflect or otherwise provide the identities of" a series of healthcare providers that the decedent had seen for the 12 year period prior to his death in 2017. This request is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense**

that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

**Without waiving, and consistent with, the above objections, any documents which may be responsive to Defendant's request for production as phrased would be contained within the documents identified in Plaintiff's Response to Request for Production no. 1.**

6.      All documents and communications relating to the Decedent's health from

January 2005 until his death.

RESPONSE: **Objection. This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation. See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015. The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic**

neuropathy and/or nephropathy in the January 15, 2015 application.  See <u>Glatter v. MCS Cruises, *S.A.*</u>, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL 8715540 (S.D. Fla. 2008) citing <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

**Without waiving, and consistent with, the above objections, any documents which may be responsive to Defendant's request for production as phrased would be contained within the documents identified in Plaintiff's Response to Request for Production no. 1.**

7. All documents relating to Your claim for benefits under the Certificate.

**RESPONSE**: **Objection, this request for production is vague and ambiguous in that what defendant means by documents "relating to [Plaintiff's claim]". Nonetheless, assuming Foresters means documents which support Plaintiff's claim and establish that Foresters' denial was unsupported and incorrect, Plaintiff believes such documents are contained within the documents referenced in response to request for production no. 1.**

8. All documents relating to the Decedent's diabetes diagnoses, attendant symptoms, any complications associated with it, and any secondary kidney or sensory problems.

**RESPONSE**: **Objection, this request for production as phrased assumes that Mr. Vinas was diagnosed with diabetes as well as secondary kidney and sensory problems.  Mr. Vinas never received any such diagnosis from any treating physician. As such, Plaintiff is not in possession or control of any documents responsive to request for production no. 8 as phrased.**

9. All documents and communications relating to any policies of health insurance insuring the Decedent since January 2005.

5

RESPONSE: **Objection.   This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See** <u>Archer v. City of Winter Haven</u>**, 2017 WL 3840435 \*2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case);** <u>In re: Takata Airbag Products Liability Litigation</u>**, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015.   The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See** <u>Glatter v. MCS Cruises, S.A.</u>**, 2019 WL 1300896 \*1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses");** <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>**, 2008 WL 8715540 (S.D. Fla. 2008) citing** <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>**, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting** <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>**, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

==**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of any documents responsive to request for production no. 9 as phrased.**==

10. All documents and communications relating to any application(s) for life insurance coverage on the Decedent's life submitted by or on behalf of the Decedent to any life insurer since January 2005.

6

RESPONSE: **Objection.  This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See** Archer v. City of Winter Haven**, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case);** In re: Takata Airbag Products Liability Litigation**, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015.  The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See** Glatter v. MCS Cruises, S.A.**, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses");** Viking Yacht Co. v. Affiliated FM Ins. Co.**, 2008 WL 8715540 (S.D. Fla. 2008) citing** Food Lion, Inc. v. United Food & Commercial Workers Intern. Union**, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting** Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.**, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of documents responsive to request for production no. 10 as phrased other than documents with respect to the present insurance policy.  Those documents are more fully described in response to request for production no. 1.**

11.    All documents and communications relating to any claim for benefits under

a life insurance policy insuring the life of the Decedent.

RESPONSE: **Objection. This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation. See** Archer v. City of Winter Haven, **2017 WL 3840435 \*2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case);** In re: Takata Airbag Products Liability Litigation, **2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015. The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See** Glatter v. MCS Cruises, S.A., **2019 WL 1300896 \*1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses");** Viking Yacht Co. v. Affiliated FM Ins. Co., **2008 WL 8715540 (S.D. Fla. 2008) citing** Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, **103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting** Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., **21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

==**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of documents responsive to request for production no. 11 as phrased other than documents with respect to the present insurance policy. Those documents are more fully described in response to request for production no. 1.**==

12. All documents and communications relating to the Decedent's claim for disability benefits under any disability policy or other insurance policy insuring against

8

disability such as mortgage, auto, or travel insurance; workers' compensation benefits; Social Security disability benefits; unemployment benefits; or pension or retirement benefits in connection with any alleged disability since 2005.

RESPONSE: **Objection. This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation. See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015.  The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See <u>Glatter v. MCS Cruises, S.A.</u>, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL 8715540 (S.D. Fla. 2008) citing <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

==**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of any documents responsive to request for production no. 12 as phrased.**==

13. All documents relating to statements made by any witness or witnesses or persons interviewed in connection with this case concerning any matters alleged in the Amended Complaint.

**RESPONSE: Objection, this request for production is overbroad, vague, ambiguous and requests documents which may be protected by the attorney work product privilege. Furthermore, to the extent that medical records are deemed to be "statements", Foresters is already in possession of Dr. Hershman's medical records. Other than that, Plaintiff not in possession or control of documents responsive to this request for production.**

14. All documents relating to correspondence, records, notes, summaries, reports or opinions provided to, received from, or prepared by, anyone who may be called as an expert witness at trial in this matter.

**RESPONSE: Objection. Work product privilege. Plaintiff has yet to determine who her expert witnesses are and/or whether she will be retaining any expert witnesses. Plaintiff's expert witness disclosure is due April 17, 2020, pursuant this Court' Order Setting Civil Trial Date and Pretrial Deadlines.**

15. All documents or items of tangible property Plaintiff may use at trial for any purpose whatsoever.

**RESPONSE: Objection. Work product privilege. Plaintiff has yet to determine what exhibits she will use at trial. An exhibit list will be submitted at the time of trial pursuant this Court' Order Setting Civil Trial Date and Pretrial Deadlines.**

16. All documents or items of tangible property that Plaintiff does not intend to produce at the time of trial, but where Plaintiff may produce testimony or other evidence representing the nature, content or characteristics of such documents or items of tangible property.

**RESPONSE: Objection. Work product privilege. Plaintiff has yet to determine what exhibits she will use at trial. An exhibit list will be submitted at the time of trial pursuant this Court' Order Setting Civil Trial Date and Pretrial Deadlines.**

17. All pleadings, motions, transcripts of hearings, depositions or trial,

discovery notices or responses or other documents served, taken or filed in any lawsuits in which Plaintiff was a party, other than this litigation with Foresters.

RESPONSE.   Objection.  This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See Archer v. City of Winter Haven, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); In re: Takata Airbag Products Liability Litigation, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015.  The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See Glatter v. MCS Cruises, S.A., 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of any documents responsive to request for production no. 17 as phrased.**

18.     All of Plaintiff's statements, depositions, and examinations under oath for

the period 2005 thorough present.

RESPONSE. Objection. This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation. See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection Plaintiff states:

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015. The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See <u>Glatter v. MCS Cruises, S.A.</u>, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL 8715540 (S.D. Fla. 2008) citing <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

==**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of any documents responsive to request for production no. 18 as phrased.**==

19. All of Decedent's statements, depositions, and examinations under oath for

the period 2005 until his death.

RESPONSE.   Objection.  This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)).  Without waiving said objection Plaintiff states:

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015.  The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See <u>Glatter v. MCS Cruises, S.A.</u>, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL 8715540 (S.D. Fla. 2008) citing <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

==**Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of any documents responsive to request for production no. 19 as phrased.**==

20.    All calendars, journals, diaries, appointment books or other similar documents, including those stored electronically on Outlook, Yahoo, G-Mail, or the like, relating to the physical condition of the Decedent for the period 2005 through his death.

13

RESPONSE.  Objection.  This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation.  See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection Plaintiff states:

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015.  The present request for production requests documents which are completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application.  See <u>Glatter v. MCS Cruises, S.A.</u>, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, 2008 WL 8715540 (S.D. Fla. 2008) citing <u>Food Lion, Inc. v. United Food & Commercial Workers Intern. Union</u>, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting <u>Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc.</u>, 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).**

==Without waiving, and consistent with, the above objections, Plaintiff is not in possession or control of any documents responsive to request for production no. 20 as phrased.==

21. All documents supporting Plaintiff's claim that she sustained consequential damages as a result of Foresters' decision to deny her claim for the death benefits.

<u>RESPONSE</u>: Objection, this request for production as phrased is overbroad

14

**and invades upon the attorney work product privilege in that it requires Plaintiff to produce all documents counsel to identify the specific documents and litigation strategy counsel will use to prove that aspect of the case. Plaintiff cannot provide a privilege log for these documents as to do so would defeat the substance of the objections.**

22. All documents supporting Plaintiff's claims in this lawsuit to the extent not produced in response to a previous request.

**RESPONSE:** **Objection, this request for production is vague, overbroad, ambiguous and, as phrased, invades upon the attorney work product privilege. Without waiving said objection, however, some of the documents which clearly establish Foresters breached its contract with Plaintiff were identified in response to Defendant's request for production no. 1. Other documents Plaintiff intends to rely upon at trial of this matter will be appropriately listed in compliance with this Court's Pretrial Order.**

23. Signed and notarized authorizations in the form attached for the release of records that are in the custody of third parties.

RESPONSE: **Objection. This request for production is overbroad in time and scope, irrelevant and not proportional given the basis for Forester's denial of Plaintiff's claim and the issues to be addressed in this litigation. See <u>Archer v. City of Winter Haven</u>, 2017 WL 3840435 *2 (M.D. Fla. 2017) (medical information and records sought over a ten year period was not an appropriate timeframe and not proportionate to the needs of this case); <u>In re: Takata Airbag Products Liability Litigation</u>, 2016 WL 1460143 (S.D. Florida 2016) (The recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). Without waiving said objection Plaintiff states:**

**Vinas sued Forester's for Breach of Contract as a result of Forester's denial of her life insurance claim. Forester's denial and defense in this case was based upon its assertion that Mr. Vinas made an alleged misrepresentation relating to diabetes and/or kidney/sensory problems secondary to diabetes. (Foresters Answer Defenses and Counterclaim D.E. 34 Pg. 9 ¶18). The present request for production asks for documents that refer or relate to all medications, supplements, or natural or herbal treatments used by the Decedent from 2005 through 2015. The present request for production asks for documents that "refer to, reflect or otherwise provide the identities of" a series of healthcare providers that the decedent had seen for the 12 year period prior to his death in 2017. This request is completely irrelevant to either Vinas' claim for Breach of Contract or Defendant's defense that Vinas failed to provide his best knowledge and belief as to diabetes, diabetic neuropathy and/or nephropathy in the January 15, 2015 application. See <u>Glatter v. MCS</u>**

15

Cruises, *S.A.*, 2019 WL 1300896 *1, 4 (S.D. Fla. 2019) ("the determination of what is relevant for discovery purposes depends on the parties' claims and defenses"); Viking Yacht Co. v. Affiliated FM Ins. Co., 2008 WL 8715540 (S.D. Fla. 2008) citing Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (C.A.D.C.1997) (quoting Broadway and Ninety Sixth Street Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y.1958)) (Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); Federal Rule of Civil Procedure, Rule 26(b)(1) Committee Comments (The Rule was amended in 2000 and signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings).

**Without waiving, and consistent with, the above objections, any documents which may be responsive to Defendant's request for production as phrased would be contained within the documents identified in Plaintiff's Response to Request for Production no. 1.**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 13, 2020, the undersigned electronically served this date to Kristina B. Pett, Esq., Danielle E. Shure, Esq., Dowell Hetherington LLP, 2101 N.W. Corporate Blvd. Suite 316, Boca Raton, FL 33431, kristina.pett@mhllp.com, Danielle.shure@mhllp.com.

    KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL 33021
(954) 966-2112 – phone
(954) 981-1605 - fax

By: /s/ Craig M. Greene
Craig M. Greene, Esq.
Fla. Bar No. 618421
cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com