UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

      Plaintiff/Counter Defendant,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

      Defendant/Counter Plaintiff.
_____/

**DECLARATION OF KRISTINA B. PETT, ESQ. IN RESPONSE
TO THIS COURT'S PAPERLESS ORDER (DOC. 66)**

I, Kristina B. Pett, declare and state as follows:

1. I am over twenty-one (21) years of age and am fully competent to make this Declaration. I have personal knowledge of the facts set forth in this Declaration, which are true and correct.

2. I am an attorney with the law firm of McDowell Hetherington LLP ("MH"), 2385 N.W. Executive Center Drive, Suite 400, Boca Raton, Florida 33431. I am counsel of record for Defendant The Independent Order of Foresters ("Foresters") in the above-captioned lawsuit. I am authorized by Foresters to make this Declaration in response to this Court's Paperless Order (Doc. 66).

3. On February 18, 2020, Foresters served Plaintiff with a Notice that it would be issuing subpoenas to: (1) Hershman Medical Center ("Hershman"); (2) Humana Inc. ("Humana"); (3) Kendall Regional Medical Center ("Kendall"); and (4) South Florida

Diagnostic Imaging ("S. Florida").  See Notice of Issuance of Non-Party Subpoenas (Doc. 61-3; "Notice") at pp. 1-31.  Without any objection from Plaintiff's counsel, Foresters issued these subpoenas for service and provided the subpoenas to Burke Investigative Process Services Inc. ("Burke") for service on February 19, 2020.

4. On February 21, 2020, Burke served Kendall.  See Return of Service attached as **Exhibit 1**.

5. On February 24, 2020, Burke served Humana.  See Return of Service attached as **Exhibit 2**.

6. On February 24, 2020, Plaintiff's counsel sent an e-mail objecting to the scope of the subpoenas.  See E-Mails (Doc. 61-4) at p.1 Two days later, Plaintiff's counsel advised that he intended to send the following to each of the subpoena recipients:

> Undersigned counsel represents Plaintiff, Digna Vinas, in a lawsuit brought by Digna Vinas against The Independent Order of Foresters.  We understand Foresters has issued a subpoena requesting production of documents to be produced.  Mrs. Vinas objects to the scope of the subpoena in that it requests documents which exceed the scope of the issues before the Court.  We have advised Foresters of our objection and **ask that you not produce the subpoenaed documents until the parties have had an opportunity to resolve the matter or have the issues ruled upon by the Court**.

See February 26, 2020 E-Mail attached as **Exhibit 5** (emphasis added),

7. On March 3, 2020, Foresters served Plaintiff with a Notice that it would be issuing an amended subpoena to Kendall at a different address.  This subpoena has not been served.  See Notice at pp. 32-41.

8. On March 3, 2020, Burke served S. Florida.  See Return of Service attached as **Exhibit 3**.

9. On March 4, 2020, Burke served Hershman. See Return of Service attached as **Exhibit 4**.

10. Later that day, Plaintiff's counsel advised by e-mail that he believed "any discovery other than that to Dr. Hershkowitz (sic) is irrelevant," and that he would be "asking the subpoena recipients to hold off on responding until the court can rule on the issue." See E-Mails at p.5.

11. On March 10, 2020, a representative from S. Florida spoke with Brenda G. Kronzek, Paralegal at MH, and indicated that Plaintiff's counsel instructed her not to produce any records.

12. Similarly, on March 11, 2020, a representative from Humana left a voicemail for Ms. Kronzek indicating that Plaintiff's counsel instructed him not to produce any documents.

13. On March 16, 2020, Foresters served Plaintiff's counsel with a Notice that it would be serving subpoenas on: (1) LabCorp Tampa ("LabCorp") and (2) Quest Diagnostics Incorporated ("Quest"). See Notice at pp. 41-55. Foresters has not served these subpoenas. In the Motion to Overrule Plaintiff's Subpoena Objections (Doc. 61), Foresters was referring to these three subpoenas when it stated that it was holding some of the subpoenas for service. See Motion at p. 2 n.2.

14. Later that day, Plaintiff's counsel sent an e-mail asking Foresters to advise whether it served LabCorp or Quest so he could "request the recipient not to respond until the Court has ruled" on his objections. See E-Mails at p.3. Foresters confirmed that these subpoenas had not been served.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this 31st day of March, 2020, at Boca Raton, Florida.

s/Kristina B. Pett
Kristina B. Pett