UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

    Plaintiff,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

    Defendant.
_____/

## THE INDEPENDENT ORDER OF FORESTERS' REPLY IN SUPPORT ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

The arguments raised in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 102; "Response") do not save Counts I and III of the Second Amended Complaint from dismissal and this Court should not allow Plaintiff to proceed with these meritless claims.[1] In order to save her claims from dismissal, Plaintiff asks this Court to disregard Foresters' payment of the Death Benefit, plus interest, and agreement to pay reasonable attorney's fees and recoverable costs, which fully compensated her for any alleged injury. Despite this reality, and in contravention of Florida law, Plaintiff asks this Court to allow her to do an end run around Fla. Stat. § 624.155, to assert a phantom claim for fraudulent inducement in connection with the sale of the Certificate even though Foresters honored the Certificate and paid Plaintiff's claim.

---

[1] In her Opposition, Plaintiff conceded that Count II of the Second Amended Complaint is moot and should be dismissed. See Response at 7.

The Response, moreover, is riddled with inapplicable case-law, and fails to show that Plaintiff's allegations are sufficient under Rule 9's heightened pleading requirements. Plaintiff inappropriately relies on the Court's Endorsed Orders (Docs. 90 and 100) granting leave to file the amended pleading and declining a stay of discovery as grounds for denying the Motion to Dismiss (Doc. 95; the "Motion"). However, these Orders do not address the parties' arguments on the merits and are not relevant to the issues currently before the Court. For the reasons stated in the Motion and this Reply, the Second Amended Complaint should be dismissed with prejudice.

**A. Count I for breach of contract should be dismissed under Article III and Rule 12(b)(6) because Foresters fulfilled all contractual obligations and Plaintiff has not sustained a legally cognizable injury.**

Plaintiff fails to meaningfully refute that her breach of contract claim should be dismissed under Rule 12(b)(6), and under Article III as moot, insofar as Foresters paid Plaintiff the full Death Benefit, plus interest, and agreed to pay her reasonable attorney's fees and costs, and because Plaintiff has not sustained a legally cognizable injury, as Foresters already made her whole. Plaintiff's claim that she is entitled to consequential damages is nothing more than an attempt to recover a windfall. Contrary to Plaintiff's unsupported assertion, Foresters' payment of interest compensated her for the alleged delay in payment. See Md. Cas. Co. v. Fla. Produce Distribs., Inc., 498 So. 2d 1383, 1384 (Fla. 5th DCA 1986) ("It is precisely for this delay in the payment of money that additional damages are allowed in the form of prejudgment interest."); see also Shideler v. Conn. Gen. Life Ins. Co., 563 So. 2d 1082, 1084 (Fla. 5th DCA 1990) (Prejudgment interest is a legally recognized "means to transfer to the prevailing party the gain the losing party realized, or could have realized, from the use of the

money during the relevant time period."); Baxter v. Royal Indem. Co., 285 So. 2d 652, 657 (Fla. 1st DCA 1973)[2] ("The penalty imposed by law on the insurer for its failure to settle [or resolve] the claim of its insured within a reasonable time is the payment of interest at the legal rate."). "To charge the insurer prejudgment interest on the delayed payment of the money due and also charge it for the loss of use of the damaged property [ie, consequential damages] would be to make the insurer pay twice for essentially the same thing." Fla. Produce Distribs., Inc., 498 So. 2d at 1384-85. Notably, Foresters paid interest at the rate of 8%, which is more than the 3.92% interest rate required by Fla. Stat. § 627.4615. See Fla. Stat. § 627.4615 (stating that the interest rate must be at least equal to the Moody's Corporate Bond Yield Average-Monthly Average Corporate as of the day the claim was received, which was 3.92% on January 12, 2017, when Plaintiff filed her claim).

Further, in the Response, Plaintiff does not refute that the Second Amended Complaint lacks any allegations that Foresters and Mr. Vinas contemplated paying the consequential damages Plaintiff seeks, including all "monthly expenses," all "unpaid debts," and costs associated with a pending collection action and the speculative judgment which has not been entered. To get around this pleading deficiency, Plaintiff distorts Florida law and claims that consequential damages are recoverable if they were foreseeable, regardless of whether they were contemplated. This is patently wrong. In Macola v. Gov't Empls. Ins. Co., 953 So. 2d 451 (Fla. 2006), Florida's Supreme Court recognized that in breach of contract actions against an insurer, "damages [are] limited to those contemplated by the parties in the insurance policy."

---

[2] Although Baxter was decided before Florida enacted Fla. Stat. § 624.155, its statement regarding the purpose of prejudgment interest remains viable.

Id. at 455; see also Talat Enters. v. Aetna Cas. & Sur. Co., 753 So. 2d 1278, 1283 (Fla. 2000) ("In the context of a first-party insurance claim, the contractual amount due the insured is the amount owed pursuant to the express terms and conditions of the policy." Not only is Plaintiff wrong, but in QBE Ins. Corp. v. Chalfonte Condo. Apt. Ass'n, 94 So. 3d 541 (Fla. 2012), Florida's Supreme Court cautioned against the dangers of holding an insurance company liable for all foreseeable damages, and "specifically declined to adopt the doctrine of reasonable expectations in the context of insurance contracts, concluding that construing insurance policies under this doctrine can only lead to uncertainty and unnecessary litigation." Id. at 549.

Further, the cases cited by Plaintiff do not support her proposed interpretation of Florida law. In Life Investors Ins. Co. of Am. v. Johnson, 422 So. 2d 32 (Fla. 4th DCA 1982), the court recognized that damages "which were in contemplation of the parties at the inception of the contract" may be recoverable. Id. at 34. The same is true of Manor House, LLC v. Citizens Prop. Ins. Corp., 277 So. 3d 658 (Fla. 5th DCA 2019), where the court held that the plaintiff should have been given "the opportunity to prove whether the parties contemplated" that it sustained the consequential damages at issue. Id. at 661-62.[3] Plaintiff's other case, Bizrocket.com, Inc. v. Interland, Inc., No. 04-60706-CIV-2005 WL 8168264, (S.D. Fla. Nov. 15, 2005), also recognized that "[u]nder Florida law, 'damages recoverable by an party injured by a breach of contract are those that naturally flow from the breach and can **reasonably be said to have been contemplated by the parties at the time the contract was entered into**."

---

[3] Florida's Supreme Court granted review of Manor House, LLC v. Citizens Prop. Ins. Corp., 277 So. 3d 658 (Fla. 5th DCA 2019) and is considering whether Florida law allows an insured to recover consequential damages in an action which was not brought under Fla. Stat. § 624.155.

Id. at *4 (emphasis added).  Although the Court held that it was "not necessary to prove that the parties contemplated the precise injuries that occurred so long as the actual consequences could have reasonably been expected to flow from the breach," it denied the plaintiff's claim for extra-contractual damages because "the record [wa]s devoid of any evidence suggesting that a reasonable person could have contemplated" the damages sought.  Id. at **4-5.

Additionally, Plaintiff fails to cite any authority supporting that her claim for consequential damages meets Rule 9(g)'s specificity requirements.  Although Rule 9(g) does not require Plaintiff to plead the specific dollar amount she seeks, she must notify Foresters of the nature of the special damages claimed.  Landsman v. City of Vero Beach, No. 13-14375-CIV-GRAHAM/LYNCH, 2015 WL 10960951, at *2 (S.D. Fla. Oct. 21, 2015).  Plaintiff's general request for "all unpaid bills" tells Foresters nothing about the nature of these unpaid bills, and does not enable Foresters to defend against her allegation that the allegedly untimely payment caused her to incur these mysterious bills.

### B. Count III for fraudulent inducement should be dismissed because Plaintiff lacks standing and fails to allege that Foresters made any misrepresentations sufficient to underpin a fraud in the inducement claim.

As a threshold matter, Plaintiff fails to refute that she lacks standing to pursue a claim that Foresters fraudulently induced Mr. Vinas to purchase the Certificate.  To get around this dispositive issue, Plaintiff once again distorts Florida law.  Contrary to Plaintiff's assertion, in Branch Banking & Trust Co. v. Appraisalfirst, Inc., No. 10-21141-CIV-GOLD/MCALILEY, 2010 WL 11596299 (S.D. Fla. July 7, 2017), the Court did not consider whether the plaintiff was a third party beneficiary to evaluate whether she had standing to pursue a fraudulent misrepresentation claim.  First, the Court determined that as a non-third party beneficiary, the

plaintiff lacked standing to assert a breach of contract claim. Id. at **3-4. Instead of ending its analysis, the Court went on to analyze, in a completely separate section of the opinion, that the plaintiff also lacked standing to assert a fraudulent misrepresentation claim because the alleged misrepresentation was not made to the plaintiff, and the plaintiff was not been assigned rights to pursue this claim from the party who had standing. Id. at *4. Notably, Plaintiff neither alleges in the Second Amended Complaint, nor argues in the Response, that Foresters made any representations **to her**, or that Mr. Vinas assigned his rights to her. Plaintiff relies solely on her status as third-party beneficiary to establish standing, and cites a litany of inapplicable cases showing that this is sufficient to establish standing for a breach of contract claim. Branch Banking, however, shows that third-party beneficiary status is irrelevant to the determination of standing to assert a fraudulent misrepresentation claim, and Plaintiff's argument fails as a matter of law.

Next, Plaintiff does not dispute that to state a claim for fraudulent inducement, a plaintiff must allege "facts separate and distinct from the breach of contract." HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla. 1996). Plaintiff's cases recognize that "[a]s a general rule, fraud cannot be predicated upon a mere promise not performed." Noack v. Blue Cross & Blue Shield of Fla., Inc., 742 So. 2d 433, 434 (Fla. 1st DCA 1999); Mejia v. Jurich, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001) ("An action for fraud generally may not be predicated on . . . promises of future action, but rather must be based on a statement concerning a past or existing fact."

Plaintiff relies on a limited exception to this rule which allows a plaintiff to pursue a fraud in the inducement claim "where it can be shown that the promisor had a **specific intent**

6

not to perform the promise **at the time the promise was made**, and the other elements of fraud are established." Noack, 742 So. 2d (emphasis added); Mejia v. Jurich, 781 So. 2d at 1177. However, this does not change the rule that the misrepresentation itself must be extraneous to the contract, and separate from the breach. Florida's Supreme Court recognizes that fraudulent inducement "normally occurs prior to the contract and the standard of truthful representation placed upon the defendant is not derived from the contract." HTP, Ltd., 685 So.2d at 1239. Here, Plaintiff simply points to the Contestability Clause, and states that Foresters' alleged breach of that clause means that it must not have intended to perform. That is, Plaintiff alleges nothing more than "fraud in the performance," not "fraud in the inducement," which "is not actionable alongside a breach of contract claim because the misrepresentations are interwoven and distinct from the heart of the contractual agreement." Cutler v. Voya Financial, Inc., No. 18-20723-Civ-WILLIAMS/TORRES, 2018 WL 4410202, at *8 (S.D. Fla. Aug. 23, 2018) (internal quotation and citation omitted) (dismissing a fraudulent inducement claim).[4]

Plaintiff also fails to show that her allegations satisfy the specificity requirements of Rule 9(b). Plaintiff does not identify any allegedly fraudulent statements, representations, or omissions, much less the time, place, person responsible, and content of those statements, other than the terms of the Certificate, which is insufficient as a matter of law. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (explaining that to assert a claim for fraud, the plaintiff must allege what statements were made, the time and place the person

---

[4] A reading of Plaintiff's allegations makes clear that he is alleging nothing more than that a "fraudulent" breach of contract, which is encompassed within Count I. See Second Am. Compl. ¶¶32, 36-39, 40, 45.

responsible, and the content). In an attempt to re-write her pleading, Plaintiff, in the Response, points to the deposition testimony of Lisa Buckland, a Foresters' representative who was not involved with the sale of the Certificate, to argue that Foresters' did not perform a proper contestability investigation. Not only is this improper at the motion to dismiss stage, as the Court is limited to the facts alleged in the pleading, but such testimony is entirely irrelevant to the issues before the Court. Ms. Buckland's testimony regarding the contestability investigation—which took place years after Mr. Vinas purchased the Certificate—has nothing to do with whether Foresters made a misrepresentation in order to induce Mr. Vinas to purchase the Certificate in the first place.

Notably, Plaintiff's reliance on Noack is misplaced, as it does not involve a claim for fraudulent inducement to enter into a contract. Instead, in Noack the plaintiff alleged that a specifically named individual fraudulently induced the plaintiff to take specific actions, including obtaining a written release from a third-party, to induce him to forego filing a lawsuit. Id. at 435. Mejia is equally inapplicable. There, the plaintiffs alleged that they were fraudulently induced into signing agreements for the purchase of homes by three material misrepresentations made by the defendants "during the course of several meetings **prior** to their execution of the purchase agreements and continuing through the closing." Id. at 1176 (emphasis added). The alleged misrepresentations consisted of statements that: (1) the listed prices would never be reduced; (2) railroad tracks were going to be removed for unrestricted access to a clubhouse and to eliminate noise; and (3) the homes would be developed in accordance with zoning laws. Id. at 1176-77. Unlike in Mejia, where the plaintiffs relied on misrepresentations which were extraneous to the promise of performance, and made during the

8

negotiations leading up to the contract's execution, Plaintiff does not allege that Foresters made any fraudulent representations to Mr. Vinas prior to entering into the contract which are extraneous to the terms of the contract.

In the Response, Plaintiff fails to address the fact that her claim for fraudulent inducement is a bad faith claim in disguise, which she is precluded from asserting under Florida law because Foresters cured all alleged violations. See Portofino S. Condo. Ass'n of West Palm Beach, Inc. v. QBE Ins. Corp., 664 F. Supp. 2d 1265 (S.D. Fla. 2019) ("allegations that QBE failed to 'reasonably' and 'promptly' investigate and pay its claim are analogous to the term 'wrongful' which would imply a statutory bad faith claim under § 624.155."). Plaintiff callously dismisses Foresters' explanation of this case's history to distract the Court from the fact that she is precluded from pursuing a bad faith claim.

**C. Plaintiff is not entitled to attorney's fees under section 627.428 for Count III.**

Additionally, Plaintiff fails to refute that she is not entitled to attorney's fees under Fla. Stat. § 627.428. Florida law is clear that attorney's fees "are not recoverable in the absence of a statute or contractual agreement authorizing their recovery." Price v. Taylor, 890 So. 2d 246, 250 (Fla. 2004). Florida's Supreme Court has instructed that section 627.428 authorizes attorney's fees "only in a discrete set of circumstances." Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 374 (Fla. 2008). Plaintiff fails to satisfy her burden of establishing her entitlement to an award of fees for fraudulent inducement, as she fails to cite a single case supporting her position. See Plapinger v. E. States Prop. Realty Corp., 716 So. 2d 315, 318 (Fla. 5th DCA 1998) (recognizing that the party seeking to recover fees has the burden of demonstrating its general right to recovery). Plaintiff's attempt to reverse the burden of proof by claiming that

Foresters failed to show she is **not** entitled to such relief, once again, distorts Florida law.

Plaintiff cannot get around the fact that her fraudulent inducement claim does not arise "under a policy or contract executed by the insurer," as Fla. Stat. § 627.428 requires. Plaintiff argues that since her claim "features the issuance of a policy," she is entitled to attorney's fees. However, Florida courts have limited the applicable of section 627.428 to breach of contract actions. Although Florida courts have not addressed section 627.428 in the context of a fraudulent inducement claim against an insurer, the most persuasive authority we have on this issue demonstrates that fees are not recoverable. Hilson v. Geico Gen. Ins. Co., No. 8:11-cv-13-MSS-MAP, 2016 WL 3211474, at *6 (M.D. Fla. Mar. 31, 2016). After performing an extensive analysis of the history of section 627.428, the court concluded that "[h]aving chosen to bring a tort claim, Plaintiff[ ] cannot now bootstrap that claim onto [her breach of contract claim] in hopes of bringing [her tort] claim within the ambit of section 627.428." Hilson v. Geico Gen. Ins. Co., No. 8:11-cv-13-MSS-MAP, 2016 WL 3211474, at *4 (M.D. Fla. Mar. 31, 2016). Despite Plaintiff's creative attempts at re-casting her tort claim as one that "features" a contract, Plaintiff cannot avoid the fact that she is not seeking benefits under an insurance policy, and her request for fees under section 627.428 should be stricken.

### D. Conclusion

For the reasons set forth in the Motion and herein, the Second Amended Complaint should be dismissed.

10

Dated: September 25, 2020

MCDOWELL HETHERINGTON LLP
Attorneys for Defendant/Counter Plaintiff
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By: __s/Kristina B. Pett
    KRISTINA B. PETT
    Fla. Bar No. 0973688
    kristina.pett@mhllp.com
    DANIELLE E. SHURE
    Fla Bar No. 118911
    danielle.shure@mhllp.com


## CERTIFICATE OF SERVICE

I certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com
*Counsel for Plaintiff/Counter Defendant*

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com
*Co-Counsel for Plaintiff/Counter Defendant*

    s/Kristina B. Pett
    Kristina B. Pett