UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-24100-CIV-COOKE/GOODMAN

DIGNA VINAS,

    Plaintiff,

v.

THE INDEPENDENT ORDER OF FORESTERS,

    Defendant.

_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

On September 24, 2020, the Undersigned held a telephone conference hearing on the parties' discovery disputes. [ECF Nos. 104; 107]. At the hearing, the Undersigned **ordered** as follows:

**Rule 30(b)(6) Deposition**: Plaintiff does not get to pick Defendant's Rule 30(b)(6) representative. Plaintiff may take another Rule 30(b)(6) deposition on the issues that are technically relevant because of Plaintiff's second amended complaint, which contains a fraud in the inducement theory. Specifically, Plaintiff may depose the Rule 30(b)(6) witness on the following topics:

(1) The inquiries Foresters makes in the underwriting process about the "knowledge and belief" of the insured concerning information provided in life insurance

applications (as opposed to the straightforward accuracy of the information provided).

(2) Foresters' intent, assuming that one even exists, to pay claims on life insurance policies if the applicant dies during the first two years.

(3) Communications between Foresters' employees involved in the underwriting of life insurance policies and employees in the claims department and/or independent insurance agents about Foresters' practice of investigating (or not investigating), at the time an application is evaluated and issued, the applicant's "knowledge and belief" about the accuracy of the information provided in the application.

(4) Whether Foresters' employees involved in the sales, marketing, or underwriting of life insurance policies in 2014-2018 knew that the claims department was not going to assess the "knowledge and belief" of the life insurance applicants for claims submitted during the two-year contestability period.

   a. If so, what did they know, how did they learn it, and what training did they receive.

**Interrogatories**:

**No. 1**: Foresters need not answer Interrogatory No. 1 because no substantive answers are being required.

**No. 2**: Foresters is not required to answer. To the extent this Interrogatory has any relevancy to remaining issues in case, the Undersigned finds it to be attenuated; and under the proportionality standard, this Interrogatory calls for information that is not proportional to the purported relevance.

**No. 3**: Foresters is not required to answer.

**No. 4**: Foresters is not required to answer.

**No. 5**: Foresters is not required to answer.

**No. 6**: Foresters is not required to answer.

**Requests for Production**:

**No. 1**: Within one week, Foresters shall produce, if any, all training manuals used in 2014-2018 that discuss whether to analyze life insurance policy applicants' "best knowledge and belief" about the accuracy of their representations to Foresters in their applications.

**No. 2**: Foresters is not required to respond. The Undersigned finds that the requests do not meet the proportionality standard.

**No. 3**: Foresters is not required to respond.

**No. 4**: Foresters is not required to respond. The Undersigned finds that the request is overly broad.

**No. 5**: Foresters shall respond to this request within one week, but the Undersigned is including a time restriction of 2014-2018 and Foresters is not required to

produce its emails (only brochures, marketing materials, sales materials, flyers).

**No. 6**: Foresters is not required to respond.

**No. 7**: This request is premature and thus Foresters is not required to respond.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 25, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record