UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

MIAMI DIVISION

Case No.: 1:18-CV-24100-COOKE/
GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER
OF FORESTERS,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO AMEND THE SECOND AMENDED COMPLAINT BY INTERLINEATION TO CONFORM TO EVIDENCE

    Plaintiff, Digna Vinas, by and through her undersigned counsel, hereby requests leave to amend the second amended complaint (D.E. 94) by interlineation, to conform to evidence obtained during discovery, pursuant to S.D. Fla. L.R. 15.1. In support thereof, Vinas would state:

    1.    On July 23, 2020, and over strong objection, this Court granted Plaintiff leave to file a Second Amended Complaint alleging Fraud in the Inducement. (D.E. 90).

    2.    When the second amended complaint was filed, Plaintiff only referenced fraudulent representations made by Foresters in the policy itself. Accordingly, she alleged that "Foresters falsely and fraudulently represented, through language in the Policy and incorporated Florida law, that in the event Mr. Vinas were to die from a non-excluded cause within the first two years following issuance of the Policy, Foresters would pay benefits under

the Policy as long as Mr. Vinas answered the Application questions to his best knowledge and belief." (D.E. 94, at ¶ 36).

3. As the Court is now considering a Motion to Dismiss, and discovery is almost at a close[1], Plaintiff wishes to amend her complaint by interlineation to allege additional false representations (consistent with the representation in the Policy) which were actually revealed during discovery.

4. Specifically, recent testimony at Foresters' deposition of Ms. Vinas confirmed that Foresters, through its sales agent, Jazmin Lightbourn, made oral representations to Mr. Vinas prior to the sale of the Policy, and explained how the incontestability clause worked. Foresters told Mr. Vinas that as long as he answered the Application questions truthfully, i.e. to his best knowledge and belief, Foresters would not deny the claim for an innocent factual misrepresentation or attempt to rescind the policy because of an innocent mistake. Plaintiff goes on to allege (already in the complaint) that these representations were knowingly false when made, were relied upon by Mr. Vinas and the other legal requirements for Fraud in the Inducement.

5. Accordingly, Plaintiff requests leave to amend her complaint by interlineation to add a single new paragraph "36a" reflecting Foresters' additional representation, pre-sale by Foresters authorized representative, that a claim would not be denied or rescinded for errors on the Application, so long as Mr. Vinas answered the Application questions, truthfully, i.e. to the best of his knowledge and belief.

---

[1] By agreement, the parties have scheduled one additional deposition to occur to accommodate both lawyers' schedules.

**MEMORANDUM OF LAW**

6. Leave of Court should be freely granted to permit amendments to complaints when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [, or] futility of amendment [leave should be granted]." Foman v. Davis, 371 U.S. 178, 182 (1962). The same rule applies to amendments by interlineation permitted with leave of court. See, e.g., Amorin v. Taishan Gypsum Co., Ltd., 11-22408-CIV, 2019 WL 3409688, at *1 (S.D. Fla. May 20, 2019).

7. In the present case, Plaintiff is seeking to add a single paragraph that supplements the fraudulent statements made by Foresters prior to formation of the contract to induce Mr. Vinas to purchase the policy. The proposed additional paragraph will state:

> 36 a. Furthermore, at all times material hereto and prior to the sale of the policy, Foresters, through its sales agent Jazmin Lightbourn, explained how the contestability period worked and represented that Foresters would not deny a claim or rescind the policy for inaccuracies in the Application so long as Mr. Vinas answered the Application questions truthfully, i.e. to his best knowledge and belief.

8. This proposed amendment does not add any additional causes of action or theory of recovery. It simply includes in the Complaint, an additional allegation of a fraudulent statement <u>already of record and fully explored in discovery</u>. Specifically, Digna Vinas testified that during the sales presentation, Foresters' representative explained that if Mr. Vinas were to die during the two-year contestability period, Foresters would investigate the accuracy of his responses on the application and as long as Mr. Vinas answered all of the questions on the application form truthfully, to his best knowledge and belief, Foresters would

not rescind the policy or deny his claim on that basis. (See Vinas Depo., p. 99 l. 4- p. 100, l. 13 attached hereto as Exhibit "A").

9. The amendment is also supported by the testimony of Foresters' Chief Underwriting Officer Doug Parrott who expressly acknowledged that Foresters authorized its sales agents to make purportedly truthful representations regarding the contents of the policies they sell. (See Doug Parrott Depo., pp. 40-43 attached hereto as Exhibit "B").

10. Accordingly, Plaintiff requests this Court for leave to amend the second amended complaint by interlineation as more fully set forth above.

11. There has been no undue delay because the depositions upon which the amendment is based have only occurred approximately a month ago. Foresters will not be prejudiced because this interlineation amendment does not raise any new claim, cause of action, or affect their case in any way. They are aware of the testimony upon which the amendment is based, and will be able to file responsive pleadings accordingly.

12. The amendment sought is grounded in Florida law and evidence developed during discovery and is not futile. This motion to amend is filed in good faith, and not for any dilatory purposes.

**WHEREFORE**, Vinas requests leave of this Court to amend the Second Amended Complaint by interlineation, as more fully set forth above.

### S.D. Fla. L.R. 7.1(a)(3) Certificate

Undersigned counsel certifies that counsel for Defendant has been contacted with respect to the relief requested herein and is authorized to represent Defendant does not consent.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing has been electronically filed with the Court and a copy has been served on November 19, 2020 on: Kristina B. Pett, Esq. Kristina.pett@mhllp.com and Danielle Shure, Esq., Danielle.shure@mhllp.com, McDowell, Hetherington, LLP, 2101 N.W. Corporate Blvd., Suite 316, Boca Raton, FL 33431.

KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL  33021
(954) 966-2112 – phone
(954) 981-1605 - fax

By:     /s/ Craig M. Greene
Craig M. Greene, Esq.
Fla. Bar No. 618421
cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com