UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

MIAMI DIVISION

Case No.: 1:18-CV-24100-COOKE/
GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER
OF FORESTERS,

    Defendant.

_____/

## PLAINTIFF'S EXPEDITED MOTION TO EXTEND DEADLINES FOR EXPERT DISCOVERY, DAUBERT MOTIONS, AND DISPOSITIVE MOTIONS

Plaintiff, Digna Vinas, pursuant to Rule 7(b) and Rule 16(b) of the Federal Rules of Civil Procedure, and Rule 7.1(d)(2) of the Local Rules for the Southern District of Florida, files this Expedited Motion to Extend Deadlines for Expert Discovery, Daubert Motions, and Dispositive Motions.

Plaintiff seeks an expedited ruling on this time-sensitive matter by Wednesday, December 2, 2020 because:

- Daubert motions and Dispositive motions are due on Friday, December 4, 2020, (D.E. 92, at 2);

- Defendant waited to serve its Rule 26 expert disclosure until the last minute, this past Wednesday November 30, 2020 (even though its expert's "report" is dated November 25, 2020, five days earlier); and

- Despite agreeing to mutually extend report disclosures, Defendant has refused to make its expert available for deposition on December 1st or 2nd, 2020 (the only two business days between its disclosure and Daubert and discovery motion deadlines) so Plaintiff

can have the testimony transcribed in time for its <u>Daubert</u> and, if appropriate, dispositive motions.[1]

In support thereof, Plaintiff would show:

1. The Court initially set November 13, 2020 as the deadline for expert witness discovery. (<u>Id.</u>). This was based on Defendant's obligation to furnish its expert witness list and Rule 26(a)(2) disclosures by October 30, 2020 and make all experts available for deposition "[w]ithin the fourteen-day period thereafter." (<u>Id.</u>).

2. On October 13, 2020, Foresters filed a motion for an extension of time to extend the dispositive motion deadlines, based upon the fact that the fact that the parties were mediating the case on November 24, 2020.[2] Ms. Vinas did not oppose that motion. (D.E. 110). The Court granted an extension of time until December 4, 2020.[3] (D.E. 111).

3. On November 24, 2020, the parties conducted a mediation, which resulted in an impasse.

4. On November 25, 2020, at 6:15 pm on Thanksgiving Eve, Foresters provided its expert witness disclosure and report of Dr. Marc Frager, M.D. (Ex. B).

5. While the Plaintiff thinks that Dr. Frager's report is totally irrelevant to the sole remaining liability issue in the case, that of Fraudulent Inducement, Plaintiff needs to depose Dr. Frager for the purposes of <u>Daubert</u> and dispositive motions.

---

[1] This is frankly something parties are usually able to work out on their own, however, Defendant has taken the untenable position that while it agreed to extend time for disclosing expert witness reports it did not agree to extend the time for deposing those very same experts. (Ex. A., at 1). Accepting Defendant's position would mean the parties would have been expected to depose expert witnesses that had not even been disclosed yet.

[2] Foresters' Motion stated: "Foresters seeks to extend the dispositive motion deadline until after mediation, which could dispose of this action. Extending the dispositive motion deadline would conserve judicial resources, as it would (sic) the Court would not have to needlessly review the motions and spare the Parties the expense of briefing dispositive motions." (D.E. 110, at 2).

[3] Plaintiff is cognizant of that portion of the Court's Order granting Foresters' motion for extension that states "No further extension of said deadline will be granted" (D.E. 111) and would not request additional time but for Defendant's refusal to produce its expert witness on the only two days that fit within the Court's previously ordered deadlines.

6.     Unfortunately, Foresters did not respond to Plaintiff's November 24, 2020 request for additional time to depose its expert until today, December 1, 2020. (Ex. A at 1). Further, Foresters has refused to make Dr. Frager available for deposition before the December 4, 2020 deadlines to file <u>Daubert</u> motions and dispositive motions.

7.     Given the Court's prior indication of not granting Foresters any additional extensions, Plaintiff does not make this request lightly. However, Vinas is in an untenable position with respect to Dr. Frager and cannot proceed without requesting an additional extension to conduct that deposition and draft its <u>Daubert</u> Motion.

8.     Plaintiff therefore requests the Court to grant a two-week extension of time for Plaintiff to depose Foresters' expert and one additional week thereafter to file its <u>Daubert</u> and dispositive motions, to December 18, 2020 and December 28, 2020, respectively.

### S.D. Fla. L.R. 7.1(a)(3) Certificate

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the Plaintiff has made reasonable efforts to confer with defense counsel to resolve the issues raised in this expedited motion but has been unable to do so.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing has been electronically filed with the Court and a copy has been served on December 1, 2020 on: Kristina B. Pett, Esq. Kristina.pett@mhllp.com and Danielle Shure, Esq., Danielle.shure@mhllp.com, McDowell, Hetherington, LLP, 2101 N.W. Corporate Blvd., Suite 316, Boca Raton, FL 33431.

KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL  33021
(954) 966-2112 – phone
(954) 981-1605 - fax

By:     /s/ Craig M. Greene
Craig M. Greene, Esq.
Fla. Bar No. 618421
cgreene@kramergreen.com

3

4

and


Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com