UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

MIAMI DIVISION

Case No.: 1:18-CV-24100-COOKE/
GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER
OF FORESTERS,

    Defendant.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO EXTEND DEADLINES FOR EXPERT DISCOVERY, DAUBERT MOTIONS, AND DISPOSITIVE MOTIONS**

    Plaintiff, Digna Vinas, pursuant to Rule 7(b) and Rule 16(b) of the Federal Rules of Civil Procedure, and Rule 7.1(d)(2) of the Local Rules for the Southern District of Florida, hereby files this Reply to Defendant's Response in Opposition to Plaintiff's Expedited Motion to Extend Deadlines for Expert Discovery, <u>Daubert</u> Motions, and Dispositive Motions and states as follows:

    1.    Defendant's Response acknowledges that it expressly agreed to extend the time for the parties to exchange expert reports and yet <u>completely ignores</u> a glaring hole in its argument and reasoning based upon the very language of the Court Order it relies upon. By the Court's own Order, the time to take expert depositions begins to run from the respective parties' disclosure. The Court's Order states in pertinent part:

> …
>
> Defendant must furnish expert witness list to the Plaintiff, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), [November 25, 2020], and only those expert witnesses will be

permitted to testify.  <u>*Within the fourteen-day period thereafter, Defendant must make its experts available for deposition by the Plaintiff*</u>.

(D.E. 92 at 2) (emphasis added).  By the Court's own language, the 14-day deposition period is directly tied into and begins to run at the disclosure date.

2. Defendant's suggestion that its general opposition to extending the time to take depositions applied to experts, is violative of both common sense and temporal logic.  Using the language of the Court's Order, it is obviously impossible for the parties to take depositions of experts that have not even been disclosed yet.

3. Nonetheless, when Vinas learned of Defendant's intention to not permit discovery beyond December 4th (while untenable for the above reasons), Plaintiff <u>immediately</u> requested deposition dates on the only two business days between Foresters' Thanksgiving Eve disclosure and December 4th (allowing one day for transcription of the deposition).  The request literally could not have been made any sooner.  Foresters <u>absolutely refused</u> to produce its witness!

4. Foresters cannot have it both ways.  It cannot object to a reasonable extension to depose its expert based upon a strict adherence to the Court's timeline, and at the same time, refuse to produce its expert for deposition within that very timeline.  The cumulative effect of Foresters' refusal to produce its expert on December 2nd or 3rd and to refuse to agree to a reasonable extension is to surreptitiously preclude Plaintiff from taking its expert depositions entirely.

5. As indicated in the initial Motion, these are matters which are usually able to be worked out between the parties acting reasonably.  Foresters' refusal to produce its witness for deposition within the very timeline it wishes to adhere to and, at the same time, refusing to agree to an extension for that deposition is unsupportable.

6. Finally, the remainder of Defendant's Response, like so many of its other memos, is an irrelevant and premature attack on Plaintiff's insurance expert, having nothing to do with the issues in this Motion.  Plaintiff will respond to Foresters' challenge to Mr. Stein in an appropriate Response.

WHEREFORE, Plaintiff, Digna Vinas, respectfully requests this Court enter an Order granting a two-week extension of time for Plaintiff to depose Foresters' expert and one

additional week thereafter to file its Daubert and dispositive motions to December 18, 2020 and December 28, 2020, respectively during which time Plaintiff will take the deposition of Defendant's expert and file a timely and meaningful Daubert motion and, if appropriate, dispositive motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing has been electronically filed with the Court and a copy has been served on December 2, 2020 on: Kristina B. Pett, Esq. Kristina.pett@mhllp.com and Danielle Shure, Esq., Danielle.shure@mhllp.com, McDowell, Hetherington, LLP, 2101 N.W. Corporate Blvd., Suite 316, Boca Raton, FL 33431.

        KRAMER, GREEN, ZUCKERMAN,
        GREENE & BUCHSBAUM, P.A.
        Co-Counsel for Plaintiff
        4000 Hollywood Blvd., Suite 485-S
        Hollywood, FL  33021
        (954) 966-2112 – phone
        (954) 981-1605 - fax

By:     /s/ Craig M. Greene
        Craig M. Greene, Esq.
        Fla. Bar No. 618421
        cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com

3