# EXHIBIT R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-24100-COOKE/GOODMAN

DIGNA VINAS,

        Plaintiff,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

        Defendant.
_____/

## DECLARATION OF DAVID SULLIVAN

I, David Sullivan, hereby declare as follows:

1. I am over the age of eighteen and am otherwise competent to testify to the facts set forth in this Declaration. All statements contained in this Declaration are true and correct and are based upon my personal knowledge or on documents and information maintained by The Independent Order of Foresters ("Foresters") in the ordinary course of its business.

2. I am employed as the Assistance Vice President of Claims, Compensation and Contracting at Foresters. In my capacity as such, I am familiar with Foresters' life insurance certificates, including SMART Universal Life Insurance Certificate No. 8356627 (the "Certificate"), which Foresters issued to Rigoberto Vinas on January 26, 2015.

3. After Mr. Vinas died on January 11, 2017, Plaintiff filed a claim for the death benefits and Foresters conducted a contestability investigation. The Claims department reviewed Mr. Vinas's medical records, and determined that based on number of times diabetes and secondary conditions appeared in Mr. Vinas's medical records, he must have known and believed he had diabetic-related conditions. Foresters determined that Mr. Vinas made material misrepresentations about his medical history during the application process. Accordingly, by letter dated April 5, 2017, Foresters denied Plaintiff's claim, rescinded the Certificate, and tendered a check in the amount of $11,448.00 representing all premiums paid for the Certificate.

4. In the denial letter, Foresters advised Plaintiff that if she had any medical or other information suggesting that Foresters' decision was incorrect, she should provide it so that Foresters could conduct a further review. Instead, however, Plaintiff waited until March 26, 2020—almost 3 years after the denial of her claim—to provide a letter from Dr. Hershman indicating that Mr.

Vinas did not have diabetes or secondary complications, and that he did not tell Mr. Vinas he had such diabetes or secondary complications. Immediately thereafter Foresters approved Plaintiff's claim and agreed to pay reasonably attorney's fees incurred through the date of partial settlement. On April 8, 2020, Foresters issued a check to Plaintiff in the amount of $118,220.74, which included the $92,000.00 Death Benefit and $26,220.74 in interest.

5. Attached to Foresters' of Statement of Material Facts in Support of its Motion for Summary Judgment ("SOF") are records from Foresters' claim file for Plaintiff. These records are kept by Foresters in the ordinary course of business and are in my custody or subject to my control, supervision or direction. It is the regular course of business of Foresters for an employee or representative of Foresters, with knowledge of the acts, events, conditions and other information recorded to make the records or to transmit information thereof to be included in such records. The records were made at or near the time when the acts, events, conditions and other information contained therein occurred, were observed, or rendered.

6. The following records attached to the Statement of Material Facts and filed on the docket are the originals or true and correct copies of the originals:

    a. Doc. 16-2 is Plaintiff's Application for Individual Life Insurance.

    b. Exhibit A is an MIB Hit alerting Foresters that Mr. Vinas had been diagnosed with diabetes mellitus.

    c. Doc. 16-3 is a Diabetes Questionnaire.

    d. Exhibit B is a screenshot recording internal steps during the application process.

    e. Exhibit C is a letter dated January 16, 2016, from Foresters to Mr. Vinas regarding the MIB Hit.

    f. Exhibit D is a letter dated January 22, 2015, which Mr. Vinas's insurance broker, Jazmin Lightbourn, had faxed to Foresters.

    g. Doc. 16-1 is the Certificate.

    h. Exhibit F is a letter dated February 1, 2017, which Plaintiff sent to Foresters advising that Mr. Vinas died and enclosing Mr. Vinas's death certificate.

    i. Exhibit G is a screenshot recording certain of Foresters' internal activities.

    j. Exhibit H is Plaintiff's Statement of Claim for Death Benefits.

    k. Exhibit I is a letter dated January 16, 2017 regarding Foresters' contestability investigation.

    l. Exhibit J consists of Dr. Hershman's medical records, which Plaintiff sent to Foresters in support of her claim.

    m. Exhibit K is an underwriting opinion prepared by Foresters on February 28, 2017.

    n. Doc. 61-6 is a letter dated April 5, 2017, in which Foresters denied Plaintiff's claim and rescinded the Certificate.

    o. Doc. 95-1 is a check, dated April 8, 2020, in the amount of $118,220.74, which included the $92,000.00 Death Benefit and $26,220.74 in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on December 4, 2020.

Declarant Signature

3