UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-24100-MGC

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER OF FORESTERS,

    Defendant.

_____/

## PLAINTIFF'S EXPERT DISCLOSURE

Plaintiff, Digna Vinas, pursuant to this Court's Amended Order Setting Civil Trial Date and Pretrial Deadlines dated July 23, 2020 (D.E. 92) and Fed. R. Civ. P. 26(a)(2)(B), hereby serves its Expert Disclosure:

1.    Scott Stein
    Risk Management Partners, Inc.
    5550 Glades Road, Suite 509
    Boca Raton, FL  33431

**a.**    **Complete Statement of All Opinions the Witness Will Express and the Basis and reasons for them.**

The complete statement of all the opinions Mr. Stein will express as well as the basis and reasons for those opinions are contained within the Report served contemporaneously with this Disclosure.

**b.**    **The Facts or Data Considered by the Witness in Forming Them**.

The facts and data considered by Mr. Stein in forming his opinions are contained within the Report served contemporaneously with this Disclosure.

**c.**    **Any Exhibits That Will be Used to Summarize or Support Them.**

Any exhibits to be used by Mr. Stein to summarize or support his opinions are listed within the Report served contemporaneously with this Disclosure.

**d.**    **The Witness's Qualifications, Including a List of All Publications Authored in the Previous 10 Years.**

Mr. Stein's qualifications, as listed in his CV are contained within the Report served contemporaneously with this Disclosure. Mr. Stein has not authored any publications in the previous ten years.

**e.  A List of all Other Cases in Which, During the Previous 4 Years, the Witness Testified as an Expert at Trial or by Deposition.**

A list of all other cases in which, during the previous four years, Mr. Stein has testified as an expert at trial or by deposition, are contained within the Report served contemporaneously with this Disclosure.

**f.  Statement of the Compensation to be Paid for the Study and Testimony in the Case.**

Mr. Stein's hourly rate for services performed is $425.00 per hour. That fee is for review of material, writing of reports, testimony at trial, and at depositions. Mr. Stein's travel time is billed at $212.50 per hour, not to exceed 8 hours per day. Travel expenses are billed at cost.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing has been electronically filed with the Court and a copy has been served on November 11, 2020 on: Kristina B. Pett, Esq. Kristina.pett@mhllp.com and Danielle Shure, Esq., Danielle.shure@mhllp.com, McDowell, Hetherington, LLP, 2101 N.W. Corporate Blvd., Suite 316, Boca Raton, FL 33431.

KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL 33021
(954) 966-2112 – phone
(954) 981-1605 - fax

By:   /s/ Craig M. Greene
Craig M. Greene, Esq.
Fla. Bar No. 618421
cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrianarkin@mintztruppman.com

# EXPERT WITNESS REPORT

Prepared by:

SCOTT STEIN, A.R.M.

PRESIDENT

RISK MANAGEMENT PARTNERS, INC.

5550 GLADES ROAD, SUITE 509

BOCA RATON, FL 33431

**Digna Vinas, Plaintiff**

vs.

**The Independent Order of Foresters, Defendant**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No: 18-CV-24100-Cooke /Goodman

## SUMMARY AND LISTING OF BACKGROUND MATERIALS SUPPLIED TO ME TO REVIEW AND FORMULATE MY OPINIONS. THESE MATERIALS INCLUDE THE FACTS THAT WILL BE USED TO DETERMINE, SUMMARIZE, AND SUPPORT MY EXPERT WITNESS OPINIONS:

1. Complaint
2. Exhibit 1 - Foresters Insurance Company Smart Universal Life Policy
3. Deposition of David Sullivan, Part 1 and Part 2
4. Sullivan Exhibit 1 - Re-notice of Taking Deposition
5. Sullivan Exhibit 2 - Foresters to Lightbourne Condolence Letter
6. Sullivan Exhibit 3 - MIB Code Letter for Diabetes
7. Sullivan Exhibit 4 - Foresters Completed Life Insurance Application and Underwriting File
8. Sullivan Exhibit 5 - Foresters Partially Completed Life Application.
9. Sullivan Exhibit 6 - Foresters Completed Diabetes Questionnaire
10. Sullivan Exhibit 7 - Foresters Nonpayment Letter
11. Sullivan Exhibit 8 - Foresters Application Evidencing United States Life Policy In Force
12. Sullivan Exhibit 9 - Letter from Dr. Hershman
13. Sullivan Exhibit 10 - Foresters Claims Worksheet and Claim Form
14. Sullivan Exhibit 11 - Foresters Contestable Claim
15. Sullivan Exhibit 12 - Foresters Continued Claim Contestable Underwriting Review
16. Sullivan Exhibit 13 - Foresters Continued Contestable Claim Underwriting Review
17. Sullivan Exhibit 14 - Email from Lisa Buckland at Foresters
18. Sullivan Exhibit 15 - Email from Liz Folk at Foresters
19. Sullivan Exhibit 16 - Activity log at Foresters for Vinas
20. Sullivan Exhibit 17 - Foresters Complete Life Policy for Rigoberto Vinas
21. Sullivan Exhibit 18 - Foresters Buckland Letter Requesting Death Certificate
22. Sullivan Exhibit 19 - Swiss Re Life Guide Regarding Diabetes

23. Sullivan Exhibit 20 - Answer, Counterclaim, and Defenses to Plaintiff's Amended Complaint
24. Deposition of Lisa Buckland
25. Buckland Exhibit 1 - Complete Vinas Foresters Life Policy
26. Second Amended Complaint
27. Deposition of Doug Parrot
28. Deposition of Digna Vinas
29. Vinas Exhibit 1 - Application for Foresters Life Insurance Policy-Completed
30. Vinas Exhibit 2 - Foresters Medical Information Bureau (MIB) Request Letter
31. Vinas Exhibit 3 - Dr. Hershman Letter
32. Vinas Exhibit 4 - Letter from Foresters to Lightbourne Requesting Complete Death Information
33. Vinas Exhibit 5 - Statement Signed on Foresters Form Regarding Death Information
34. Vinas Exhibit 6 - Request for Death Certificate from Foresters
35. Vinas Exhibit 7 - Letter from Vinas with Death Certificate and Medical Records
36. Vinas Exhibit 8 - Foresters Denial of Death Claim Letter
37. Vinas Exhibit 9 - Florida Department of Financial Services Civil Remedy Notice from Attorney
38. Vinas Exhibit 10 - Stipulation for Payment Regarding Bank of America Litigation
39. Vinas Exhibit 11 - Foresters Payment Letter

**END OF DOCUMENTS REVIEWED IN FORMULATING OPINIONS.**

ASIDE FROM THIS REPORT, THERE ARE NO EXHIBITS THAT HAVE BEEN REVIEWED BY THIS EXPERT.

## OPINIONS

1. A broker that is authorized to sell insurance products is authorized to make representations about the product, how the product works, and how the claims process works. Agent Lightbourne acted upon the marketing authority that she received from Foresters in selling the life insurance product, and assisting with the completion of the Vinas application and supporting underwriting documents. This included representations she was authorized to make by Foresters regarding how the contestability clause worked and the best knowledge and belief standard.

2. It is important that an insurance company accurately and truthfully explain how the contestability clause of an insurance policy works to every insured. It is especially important, however, to an elderly applicant, due to the increased likelihood of death during the first two years (contestability period) after policy issuance. In this case, the accuracy and truthfulness of the representations made by Foresters about how it handles claims (addressing knowledge and belief) of Mr. Vinas were even more important because he was considering cancelling a policy with American Life that had already passed the contestability period of two years.

3. Foresters was in a superior position compared to Mr. Vinas, relevant to representations made about the contestability process at the time of application, because Mr. Vinas had no way to know the internal workings at Foresters. Mr. Vinas had no way to learn that Foresters representation that it would base a contestable decision on Mr. Vinas' best knowledge and belief was a lie because he couldn't independently check the accuracy or inaccuracy of that information. Only the insurance company knew that internal information.

4. Foresters' superior position created a fiduciary relationship between Foresters and Mr. Vinas. The insured was relying on Foresters to provide accurate information regarding how Foresters would handle a claim in the event of death within the first two years. Foresters told Mr. Vinas that as

long as he told the truth (gave his best knowledge and belief), his claim would not be denied for making a mistake in the application. Mr. Vinas had to rely on Foresters as to the accuracy of that information because there was no way for Mr. Vinas to find out that it was a lie.

5. Foresters representation to Mr. Vinas was a lie because Foresters claims department did not seek to determine the insured's (including Mr. Vinas') best knowledge and belief. Instead, the claims department only sought to determine the medical diagnosis; rather than whether Mr. Vinas <u>knew</u> of the diagnosis. In fact, Foresters expressly stated that it was not interested in obtaining information that would have revealed the insured's best knowledge and belief. So, either Foresters knew the falsity of its statement and openly lied to Mr. Vinas, or, according to Foresters own testimony, the sales department never bothered to check with the claims department to determine the truth or falsity of the representation, and asserted it as true to Mr. Vinas anyway.

6. The departments within an insurance company must communicate with each other to ensure that representations made at the time of sale of a policy are accurate. Specifically, Foresters sales should have communicated with both underwriting and claims to be certain that Foresters representation to Mr. Vinas was truthful (i.e. that as long as he told the truth on his application to his best knowledge and belief, his claim would not be denied for a factual inaccuracy). This communication between sales, underwriting, and claims is standard in the insurance industry.

7. Mr. Vinas was reasonable to rely upon what was told to him by the Foresters sales representative and what was written on the application because, from the insured's perspective, Mr. Vinas was dealing with a single company.

I reserve the right to amend this report with the addition of supplemental documents that I may be provided.

## COMPENSATION STATEMENT FOR REPORT AND EXPERT WORK DONE ON CASE

My hourly fee is $425, with a 10-hour minimum. That fee is for: review of material, writing of reports, testimony at trial, and at depositions. My travel time is to be billed at $212.50 per hour, not to exceed 8 hours per day. Travel expenses are billed at cost.

## **OTHER**

- I attach my current CV. I have not authored any publications in the previous 10 years.

- I attach a current list of all cases in which I have either been deposed or testified at trial during the last 4 years.

### END OF EXPERT WITNESS REPORT

Signed:

Scott Stein

Dated: 11/11/2020



# SCOTT STEIN, A.R.M.

sstein@riskmpinc.com/riskmpinc.com

## RISK MANAGEMENT PARTNERS, INC.

PROPERTY CASUALTY INSURANCE PLACEMENT / RISK MANAGEMENT EXPERT WITNESS LITIGATION SUPPORT:

Boca Office:
5550 Glades Rd
Suite 509
Boca Raton, FL 33431 O: (561) 495-7900
C: (305) 298-7652

### EXPERIENCE

#### Expert Witness Areas of Expertise & Litigation Experience:

Agent, Agency & Broker Procedures and Requisite Standards of Care. Insurance Agent and Broker Liability, Agency Errors & Omissions. Property and General Liability insurance, Auto and Workers Comp. Insurance. Professional Liability & Crime insurance. Directors and Officers insurance, Insurance Coverage Disputes, Broker Procurement Procedures, Wholesale Brokers & MGA's. Risk Management Analysis for Insured's, Insurer Claims Handling, all areas of Property Casualty insurance, Failure to Procure, Agent & Agency Training Procedures & Standards of Care, Insure to Value Disputes and Insurance Policy Language Assessment, Bad Faith Claims.

### INSURANCE & RISK MANAGEMENT PLACEMENT/EXPERT WITNESS LITIGATION SUPPORT SVS:
President | Risk Management Partners, INC.

February/2000 – Present

Founded retail insurance broker in February of 2000, for placement of all lines of property and casualty covers. Specific expertise in Property, General Liability, Product Liability, Workers Comp., professional liability, (D&O and E&O), liquor liability, crime and automobile insurance. Member: Professional Liability Underwriting Society (PLUS): 1994 – Present.

In 2004, I began to work as an Expert Witness in insurance and risk management in all areas of property casualty insurance, for both Plaintiff and Defense counsel. As of mid-2020, I have been engaged in excess of 200 cases as an expert witness across the United States, in both Federal and State court.

Account Executive | Summit Global Partners

1998 – 2000

Coordinated national sales and marketing of proprietary infringement insurance program underwritten by syndicates at Lloyds of London. Responsibilities included, direct client sales, development of national sales team, product distribution, marketing and public relations activities.

Marketing responsibilities included coordination of advertising, public relations, brochures and sales literature. Maintained and serviced a large book of property casualty insurance clients in all Facets of Property casualty insurance.

Account Executive | Arthur J. Gallagher & Co.

1993 – 1998, Miami, FL

Producer in commercial accounts division of multinational risk management organization responsible for sales, marketing and retention of commercial property casualty client insurance programs. Specialization in property, general liability, workers compensation, product liability, and all aspects of professional liability to include all D&O and E&O policies, for both public and privately held companies. Multiple top production awards during all years at the organization.

## EDUCATION

B.B.A., Finance | Washington, D.C

May of 1984

George Washington University School of Business

Associate in Risk Management (A.R.M.) | Malvern, PA

May of 1997

Insurance Institute of America

Admitted and Qualified: Forensic Expert Witness Association (FEWA)

# SCOTT STEIN A.R.M.
## Dated: 11/09/2020

Cases in Which I have Testified or Been Deposed in the Past Four Years:

l. United States District Court, Southern District of Florida, Case No. 08-CV-80254, Tiara Condominium Association, Plaintiff vs. Marsh & McClennan Companies, Marsh, Inc., Marsh USA, Inc., Defendants. I was retained by Defendant. I was deposed and prepared an extensive Expert Witness Report. Attorneys were Wilkie Farr & Gallagher, LLP, NYC. I prepared a second expert witness report in 2014 and was re-deposed in late 2014.

2. District Court, Southern District of Florida, Case No. 11-61577-CIV-Altonga/Simonton, Ocean's Il Bar & Grill, Inc., Plaintiff vs. Indemnity Insurance Corporation RRG, Defendants. I was retained by attorney Joseph Dawson for Ocean's 11 Bar & Grill, Inc. and was deposed.

3. District Court, Southern District of Florida, Case No. 9:11-80320-WilIiams/Hopkins, Sandra K. Trujillo and Sam Anne Trujillo, Plaintiffs vs. USAA Casualty Insurance Company, Defendant. I was retained as an expert by law firm of Shutts & Bowen LLP for Defendant. I was deposed.

4. District Court, Southern District of Florida, Case No.: 1 1 CV-60883 MGC, Beach Bars USA, LLC, et al. Plaintiffs vs. Indemnity Insurance Corporation of DC, Defendant. I was retained by attorney John D. Kallen, P.A. for Beach Bars, USA, LLC. I was deposed.

5. State of New Mexico, County of Santa Fe, First Judicial District Court, Case No: D-0101CV-200501297, Suzanne Guest and the Guest Law Firm, P.C., Plaintiffs vs. Allstate Insurance Company, Defendant. I was retained by attorney Suzanne Guest for Plaintiffs. I was deposed.

6. Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No.: 09037544(25), Ventnor "B" Condominium Association, Inc., Plaintiff v. The Plastridge Agency, Inc, Condominium Owners Organization of Century Village, CVEMMC Master Management Company, Inc, Defendants. I was retained by the Garrity/Weiss P.A. Law Firm on behalf of Plaintiff. I was deposed.

7. District Court, Middle District of Florida, Case No. 6:12-CV 914-ORL-28GJK, Trovillion Construction & Development, Inc., Plaintiff v. Mid-Continent Casualty Company, Casa Jardin Condominium Association, Inc. I was retained by counsel for Plaintiff, and I was deposed.

8. District court, Middle District of Florida, case No. 3:12-CV-121-J-34MCR, Maryland Casualty Insurance Company, Plaintiff v. Shreejee Ni Pedhi, Inc. d/b/ a Bombay Liquors, a Florida Corporation, Terry L. Case and Elizabeth R. Case, Personal Representatives of the Estate of Catherine E. Case, Defendant, Counter-Plaintiff, Third Party Plaintiff v. Labrato

1

Insurance and Bonding, Inc., Third Party Defendant. I was retained by counsel for Bombay Liquors. I was deposed and wrote an Expert Witness Report.

9. District Court, Northern District of Illinois, Case No. 1:12-cv-03481, Western Consolidated Premium Properties, Inc., M.G. Skinner & Associates Insurance Agency v. Norman Spencer Agency, Inc., JRSO LLC, and Michael Ward. I was retained by counsel for Plaintiffs and was deposed.

10. Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 12-16117-CA-15, Danna Can v. The South Florida Group, LLC, and Robert Poleo. I was retained by counsel for Plaintiff and Deposed.

11. In the United Stated District Court of Colorado, case No. 14-cv-02382-CNL\-NYW, valley Equipment Leasing, Inc., Plaintiff v. McGriff Seibels and Williams of Oregon, Inc., and Ryan Erickson, Defendants. I was retained by counsel for Plaintiff and was deposed.

12. United States District Court, Southern District of Florida, West Palm Beach Division, Case No.: 9:15-cv-80072-DNIM, Bow Down, Inc., Plaintiff v. Mount Vernon Fire Insurance Company, Defendant. I was engaged by counsel for Defendant, prepared and Expert Witness Report, and was deposed.

13. Circuit Court Of 15th Judicial Circuit, Palm Beach County, Florida, CaseNo.:50201012CA019098XXXXMBAO, Meadows on The Green Condominium Association, Inc., Plaintiffs, v. C.A.S. Realty Management, LLC f/k/a C.A.S. Realty, LLC, Patrick Garcia, and Apogee Association Services, LLC, Damian McFadden and Wells Fargo Insurance Services USA, Inc., Defendants. I was engaged by counsel for Damian McFadden and Wells Fargo Insurance Services USA, Inc. I was deposed.

14. United States District Court for The District Of Connecticut, Case No.: 3:15-CV-00549, Northeast Builders Supply and Home Centers, LLC, Plaintiff v. Member Insurance Agency, Inc., and Pennsylvania Lumbermen's Mutual Insurance Company, Plaintiffs. I was engaged by Plaintiff and was deposed.

15.. State Court of Oregon, McFadden Lane Inc., Plaintiff v. Leonard Adams Insurance, Inc., John O'Connor, Defendants. I was engaged by Plaintiff in April 2017 and testified at trial in Oregon in June, 2017.

16. In the Circuit Court of the 17th Judicial circuit in and for Broward County, Florida. Case N0.: CASE 15-004377 DIV 09, L&N Holdings, LLC, Plaintiff v. KS Insurance Corporation, Alexander Greep & Tate Insurance and Ronald Allen Green. I was hired by plaintiff and testified at deposition and trial in 2018.

17. In the circuit Court of Maryland for Baltimore County, Case Number: 03-C-18-007884 CN, Renewal by Andersen, LLC, Plaintiffs v. Jon Christiana, et al. I was hired by Plaintiff and was deposed and testified at trial in May, 2018.

18. Case No. 3:15-CV-225-CRS, In the United States District Court, Western District of Kentucky, Louisville Division, Martin & Bayley, Inc., Plaintiff v. O'Bryan, Brown, Toner, et al. I was engaged by counsel for Defendant, and was deposed.

19. In the State Court of Fulton County, State of Georgia, Case No. 16-EV-002956, Enterprise Leasing Company of Georgia, LLC, Plaintiff, v. Titlemax of Georgia, Inc., Defendant. I was deposed, and the case settled.