UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

MIAMI DIVISION

Case No.: 1:18-CV-24100-COOKE/
GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER
OF FORESTERS,

    Defendant.
_____/

### PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY
### AND EVIDENCE OF THE REPORT FROM DEFENDANT'S
### EXPERT, MARC S. FRAGER, M.D.[1]

Plaintiff, Digna Vinas ("Ms. Vinas"), pursuant to Fed. R. Civ. P. 7 and S.D. Fla. L.R. 7.1, files this Daubert Motion to Preclude Testimony from Defendant, the Independent Order of Foresters' ("Foresters") expert, Marc S. Frager, M.D.

#### Background, Summary of Argument
#### and the Relevant Issues

Plaintiff, Digna Vinas, is the named beneficiary of a life insurance policy that Foresters sold her husband, Rigoberto Vinas ("Mr. Vinas"). At age seventy-three Mr. Vinas considered switching his present life insurance provider to Foresters. During the sales presentation, Foresters, through its sales agent, explained the contestability process to Mr. Vinas and

---

[1] As Plaintiff pointed out in her Expedited Motion for Extension of Time (D.E. 122), Foresters has refused Plaintiff's request to depose Dr. Frager. Plaintiff reasonably believes that deposition would undoubtedly assist this Court by providing more information about the scope and basis (or lack of basis) for his opinions. To the extent the Court agrees and requires the deposition to be taken, Plaintiff requests the opportunity to supplement this Motion with portions of Dr. Frager's deposition.

advised him that as long as he answered all application questions truthfully, i.e. "to his best knowledge and belief", his policy would not be rescinded or claim denied because of an innocent mistake in the application. Foresters took the application and issued the policy.

Mr. Vinas died fifteen days before the contestability period expired. Foresters conducted a contestable investigation and denied Mr. Vinas' claim based on an alleged misrepresentation. Foresters further attempted to rescind Mr. Vinas' policy.

Ms. Vinas filed suit for Count I (Breach of Contract) and Count II (Declaratory Relief). During the deposition of Foresters' employees and Corporate Representative, Plaintiff learned that contrary to Foresters' representation at the time of sale of the policy, during its contestability investigation, Foresters did not, (and does not), even <u>investigate</u> the insured's best knowledge and belief, much less make a determination what that best knowledge and belief was to decide whether to pay the claim. All Foresters does when it conducts a contestable investigation is to look at the diagnoses and medical records. No inquiry is made to determine the insured's best knowledge and belief about the information contained in those records. In other words, the policy was sold to Mr. Vinas fraudulently, based upon a lie.

Shortly after the depositions of Foresters representatives, Foresters admitted its liability for breach of contract, paid part of the damages it owed to Mrs. Vinas, and acknowledged partial entitlement for Mrs. Vinas' attorney's fees. As such, the liability issue relating to Foresters' breach is no longer a matter of dispute.[2]

Almost immediately following the Foresters depositions, Plaintiff moved for, and this Court granted, leave to amend Plaintiff's Complaint to allege a count for Fraud in the Inducement. Subsequent Foresters' testimony revealed that Foresters' sales department never communicated with the claims department to confirm the representation being made at the time of sale, "that the insured only needed to answer questions to his best knowledge and belief" was in fact how the claims department investigated and decided claims. In other words, the representation was made, <u>at best</u>, without knowledge of its truth or falsity, at worst it was made knowing that it was false. As Plaintiff learned, the representation was not true,

---

[2] The breach of contract matter is not completely resolved to the extent Foresters still disputes Ms. Vinas' right to consequential damages for its breach of contract and entitlement to attorney's fees.

as Foresters doesn't even inquire about the insured's best knowledge and belief.  This is the sole remaining liability issue presently before the Court.

The elements to establish a case for fraud in the inducement are misrepresentation, knowledge or constructive knowledge of its falsity, intent to induce reliance, and justifiable reliance resulting in injury.  In support of its case, Foresters has submitted an expert report from Dr. Marc S. Frager.  (Ex. A).  None of the opinions offered by Dr. Frager address any of the elements of fraud in the inducement.  Rather, Dr. Frager offered an opinion, and several speculative observations, all relating to what Dr. Hershman, Mr. Vinas' treating physician, should have done, and, incredibly, what "Mr. Vinas <u>must have</u> been aware" of. (Emphasis supplied).

In short, what Mr. Vinas knew, didn't know, or what Dr. Hershman told, or should have told, Mr. Vinas are not issues in the remaining Fraud in the Inducement case.  Simply put, fraud in the inducement relates to the <u>defendant's action</u> *prior to and at the time of entering into the contract*.  The breach of contract case relating to what Mr. Vinas knew or didn't know is over.  Dr. Frager's opinions on that issue are irrelevant, speculative and will not be helpful to the jury on the issue before it.

## **LEGAL STANDARD**

Expert testimony under Federal Rule of Evidence 702 must pass the <u>Daubert</u> "gatekeeping" analysis. <u>See</u> <u>Kuhmo Tire Co. Ltd. v. Carmichael</u>, 526 U.S. 137 (1999); <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). To pass through <u>Daubert</u>'s gates the expert must be qualified, and the opinion must be reliable and helpful to the trier of fact. <u>See</u>, <u>e.g.</u>, <u>Rink v. Cheminova, Inc.</u>, 400 F.3d 1286, 1291-92 (11th Cir. 2005). The gatekeeping function ensures "'that speculative, unreliable expert testimony does not reach the jury' under the mantle of reliability that accompanies the appellation 'expert testimony.'" <u>Id.</u> at 1291 (quoting <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1256 (11th Cir.2002) "The party offering the expert testimony has the burden of demonstrating that the testimony is 'relevant to the task at hand' and 'logically advances a material aspect' of its case." <u>Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.</u>, 582 F.3d 1227, 1232 (11th Cir. 2009) (quoting <u>Daubert</u>, 509 U.S. at 597). <u>Umana-Fowler v. NCL (Bahamas) Ltd.</u>, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014).

3

An expert opinion is not admissible unless it "assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." United States v. Delva, 922 F.3d 1228, 1251 (11th Cir. 2019) (emphasis added). An expert's opinion is properly excluded as unreliable when "the leap from data to opinion" is too great. Hughes v. Kia Motors Corp., 766 F.3d 1317, 1331 (11th Cir. 2014); see Rider v. Sandoz Pharm. Corp., 295 F.3d 1194, 1202 (11th Cir. 2002) (affirming exclusion of expert whose opinion on causality included "several scientifically unsupported 'leaps of faith' in the causal chain").

### Dr. Frager's Proposed Expert Opinions are Irrelevant, Unreliable, And Will Not Be Helpful to The Jury.

"The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." Allison v. McGhan Med. Corp., 184 F.3d 1300, 1311–12 (11th Cir. 1999). Simply put, Dr. Frager offers nothing relevant or helpful in this case.

Relevance is determined by the elements of the sole remaining Fraud in the Inducement count. Florida law recognizes four elements to a cause of action for fraudulent inducement:

(1) A misrepresentation of a material fact [by the representor];

(2) That the representor knew or should have known that the statement was false;

(3) The representor's intent to induce another to rely and act upon the misrepresentation; and,

(4) A resulting injury to the party acting in justifiable reliance.

Moro-Romero v. Prudential-Bache Sec., Inc., 89-1821-CIV-DAVIS, 1991 WL 494175, at *6 (S.D. Fla. Aug. 26, 1991) (citing Royal Typewriter Co. v. Xerographic Supplies, 719 F.2d 1092, 1103 (11th Cir.1983) (Emphasis supplied); Lou Bachrodt Chevrolet, Inc., v. Savage, 570 So.2d 306, 308 (Fla. 4th DCA 1990)); see also Pulte Home Corp. v. Osmose Wood Preserving, Inc., 60 F.3d 734, 742 (11th Cir. 1995). Significantly, the elements of Fraud focus on the intent and state of knowledge of the representor.

With this in mind, consider Dr. Frager's report wherein all of his proposed opinions relate not to Foresters' state of mind as the "representor," but instead to the alleged state of mind of Mr. Vinas or his doctor, Dr. Hershman:

4

- "[I]t would be reasonable <u>to assume that Mr. Vinas was being followed for diabetes and secondary complications</u>."
- "<u>A reasonably prudent physician</u> would discuss all conditions with that patient."
- "<u>It is standard protocol</u> for a physician to discuss all lab results and exam findings."
- "<u>Anyone reviewing these records</u> would reasonably determine that Dr. Hershman adhered to standard protocol …"
- "<u>Mr. Vinas must have been aware</u> of these conditions."

(Ex. A, at 3 (Emphasis supplied)). Respectfully … so what? The elements of fraudulent inducement do not have anything to do with, or depend in any way on, <u>Mr. Vinas' state of mind</u> or what Dr. Hershman did or should have done or known. Such "opinions," assuming they could get beyond an objection as completely speculative, would have been relevant, if ever, to the Breach of Contract action which Foresters has already admitted liability for. That issue is over. The only remaining issue is what <u>Foresters</u> knew or should have known about the truth of its representation when it sold the policy to Mr. Vinas. Obviously, none of Dr. Frager's statements address that issue.

### Dr. Frager's Opinion is Pure Speculation and Not the Product of a Reliable Chain of Reasoning or Underlying Facts.

In addition to its complete irrelevance, Dr. Frager's statements are also complete and total speculation about what Mr. Vinas knew or didn't know. The law on this issue is clear that "subjective speculation that masquerades as scientific knowledge does not provide good grounds for the admissibility of expert opinions." <u>McClain v. Metabolife Intern., Inc.</u>, 401 F.3d 1233, 1245 (11th Cir. 2005) (citation omitted). That is exactly what Foresters is trying to accomplish here. Underlying his attempt at an impressive-sounding proclamation that Mr. Vinas "must have been aware," is pure speculation about what Dr. Hershman did, knew and/or told Mr. Vinas based on what Dr. Frager believes Dr. Hershman "should have" done. This does not make for a reliable opinion. <u>King v. Cessna Aircraft Co.</u>, 03-20482-CIV, 2010 WL 1980861, at *4 (S.D. Fla. May 18, 2010) (explaining that "to allow an expert to give a subjective opinion merely because he is an expert and experienced in the field would eliminate the requirement of reliability").

5

### Dr. Frager's Opinion is Inadmissible as Foresters Selectively Omitted Relevant Critical Documents from the Materials it Provided that Expressly Contradict the Witness's Opinions.

Finally, while the Court should not need to get to this level of analysis to strike Dr. Frager, his opinions do not pass Daubert muster for another reason. It is clear that an expert must be provided all relevant documents to review (documents that bear on his opinion) in order to render a meaningful opinion that will assist the jury. See, e.g., Rinker v. Carnival Corp., 09-23154-CIV, 2012 WL 37381, at *1 (S.D. Fla. Jan. 6, 2012) (excluding opinion that did not "fit" the case because expert "did not take Plaintiff's cancer into account when calculating her life expectancy projections because he was not instructed to by Plaintiff's attorneys"); Noon v. Carnival Corp., 18-23181-CIV, 2019 WL 5784689, at *4 (S.D. Fla. Nov. 6, 2019) (excluding opinion where life expectancy expert relied on experience without reviewing plaintiff's medical records); see also Pace v. Capobianco, 283 F.3d 1275, 1280 (11th Cir. 2002) (citing cases demonstrating that opinion formed without access to key facts does not create issue of fact for summary judgment)

In this case, Dr. Frager is being offered to render an opinion that speculates about what Mr. Vinas "must have known". Incredibly, however, Foresters selectively and intentionally omitted various documents from the materials it provided to Dr. Frager that expressly contradict his opinions. Specifically, Dr. Frager was not provided the following three key items of evidence from the application and underwriting period:

1) The notes in Mr. Vinas' file, which explains that he "went to see Dr **and was advised that [sic] does not suffer from Diabetes**" after he "completed an exam for insurance in 2012 when the examiner advised [him] that he has diabetes." (Ex. B, at 8).

2) The supplemental diabetes questionnaire, which explains that "Proposed insured had a medical exam done for an insurance policy in 2012. The medical examiner told him that he had Diabetes. **After following up with his primary doctor and doing additional testing he concluded that the proposed insured did not have diabetes**. He's never taken medication or had treatment for this condition." (Ex. C, at 2).

3) A letter from Dr. Hershman, submitted in response to Foresters' request, which explains that Mr. Vinas "**has been under my medical care for 15 years. This patient is in good health and is not taking any medication for diabetes or on a diabetic diet. He has**

**been advised to diet and exercise on a regular basis**." (D.E. 72-1, at 2).  Dr. Hershman invited the recipient to contact him if there were "any further questions regarding this matter." (Id.).

How could Dr. Frager's opinion assist the jury in making a final determination about Mr. Vinas' state of mind (assuming that issue were relevant), when the underling basis for those opinions expressly ignore (because counsel did not provide it), the only direct evidence that would bear directly on Mr. Vinas' best knowledge and belief?  Bingham v. Raytheon Tech. Servs. Co., LLC, No. 1:13-CV-00211-TWP, 2014 WL 6388756, at *1 (S.D. Ind. Nov. 14, 2014) (excluding opinion where the purported expert "ignored important, relevant facts in his analysis").  Fortunately, the Court can reject expert opinions when "the expert's methodology has been contrived to reach a particular result." Rink, 400 F.3d at 1297, n.7.  It should do so here.

## CONCLUSION

Experts carry weight with lay jurors; to guard against prejudice from such "talismanic significance . . . the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." United States v. Frazier, 387 F.3d 1244, 1263 (11th Cir. 2004). Neither Mr. Vinas' state of mind, nor Dr. Hershman's quality of practice is relevant to Plaintiff's Fraud in the Inducement count, the only claim currently at issue.  Indeed, Foresters has conceded the point, confessing judgment on Count I.  Dr. Frager's opinion can prove nothing relevant, is pure speculation, and is not based upon a full review of the relevant records.  The opinion/witness should be stricken.

Based on the foregoing argument and cited authority, Ms. Vinas requests that this Court enter an order excluding all testimony and reports from Defendant's proposed expert Dr. Marc Frager.

## S.D. Fla. L.R. 7.1(a)(3) Certificate

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the Plaintiff has been contacted and objects to the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing has been electronically filed with the Court and a copy has been served on December 4, 2020 on:  Kristina B. Pett,

Esq. Kristina.pett@mhllp.com and Danielle Shure, Esq., Danielle.shure@mhllp.com, McDowell, Hetherington, LLP, 2101 N.W. Corporate Blvd., Suite 316, Boca Raton, FL 33431.

        KRAMER, GREEN, ZUCKERMAN,
        GREENE & BUCHSBAUM, P.A.
        Co-Counsel for Plaintiff
        4000 Hollywood Blvd., Suite 485-S
        Hollywood, FL  33021
        (954) 966-2112 – phone
        (954) 981-1605 - fax

        By:    /s/ Craig M. Greene
              Craig M. Greene, Esq.
              Fla. Bar No. 618421
              cgreene@kramergreen.com

        and

        Adrian Neiman Arkin, Esq.
        MINTZ, TRUPPMAN, P.A.
        Co-Counsel for Plaintiff
        1700 Sans Souci Boulevard
        North Miami, FL  33181
        (305) 893-5506 – phone
        adrianarkin@mintztruppman.com