UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24100-COOKE/
GOODMAN

DIGNA VINAS,

    Plaintiff,

vs.

THE INDEPENDENT ORDER OF
FORESTERS,

    Defendant.
_____/

## SECOND AMENDED COMPLAINT (WITH INTERLINEATION)

COMES NOW, Plaintiff, Digna Vinas ("Vinas"), by and through her undersigned counsel, and hereby sues the Defendant, The Independent Order of Foresters ("Foresters"), and states:

1. The jurisdiction of this Court is predicated on 28 U.S.C. §1332 in that, at all times material hereto, the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees and is between a citizen of the State of Florida, a citizen of a foreign state, a Canadian insurance company with its place of incorporation and principal place of business in Toronto, Ontario, Canada. This Court has original jurisdiction of all civil actions between "citizens of a state and citizens or subjects of a foreign state" under §1332(a)(2).

2. At all times material hereto, the Plaintiff, Vinas, was a citizen of the State of Florida and resident of Miami-Dade County, Florida, and was in all respects, sui juris.

3. At all times material hereto, the Defendant, Foresters, was a Canadian corporation with its citizenship in Canada, and its principal place of business in Toronto, Ontario, Canada that was authorized to issue life insurance policies/Certificates within the State of Florida.

4. At all times material hereto, and more specifically on January 26, 2015, Foresters issued a SMART Universal Life Insurance Policy/Certificate to Rigoberto Vinas, bearing Certificate No. 83556627 ("Policy"). A copy of the Policy/Certificate is attached hereto as Exhibit "A".

5. At all times material hereto, Digna Vinas, was the wife of Rigoberto Vinas and was the sole beneficiary under the Policy and is therefore a direct and intended third party beneficiary of the Policy between Rigoberto Vinas and Foresters.

6. At all times material hereto, the Policy provided a life insurance death benefit in the amount of Ninety-two Thousand and 00/100 Dollars ($92,000.00) in the event of the death of Rigoberto Vinas.

7. At all times material hereto the Policy was in full force and effect.

8. At all times material hereto, Rigoberto Vinas died while the Policy was in full force and effect.

9. At all times material hereto, Vinas has performed all conditions precedent to the filing of this action including filing a Death Benefit Claim, providing satisfactory proof of Rigoberto Vinas' death or said conditions have been waived or excused.

10. At all times material hereto, Foresters denied Vinas' claim on April 5, 2017 and since that time has failed to make payment under the Policy.

## COUNT I – BREACH OF CONTRACT

Plaintiff readopts and realleges paragraphs 1 through 10 above as though fully set forth herein.

11. At all times material hereto, the Policy included the following terms:

    **Death Benefit**
    **Payment of Death Benefit**

    Subject to the terms and conditions of the entire contract, we will pay the Death Benefit if we receive satisfactory proof of the insured's death. That death must occur while the certificate is in effect.

    Interest will be paid on the death benefit calculated from the date of death to the date of payment. The interest rate will be the legal rate required by the insurance laws of the state governing this certificate [Florida].

    . . .

    The amount payable under this provision will be paid as described in the *Payment to Beneficiary* provision.

12. At all times material hereto, in addition, the Policy stated:

    **Amount of Death Benefit**

    The death benefit at any time is the greater of:
    - the amount based on the death benefit option in effect at that time; and
    - the minimum death benefit as described in the *Minimum Death Benefit* provision.

13. At all times material hereto, the amount of the Death Benefit under the Policy was Ninety-two Thousand and 00/100 Dollars ($92,000.00).

14. On January 11, 2017, Rigoberto Vinas died. Thereafter, and in compliance with the terms of the Policy, Vinas filed a claim with Foresters complete with supporting

documentation indicating that Rigoberto Vinas had died and requesting payment under the Policy.

15. At all times material hereto, and more specifically, on April 5, 2017, Foresters sent a letter to Vinas denying Vinas' claim and has continuously failed to make payment pursuant to the Policy thereby materially breaching the agreement.

16. As a direct and proximate result of Forester's breach of the Policy and failure to fulfill its obligations under the Policy, Vinas has sustained damages in the amount of Ninety-two Thousand and 00/100 Dollars ($92,000.00) from January 11, 2017 to the present.

17. As a direct and proximate result of Foresters' breach of the policy and its failure to pay Vinas the $92,000 death benefit, Vinas has sustained consequential damages, including but not limited to Vinas' inability to pay necessary monthly expenses.

18. As a direct and proximate result of Foresters' failure to timely pay the death benefit to Vinas, Vinas is being sued in state court for a collection action in the amount of $11,810.37 with interest continuing to accrue.

19. As a direct and proximate result of Foresters' failure to timely pay the death benefit to Vinas, Vinas is suffering consequential damages of unpaid debts, accruing interest, and defense costs in defense of the county court collection action and other expenses.

20. At all times material hereto, Vinas has been required to retain the services of undersigned counsel to prosecute this action on her behalf and has agreed to pay counsel a reasonable fee for services rendered.

## COUNT II – DECLARATORY RELIEF

Plaintiff readopts and realleges paragraphs 1 through 10 above as though fully set forth herein.

21. At all times material hereto, Foresters denied Vinas' claim as more fully set forth in Count I above by attempting to rescind the Policy/Certificate and declaring the Policy/Certificate as void <u>ab initio</u> and without legal effect.

22. At all times material hereto, Foresters based its attempted rescission on Rigoberto Vinas' response to questions in the Application and Supplemental Diabetes Questionnaire, to which Foresters claimed Rigoberto Vinas provided inaccurate answers.

23. At all times material hereto, both the Application and Diabetes Questionnaire required Rigoberto Vinas to answer the questions posed by providing information which was "true and a complete disclosure of all information requested … to the best of [his] knowledge and belief."

24. At all times material hereto, Foresters' attempted rescission of the Policy was incorrect for one or more of the following reasons:

   a. The answers provided by Rigoberto Vinas were accurate, and therefore, there was no "misrepresentation" as required under Florida Statute § 627.409.

   b. The information which Foresters claims was omitted was not "material" to Foresters' determination of the risk, and Foresters would have issued the identical Policy.

   c. Foresters improperly interpreted Florida law as applied to the facts of this case to require a higher threshold of accuracy than it requested in the original Application for insurance and the Diabetes Questionnaire.

   d. Foresters undertook an independent investigation of Rigoberto Vinas' insurability prior to issuing the Policy and is therefore charged with the knowledge of the very medical information upon which it now seeks to rescind the Policy.

25. As a result of Foresters' failure to abide by its own contractual language as contained within the insurance application (which became part of the Policy), Vinas has been injured by Foresters' declaration that the Policy is rescinded and VOID and its failure to acknowledge the Policy was in full force and effect.

26. An actual controversy exists between the parties as to whether the Policy in question is valid and in full force and effect.

27. Vinas is in need of a judicial declaration setting forth the respective rights of the parties under the Policy as well as a true interpretation of the application questions as applied to the facts declaring the Policy is in full force and effect.

28. Vinas has no adequate remedy at law as to a Declaration that the Policy is and was in full force and effect.

29. Vinas been required to retain the services of the undersigned counsel and to prosecute this action on her behalf and has agreed to pay counsel a reasonable fee for services rendered.

## COUNT III – FRAUD IN THE INDUCEMENT

Plaintiff readopts and realleges paragraphs 1 through 10 above as though fully set forth herein and further states:

30. At all times material hereto, the policy issued by Foresters to Rigoberto Vinas provided coverage to Mr. Vinas' beneficiary in the event of Rigoberto Vinas' death, in exchange for the payment of premiums charged.

31. At all times material hereto, Rigoberto Vinas purchased the Policy to protect his beneficiary from incurring expenses and to provide financial security in the event of his death.

32. At all times material hereto, all the Policy provisions constituted specific representations to o by Foresters in the form of contractual promises and/or statements of present intention. The Policy was executed and attested to on behalf of Foresters by its Executive Secretary, K. Routhiaike.

33. At all times material hereto, the Application which became part of the Policy under Florida law, required Rigoberto Vinas to provide answers that were "full, complete, and true to the best of [his] knowledge and belief."

34. At all times material hereto, in issuing the Policy, Foresters knew that the Application for Insurance completed by Mr. Vinas had to be answered to his "best knowledge and belief."

35. At all times material hereto, Foresters knew that if Rigoberto Vinas died within the first two years following the issuance of the Policy, the Policy would be contestable under Florida law. That is, Foresters knew that it would have the opportunity to review the Application questions and determine whether the information provided was answered to Rigoberto Vinas' "best knowledge and belief."

36. At all times material hereto, Foresters falsely and fraudulently represented, through language in the Policy and incorporated Florida law, that in the event Mr. Vinas were to die from a non-excluded cause within the first two years following issuance of the Policy, Foresters would pay benefits under the Policy as long as Mr. Vinas answered the Application questions to his best knowledge and belief.

36 a. Furthermore, at all times material hereto and prior to the sale of the policy, Foresters, through its sales agent Jazmin Lightbourn, explained how the contestability period worked and represented that Foresters would not deny a claim or rescind the policy for

inaccuracies in the Application so long as Mr. Vinas answered the Application questions truthfully, i.e., to his best knowledge and belief.

37. At all times material hereto, this representation by Foresters was false and Foresters knew it to be false when it was made to Rigoberto Vinas in order to induce Rigoberto Vinas to enter into the Policy of Insurance with Foresters. The representation was made to induce Rigoberto Vinas to pay premiums for the policy despite the fact that Foresters knew it had no intention to ever pay benefits if Rigoberto Vinas were to die during the first two years following issuance of the Policy even if Application answers were provided to Mr. Vinas' best knowledge and belief. This statement was a false statement of material fact by Foresters to Rigoberto Vinas contained within the Policy language and incorporated Florida law.

38. At all times material hereto, Foresters knew or should have known this promise was false when made as Foresters intended, at the time of sale of the policy, to improperly ignore Mr. Vinas' "best knowledge and belief" in the Application and instead deny a claim based upon Foresters' interpretation of the medical accuracy of information without regard to Rigoberto Vinas' best knowledge and belief.

39. At all times material hereto, the direct and circumstantial evidence of the falsity of Foresters' statement and promise to pay a claim within the first two years as long as Rigoberto Vinas answered Application questions to his best knowledge and belief included the fact that, upon presentation of the Mr. Vinas claim to Foresters, Foresters <u>never even made inquiry into Rigoberto Vinas' best knowledge and belief</u>.

40. At all times material hereto, the direct and circumstantial evidence of the falsity of Foresters' representation also included the fact that Foresters <u>expressly ignored evidence</u> in its own claim file which directly provided Rigoberto Vinas' best knowledge and belief was

that he did not have diabetes, instead relying on unconfirmed and contradictory medical records which provided no indication of Mr. Vinas' best knowledge and belief regarding his medical condition.

41.     At all times material hereto, Foresters intended and made promises to Rigoberto Vinas to induce his reliance on them so it could collect premiums without any liability for actually paying a life insurance claim in the event Mr. Vinas were to die during the first two years following issuance of the Policy, using its willful blindness to the information available to it as a false defense.

42.     At all times material hereto, Foresters' false promise with no intention to pay Mr. Vinas during the first two years following issuance of the Policy, furthered an apparent institutional position of not investigating insureds' best knowledge and belief when investigating contestable claims (life insurance claims made within the first two years after death).

43.     At all times material hereto, Rigoberto Vinas justifiably relied upon the false representations made by Foresters to his detriment by entering into the Policy of Insurance, paying premiums and believing that his beneficiary was covered in the event of his death.

44.     At all times material hereto, Foresters committed intentional misconduct, i.e., Foresters knew that its actions in denying the Policy were wrongful and knew or should have known of the high probability that Vinas would be damaged by not receiving the monies that the Policy had promised, but still refused to honor the Policy; or, in the alternative, Foresters' committed gross negligence, i.e., its conduct was so reckless or wanting in care that it amounted to a conscience indifference to Vinas' rights.

45. At all times material hereto, as a result of Rigoberto Vinas' justifiable reliance on Foresters' fraudulent inducement to enter into the Insurance Contract and his payment of premiums based on false promises, Vinas has been damaged and Foresters is estopped to deny coverage for the full payment of benefits under the Policy as well as all damages actually and consequentially flowing from Foresters actions and inactions.

WHEREFORE, Plaintiff, Digna Vinas, seeks the following:

a) Payment of the full amount of life insurance benefits due under the Policy and all consequential damages.

b) A Declaration that Rigoberto Vinas' Policy was in full force and effect and is valid and enforceable.

c) A Declaratory Decree by the Court interpreting those portions of the Policy in which the parties have an actual dispute.

d) Attorney's fees, costs and other such relief as this Court deems just and proper under Fla. Stat. §627.428 or other Florida Statute providing for attorney's fees.

e) Pre and Post-judgment interest on the total damages including consequential damages, the Insurance Policy benefits and attorney's fees at the present statutory rate from the date Rigoberto Vinas died through the date this Court enters Judgment.

f) Punitive damages.

## **DEMAND FOR JURY TRIAL**

Vinas demands a trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2021, the foregoing document was served via the CM/ECF system to Kristina B. Pett, Esq., Danielle E. Shure, Esq., McDowell Hetherington LLP, Attorneys for Defendant, 2101 N.W. Corporate Blvd. Suite 316, Boca Raton, FL 33431, kristina.pett@mhllp.com, Danielle.shure@mhllp.com.

        KRAMER, GREEN, ZUCKERMAN,
        GREENE & BUCHSBAUM, P.A.
        Co-Counsel for Plaintiff
        4000 Hollywood Blvd., Suite 485-S
        Hollywood, FL  33021
        (954) 966-2112 – phone
        (954) 981-1605 – fax

By:     /s/ Craig M. Greene
        Craig M. Greene, Esq.
        Fla. Bar No. 618421
        cgreene@kramergreen.com

and

Adrian Neiman Arkin, Esq.
MINTZ, TRUPPMAN, P.A.
Co-Counsel for Plaintiff
1700 Sans Souci Boulevard
North Miami, FL  33181
(305) 893-5506 – phone
adrian@mintztruppman.com