UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 18-CV-24100-COOKE/GOODMAN**

DIGNA VINAS,

       Plaintiff,

v.

THE INDEPENDENT ORDER
OF FORESTERS,

       Defendant.
_____/

### THE INDEPENDENT ORDER OF FORESTERS' REPLY IN SUPPORT ITS MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

The arguments raised in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [Doc. 162; "Response"] do not save Counts I and III of the Complaint [Doc. 147] from dismissal.[1] Plaintiff fails to meaningfully distinguish <u>Citizens Property Ins. Corp. v. Manor House, LLC</u>, ---So.3d---, No. SC19-1394, 2021 WL 208455 (Fla. 2021), in which the Florida Supreme Court unequivocally held that outside the context of a bad faith claim, an insured may not seek extra-contractual damages—consequential, punitive, or otherwise. Accordingly, Plaintiff is precluded from recovering consequential damages under Count I for breach of contract, and from pursuing the fraudulent inducement claim purportedly set forth in Count III. Instead of addressing Foresters' arguments in her Response, Plaintiff attempts to distract the Court by quibbling over Foresters' recitation of the procedural history of the case.[2] When Plaintiff finally attempts to address the merits of Foresters' arguments, she relies on

---

[1] Plaintiff concedes that Count II is moot and should be dismissed. [Resp. at 7].

[2] Notably, Plaintiff's contention that she was not obligated to provide evidence supporting her claim that Foresters' decision was incorrect until Foresters served discovery is simply wrong. In Foresters' April 5, 2017, denial letter, it asked Plaintiff to provide all information that she believed showed that Foresters' decision was incorrect. Plaintiff was also required to disclose this letter in her June 18, 2019 initial disclosures. Plaintiff waited until March 26, 2020, to provide a letter from Dr. Hershman, all the while letting her alleged consequential damages accrue, which she now improperly seeks to recover from Foresters.

inapplicable case-law, and fails to show that her allegations, even if true, state cognizable claims under Florida law. Plaintiff's main source of authority is the Court's Endorsed Orders granting leave to amend her pleading [Docs. 90, 144]. However, the Orders do not address the parties' arguments on the merits, and were issued prior to Citizens Property. For the reasons stated in the Motion and this Reply, the Complaint should be dismissed with prejudice.

### A. Plaintiff's Breach of Contract Claim is Moot.

As set forth in the Motion [Doc. 152], Plaintiff's breach of contract claim is moot. On April 6, 2020, Foresters issued a check [Doc. 152-2] to Plaintiff in the amount of $118,220.74, which included the $92,000.00 Death Benefit and $26,220.74 in interest. In doing so, Foresters fulfilled all of its contractual obligations. Plaintiff fails to acknowledge that in Citizens Property, the Florida Supreme Court held that "extra-contractual, consequential damages are not available in a first-party breach of insurance contract action because the contractual amount due to the insured is the amount owed pursuant to the express terms and conditions of the policy." Id. at *2. "Extra-contractual damages are available in a separate **bad faith action** pursuant to section 624.155 but are not recoverable in" an action against an insurance company who is "immune from first-party bad faith claims." Id. Plaintiff's suggestion that this holding is limited to property insurance is nonsensical. The question before the Court, which it answered "in the negative," was whether "in a first-party breach of insurance action brought by an insured against its insurer, not involving suit under section 624.155, Florida Statutes, does Florida law allow the insured to recover extra-contractual, consequential damages?" Id. at *1. The opinion applies to all first-party breach of insurance contract actions, regardless of the type of insurance at issue.[3] Plaintiff's claim that the Court should submit this issue to a jury is equally nonsensical. Where, as here, consequential damages are not available as a matter of law, the request should be stricken. See Merchant One, Inc. v. TLO, Inc., No. 19-cv-23719-BLOOM/Louis, 2020 WL 1536436, at *4 (S.D. Fla. Mar. 31, 2020) (striking a request for consequential damages because they were not available as a matter of law).

---

[3] Plaintiff's position is disingenuous, as she cited the lower court opinion in an earlier brief without claiming any such distinction, in an earlier brief. [Doc. 102 at p. 4].

Plaintiff's argument that Foresters' payment constitutes a confession of judgment is irrelevant. In certain circumstances, payment of a claim is the functional equivalent of a confession of judgment, which entitles the insured to attorney's fees under Fla. Stat. § 627.428. Wollard v. Lloyd's & Cos. of Lloyds, 429 So. 2d 217, 218-19 (Fla. 1983); see also W&J Grp. Enters., Inc. v. Houston Specialty Ins. Co., 684 F. App'x 867, 868-69 (11th Cir. 2017). However, unlike in the cases cited by Plaintiff, Foresters has already agreed to pay reasonable attorney's fees and costs through the date of payment.

Thus, Plaintiff's claim is moot. There is no longer a live issue as to whether Foresters breached the Certificate, Plaintiff has been fully compensated under Florida law, and Foresters agreed to pay reasonable fees through the date of payment. At this stage, "the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001). In the Response, Plaintiff concedes that when a claim is moot, the Court lacks jurisdiction to enter judgment on the merits, and must dismiss the claim. [Resp. at 7].[4]

Plaintiff improperly argues that the Court must ignore Foresters' payment because it cannot consider the Check at the motion to dismiss stage.[5] Plaintiff is mistaken. The Court may consider the Check because its authenticity is undisputed, and the issue of whether, and when, Foresters approved Plaintiff's claim is central to Plaintiff's claim. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiff alleges that "on April 5, 2017, Foresters sent a letter to Vinas denying Vinas' claim and has **continuously failed to make payment** pursuant to the Policy thereby materially breaching the agreement." [Doc. 147 at ¶15]. Plaintiff also claims that she is entitled to consequential damages because of "Foresters' failure to timely pay the death benefit." [Id. ¶19]. Despite amending her pleading twice since the payment, Plaintiff has not corrected these allegations. Thus, the date and amount of the payment is central to Plaintiff's claim that payment was untimely and that she has not been made whole.

Nevertheless, even if the Court does not consider the Check, it may take judicial notice of the CRN [Doc. 152-3] and CRN response [Doc. 152-4], which are public records. See

---

[4] The only remaining issue with respect to Count I is the amount of reasonable attorney's fees and costs Plaintiff is entitled to through the date of payment.

[5] This argument is particularly ironic considering how frequently Plaintiff improperly cites deposition testimony, which is not part of the Complaint. [Resp. at p. 8, 16, 17, 20].

Laxman v. Safeco Ins. Co. of Ill., No. 2:14-cv-14413-RLR, 2015 WL 845582, at *1 (S.D. Fla. Feb. 25, 2015) (taking judicial notice of a CRN to evaluate a motion to dismiss as a public record).[6] The CRN response states that "Foresters has agreed to pay Mrs. Vinas the death benefits under the certificate, plus interest, and reasonable attorney's fees and taxable costs in an amount to be agreed upon by the parties." [Doc. 152-4 at 18]. Plaintiff cannot point to any live issue to salvage her breach of contract claim. Accordingly, it must be dismissed as moot.

**B. Plaintiff's Fraudulent Inducement Claim Fails as a Matter of Law and is Not Sufficiently Pleaded.**

First, besides disingenuously claiming that Citizens Manor does not apply because it involved "property insurance," Plaintiff does not refute that she may not seek punitive damages outside the context of a bad faith claim. Plaintiff also fails to refute that her fraud claim is a statutorily precluded bad faith claim in disguise. In Parker v. State of Fla. Bd. of Regents ex rel. Fla. Stat. Univ., 724 So. 2d 163 (Fla. 1st DCA 1998), the court held that "for fraud to exist, as a matter of law, bad faith must also exist." Id. at 168. Therefore, the state could not be held liable for a fraudulent misrepresentation claim because it was immune from bad faith actions. Id. at 169; see also Zainulabeddin v. Univ. of S. Fla. Bd. of Trustees, No. 8:16-cv-637-T-30TGW, 2017 WL 5202998, *12 (M.D. Fla. Apr. 19, 2017) (the state was immune from suit because "Florida state courts have stated that . . . bad faith is a necessary element of fraud.") Plaintiff argues that because she does not use the words "bad faith" or cite to section 624.155, it is not bad faith. This argument fails because "in construing a claim, the 'Court looks beyond the captions and labels in a complaint to the content and substance of the allegations.'" Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268, 1290 (M.D. Fla. 2017).

---

[6] The Court can also take judicial notice of the docket in this case as a public record. See Rodriguez v. Perez., No. 12-22228-Civ, 2013 WL 8508074, at *1 n.1 (S.D. Fla. Oct. 21, 2013) (Cooke, J.); Timco Aviation Servs., Inc. v. Wilson Elser Moskowitz Edelman & Dicker, LLP, No. 11-20073-CV-GRAHAM/GOODMAN, 2011 WL 13223673, at *2 (S.D. Fla. Apr. 12, 2011) (recognizing that a court may take judicial notice of matters of public record, including docket entries, without converting a motion to dismiss into a motion for summary judgment). The docket states that Foresters paid the Death Benefit and interest and agreed to pay reasonable attorney's fees and costs through the date of payment. [Docs. 71, 74, 75].

Plaintiff next argues that Count III is not a "bad faith" claim because it is not based on claims handling, but on conduct before the contract was created. This argument also misses the mark. For one, Plaintiff's fraudulent inducement claim *is* based on claim handling, which is precisely why it violates the independent tort rule. Plaintiff alleges that Foresters committed fraud by failing to adhere to the terms of the Incontestability provision, and "ignor[ing] evidence in" Mr. Vinas's claim file—that is, it fraudulently handled Plaintiff's claim, which is the essence of bad faith. [Doc. 147 ¶40]. Even more telling, Plaintiff alleges that Foresters committed fraud by "further[ing] an apparent institutional position of not investigating insureds' best knowledge and belief when investigating contestability clams." [Id. ¶42]. This is precisely the type of conduct contemplated by section 624.155, which incorporates Fla. Stat. § 626.9541(1)(i) and states that an insured is permitted to file a bad faith claim based on "[a] material misrepresentation made to the insured or a person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims . . . on less favorable terms than those provided in, and contemplated by, such contract or policy." Fla. Stat. § 624.155(1)(a); Fla Stat. § 626.9541(1)(i)(2)). Additionally, section 624.155 states that an insured may file a bad faith claim based on "[c]ommitting or performing with such frequency as to indicate a general business practice any of the following": "(a) Failing to adopt and implement standards for the proper investigation of claims"; "(b) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue"; and "(d) Denying claims without conducting reasonable investigations based upon available information." Plaintiff's "fraud" claim is based on these alleged bad faith acts governed by section 624.155. It is therefore precluded as a matter of law.

Plaintiff's attempt to distinguish Foresters' case-law fails. Plaintiff fails to acknowledge that in Geico General Ins. Co. v. Hoy, 927 So.2d 122 (Fla. 2d DCA 2006), "Ms. Hoy's complaint did not include a statutory bad faith claim," yet the court construed her claim for fraud as a bad faith claim in applying the principle that "when a litigant files claims for both coverage and bad faith in the same action, the insurer's claim file is not discoverable until the issue of coverage is resolved." Id. at 125.

Plaintiff also fails to provide any authority supporting her contention that she has

standing to pursue the fraudulent inducement claim.  Plaintiff does not distinguish any of the cases cited in the Motion, which squarely hold that a third party beneficiary lacks standing to assert a claim that the insured was fraudulently induced to purchase the policy.[7]  In her Response, Plaintiff argues that the alleged statements underpinning the fraud were "directed to her" and she "jointly decided" to purchase the Certificate.  Even if true, this was not plead.  A plaintiff "may not amend h[er] complaint through a response to a motion to dismiss." Watkins v. Six Unknown Broward Sherriff Jail Deputies, No. 14-62095-CIV, 2015 WL 13203924, *2 (S.D. Fla. Dec. 2, 2015).  In any event, Plaintiff's claim is for fraudulent inducement to purchase the Certificate.  Plaintiff's contention would not change the fact that she did not own the Certificate, and therefore lacks the requisite legal relationship to assert this claim.

Additionally, Plaintiff does not refute that her claim violates Florida's independent tort rule.  Plaintiff argues that because breach of contract and fraudulent inducement claims **can** co-exist, her claim must be proper.  She fails to recognize that regardless of whether a breach claim is asserted, "statements or misrepresentations made to induce an individual to enter a contract, **if later contained within the terms of the actual contract**, cannot constitute a basis on which to bring the fraud claim." Ben-Yishay v. Mastercraft Dev., LLC, 553 F. Supp.2d 1360, 1370 (S.D. Fla. 2008) (emphasis added).  "Reliance on fraudulent representations is unreasonable as a matter of law in such situations." Topp, Inc. v. Uniden Am. Corp., 513 F. Supp. 2d 1345, 1348 (S.D. Fla. 2007).[8]  In fact, in the Response, Plaintiff states that "the fraudulent misrepresentations occurred in the policy itself." [Resp. at p.19].  As set forth in the Motion, Plaintiff alleges that Ms. Lightbourn represented "that Foresters would not deny a claim or rescind the policy" if Mr. Vinas answered the Application questions to his best knowledge and belief.  [Doc. 147 ¶36a].  This alleged representation was embodied in the Certificate's Incontestability provision, and therefore cannot underpin a fraudulent inducement claim.  She also alleges that "all the Policy provisions constituted specific representations to o

---

[7] See Prater v. Wackenhut Corr. Corp., 44 F. App'x 654, No. 01-50792, 2002 WL 1397163, *1 (5th Cir. 2002); Erwin v. Tx Health Choice, L.C., 187 F. Supp. 2d 661, 667 (N.D. Tex. 2002); Maddux v. Philadelphia Life Ins. Co., 77 F. Supp. 2d 1123, 1132 (S.D. Cal. 1999).

[8] Although Topp discusses the economic loss rule, its holding is still viable under the independent tort doctrine.

[sic] or by Foresters in the form of **contractual promises** and/or statements of present intention." [Doc. 147 ¶32]. "Foresters falsely and fraudulently represented through language in the Policy . . . that in the event Mr. Vinas were to die . . . within the first two years following the issuance of the Policy, Foresters would pay benefits . . . as long as Mr. Vinas answered the Application questions to his best knowledge and belief." [Id. ¶36].

Plaintiff contends that the inclusion of alleged pre-contractual statements in an agreement does not extinguish a fraud in the inducement claim. However, in citing to La Pesca Grande Charters, Inc. v. Moran, 704 So. 2d 710 (Fla. 5th DCA 1998), Plaintiff ignores the footnote directly below the language she highlights. The footnote provides that "[t]he victim of a fraud can agree by contract, however, to forego reliance on any prior false representation and limit his reliance to the representations that are expressly contained in the contract." Id. at 712 n.1. Thus, Plaintiff's argument fails because the Certificate contains a Merger clause in which Mr. Vinas and Foresters expressly agreed that the Certificate and Application constituted the parties' entire agreement, and that "[n]o one, including the producer who provided you with this certificate, can make a promise or representation about the entire contract other than what is described in the entire contract." [Certificate at 10]. This is the precise scenario contemplated by La Pesca, wherein an alleged representation contained within a contract could not underpin a fraudulent inducement claim. See Topp, 513 F. Supp. 2d at 1348 (stating that a merger clause bars a fraudulent inducement claim because "[a] party cannot take a position contradictory to a contract that plainly and unambiguously states that there are no other agreements or representations other than those contained in the contract.").

Further, Plaintiff argues that his claim is not a shotgun pleading because he is seeking to hold Foresters "directly" liable for Ms. Lightbourn's conduct, and is not asserting direct and vicarious liability in a single count. First, there does not appear to be any Florida authority supporting that an insurance company can be held "directly," as opposed to "vicariously," liable for the conduct of an alleged captive agent. Nevertheless, even assuming that this were legally permitted, Plaintiff's "direct liability" theory is far from apparent in the complaint. In Platypus Wear, Inc. v. Clarke Modet & Co., S.L.. No. 06-209-76, 2008 WL 2557503 (S.D. Fla. June 23, 2008), the plaintiff asserted that one of the defendants, Clarke Spain, was liable for a

7

number of torts, and that a second defendant, Santucci "was and is an agent and/or employee and/or partner of Clarke." Id. at *1. This Court noted that there was "no distinct claim for vicarious liability," but "[b]y framing the pleading in such a manner," the plaintiff was "proceeding on a theory of direct liability against Clarke Spain, **and also on a theory of indirect or vicarious liability stemming from the purported principal/agent relationship between Clarke Spain and Santucci**." Id. (emphasis added). Similarly, Plaintiff alleges that Ms. Lightbourn was Foresters "sales agent," but does not plead a "distinct claim for vicarious liability." Instead, Plaintiff appears to proceed, improperly, on a theory of direct liability against Foresters based on the representations in the Certificate, "and also on a theory of indirect or vicarious liability stemming from the purported principal/agent relationship between" Foresters and Ms. Lightbourn. This is precisely the type of poor pleading that the Federal Rules and the rule against shotgun pleadings are designed to avoid. As such, Count III must be dismissed.

In the Response, Plaintiff fails to account for the complete lack of allegations showing an agency relationship between Foresters and Ms. Lightbourn. Neither Foresters, nor the Court, can discern the basis of the purported agency relationship. Plaintiff's sole argument is that he need not plead agency because he is seeking to hold Foresters directly liabile. However, to state a claim based on the representations of Ms. Lightbourn, its purported "sales agent," Plaintiff needs to state facts sufficient to reasonably show that she is a captive agent of Foresters, and not an independent broker. An "insurance broker is one who solicits insurance orders from the general public and is not bound by contract to work for or solicit insurance for any particular insurance company." Amstar Ins. Co. v. Cadet, 862 So. 2d 736, 739 (Fla. 5th DCA 2003). An insurance agent, on the other hand, is "contractually obligated to work for and solicit insurance on behalf of a specific insurance company." Id. While the acts of a captive agent can be attributed to the insurance company, acts of an independent broker cannot. Id.

Finally, Plaintiff fails to refute that his allegations do not satisfy Rule 9(b)'s pleading standard. Plaintiff attempts to make a mockery of the Rules by arguing that he alleged everything except "the color of Ms. Lightbourn's lipstick." However, as this Court stated in E & C Copiers Export Import Corp. v. Arizas Fotocopiadoras S.A.S., No. 15-21693-Civ-

COOKE/TORRES, 2015 WL 7720604 (S.D. Fla. Nov. 30, 2015) (J., Cooke):

> It is well settled that claims involving allegations of fraud must be met with **particularity** pursuant to Federal Rule of Civil Procedure 9(b). Rule 9(b) is satisfied if the complaint sets forth: (1) the **precise statements**, documents, or misrepresentations made; (2) the **time, place, and person responsible** for the statement; (3) the **content and manner** in which these statements **mislead the plaintiffs**; and (4) **what the defendants gained** by the alleged fraud.

Id. at *3 (emphasis added). Other than an allegation that Ms. Lightbourn's representation was at a "material" time "prior to the sale of the policy," the Complaint is devoid of any allegation regarding the "time" and "place" of the alleged statement. [Doc. 147 ¶36a]. Plaintiff's allegations do not indicate whether Ms. Lightbourn made the alleged statement before or after Mr. Vinas completed the Application, in which he declared and agreed that "No agent/producer . . . has power on behalf of Foresters to make, modify, or discharge an insurance contract," and Ms. Lightbourn certified that she "**made no promise(s) regarding the benefit(s) or future performance of the product(s)** applied for, other than as specifically written in the specific product(s) applied for." [App. at 7-8].[9] The Complaint also does not allege "the content and manner" in which the statement allegedly misled Plaintiff—nor could it, as Plaintiff did not take any action and did not purchase the Certificate. Nor does the Complaint allege "the manner" in which Mr. Vinas was misled. Other than saying, in a conclusory fashion, that Mr. Vinas "relied upon the false representations . . . by entering into the Policy of Insurance," there are no factual allegations indicating what he would have done differently without that representation. Plaintiff's deficient pleading is particularly glaring in light of Fla. Stat. § 627.455, which provides that "**[e]very insurance contract** shall provide that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of 2 years from its date of issue . . . ." Fla. Stat. § 627.455. Considering that every life insurance

---

[9] The Court can consider the Application because Plaintiff directly references the contents thereof in the Complaint, and thereby incorporates it by reference. See Jordan v. Miami-Dade Cnty., 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) ("On a motion to dismiss, the Court may consider documents . . . directly referred to in the Complaint."). Further, under Florida law, the Application is considered part of the Certificate, which is attached to the Complaint. Mathews v. Ranger Ins. Co., 281 So. 2d 345, 348 (Fla. 1973).

9

policy issued in the state of Florida provides for an incontestability investigation, it is unclear how Mr. Vinas changed his behavior based on Ms. Lightbourn's alleged representation that Foresters would conduct a contestability investigation. Just as this Court found in E & C Copiers, Plaintiff's "conclusory statements" are insufficient.

### C. Plaintiff's Request for Attorney's Fees Must be Stricken.

Additionally, Plaintiff fails to establish that she is entitled to attorney's fees under Fla. Stat. § 627.428 for her fraudulent inducement claim. Florida law is clear that attorney's fees "are not recoverable in the absence of a statute or contractual agreement authorizing their recovery." Price v. Taylor, 890 So. 2d 246, 250 (Fla. 2004). The Florida Supreme Court has instructed that section 627.428 authorizes attorney's fees "only in a discrete set of circumstances." Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 374 (Fla. 2008). Plaintiff fails to satisfy her burden of establishing her entitlement to an award of fees for fraudulent inducement, as she fails to cite a single case supporting her position. See Plapinger v. E. States Prop. Realty Corp., 716 So. 2d 315, 318 (Fla. 5th DCA 1998) (recognizing that the party seeking to recover fees has the burden of demonstrating its general right to recovery). Plaintiff's attempt to shift the burden of proof by claiming that Foresters failed to show she is **not** entitled to such relief, once again, distorts Florida law. Plaintiff cannot get around the fact that her tort claim does not arise "under a policy," as Fla. Stat. § 627.428 requires. The most persuasive authority we have on this issue demonstrates that fees are not recoverable. Hilson v. Geico Gen. Ins. Co., No. 8:11-cv-13-MSS-MAP, 2016 WL 3211474, at *6 (M.D. Fla. Mar. 31, 2016). After performing an extensive analysis of the history of section 627.428, the court concluded that "[h]aving chosen to bring a tort claim, Plaintiff[ ] cannot now bootstrap that claim onto [her breach of contract claim] in hopes of bringing [her tort] claim within the ambit of section 627.428." Hilson v. Geico Gen. Ins. Co., No. 8:11-cv-13-MSS-MAP, 2016 WL 3211474, at *4 (M.D. Fla. Mar. 31, 2016). Thus, Plaintiff cannot avoid the fact that she is not seeking benefits under an insurance policy, and her request for fees under section 627.428 should be stricken.

### D. Conclusion

For the reasons set forth in the Motion and this reply, the Second Amended Complaint with Interlineation should be dismissed with prejudice.

Dated: February 16, 2021

MCDOWELL HETHERINGTON LLP
Attorneys for Defendant/Counter Plaintiff
2385 N.W. Executive Center Drive, Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By: __s/Kristina B. Pett
    KRISTINA B. PETT
    Fla. Bar No. 0973688
    kristina.pett@mhllp.com
    DANIELLE E. SHURE
    Fla Bar No. 118911
    danielle.shure@mhllp.com


## CERTIFICATE OF SERVICE

I certify that on February 16, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Craig M. Greene, Esq.
Kramer Green Zuckerman Greene & Buchsbaum, P.A.
4000 Hollywood Blvd.
Suite 485-S
Hollywood, FL 33021
cgreene@kramergreen.com
*Counsel for Plaintiff/Counter Defendant*

Adrian Neiman Arkin, Esq.
Mintz Truppman, P.A.
1700 Sans Souci Blvd.
North Miami, FL 33181
adrian@mintztruppman.com
*Co-Counsel for Plaintiff/Counter Defendant*

    s/Kristina B. Pett
    Kristina B. Pett